1  John B. Sganga (State Bar No. 116,211)
   Frederick S. Berretta (State Bar No. 144,757)
2  Joshua J. Stowell (State Bar No. 246,916)
   KNOBBE, MARTENS, OLSON & BEAR, LLP
3  550 West C Street
   Suite 1200
4  San Diego, CA 92101
   (619) 235-8550
5  (619) 235-0176 (FAX)

6  Vicki S. Veenker (State Bar No. 158,669)
   Adam P. Noah (State Bar No. 198,669)
7  SHEARMAN & STERLING LLP
   1080 Marsh Road
8  Menlo Park, CA 94025
   (650) 838-3600
9  (650) 838-3699 (FAX)

10 Attorneys for Plaintiffs
   THE LARYNGEAL MASK COMPANY LTD.
11 and LMA NORTH AMERICA, INC.

12

13              IN THE UNITED STATES DISTRICT COURT

14           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

15                                         '07 CV 1988 DMS (NLS)

16 | THE LARYNGEAL MASK COMPANY      ) Civil Action No.
   | LTD. and LMA NORTH AMERICA, INC., )
17 |                                  )
   |           Plaintiffs,            ) COMPLAINT FOR INFRINGEMENT OF
18 |                                  ) UNITED STATES PATENTS NOS.
   |     v.                           ) 5,303,697 AND 7,156,100
19 |                                  )
   | AMBU A/S, AMBU INC., AMBU LTD.,  )
20 | and AMBU SDN. BHD.,              ) DEMAND FOR JURY TRIAL
   |                                  )
21 |           Defendants.            )
   |                                  )
22

23              **COMPLAINT FOR PATENT INFRINGEMENT**

24      Plaintiffs The Laryngeal Mask Company Ltd. and LMA North America, Inc., by and

25 through the undersigned attorneys, hereby complain of Defendants Ambu A/S, Ambu Inc.,

26 Ambu Ltd., and Ambu Sdn. Bhd. for infringement of United States Patents Nos. 5,303,697 and

27 7,156,100, and allege as follows:

28 ///

## JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, and more particularly 35 U.S.C. §§ 271 and 281.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and (d), and 1400(b).

## THE PARTIES

4. Plaintiff The Laryngeal Mask Company Ltd. ("LMC") is a corporation organized and existing under the laws of the Republic of Seychelles with its principal place of business at Le Rocher, Mahé, Seychelles.

5. LMC is the owner by assignment of United States Patent No. 5,303,697, duly and lawfully issued on April 19, 1994 ("the '697 patent"), and United States Patent No. 7,156,100 ("the '100 patent"), duly and lawfully issued on January 2, 2007.

6. Plaintiff LMA North America, Inc. ("LMNA") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 4660 La Jolla Village Drive, San Diego, California 92122, and an affiliate of LMC. LMNA is the exclusive licensee of the '697 and '100 patents under exclusive license from LMC.

7. Upon information and belief, Defendant Ambu A/S ("Ambu Denmark") is a corporation organized and existing under the laws of the Kingdom of Denmark with its principal place of business at Baltorpbakken 13, DK-2750 Ballerup, Denmark.

8. Upon information and belief, Defendant Ambu Inc. ("Ambu U.S.") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 6740 Baymeadow Drive, Glen Burnie, Maryland 21060, and a subsidiary of Ambu Denmark that is under the control of Ambu Denmark.

9. Upon information and belief, Defendant Ambu Ltd. ("Ambu China") is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business at Warehouse & Process Complex Building, No. C, Xiang Yu

F.T.Z. Xiamen, 361006 China, and a subsidiary of Ambu Denmark that is under the control of Ambu Denmark.

10. Upon information and belief, Defendant Ambu Sdn. Bhd. ("Ambu Malaysia") is a corporation organized and existing under the laws of Malaysia with its principal place of business at Lot 69B, Lintang Bayan Lepas 6, Phase IV, 11900 Penang, Malaysia, and a subsidiary of Ambu Denmark that is under the control of Ambu Denmark.

11. Upon information and belief, Defendants Ambu Denmark, Ambu U.S., Ambu China, and Ambu Malaysia (collectively, the "Ambu Defendants") manufacture, distribute, import, offer to sell, and sell in the United States certain laryngeal mask airway devices that Plaintiffs allege infringe the '697 and '100 patents, including the Ambu AuraOnce, Aura40, AuraFlex, and AuraStraight brands of laryngeal mask airway devices.

12. Upon information and belief, the Ambu Defendants do business in this judicial district and have committed acts of infringement in this judicial district.

### FIRST CLAIM FOR RELIEF - INFRINGEMENT OF THE '697 PATENT

13. Plaintiffs reallege and incorporate herein by reference the allegations stated in paragraphs 1-12 of this Complaint.

14. Upon information and belief, the Ambu Defendants, through their manufacture, distribution, importation, offers to sell, and sales in the United States of certain laryngeal mask airway devices, including their Ambu AuraOnce, Aura40, AuraFlex, and/or AuraStraight brands of laryngeal mask airway devices, have directly and indirectly infringed and are continuing to directly and indirectly infringe one or more claims of the '697 patent, and will continue to do so unless enjoined by this Court.

15. Upon information and belief, the Ambu Defendants had actual knowledge of the '697 patent prior to their alleged acts of infringement.

16. As a direct and proximate result of the Ambu Defendants' infringement of the '697 patent, Plaintiffs have been and continue to be damaged.

///

///

17. Upon information and belief, the Ambu Defendants' infringement of the '697 patent has been, and will continue to be, willful and deliberate, making this an exceptional case under 35 U.S.C. § 285.

18. Plaintiffs have been and will continue to be irreparably harmed by the Ambu Defendants' infringement of the '697 patent unless enjoined by this Court.

### SECOND CLAIM FOR RELIEF - INFRINGEMENT OF THE '100 PATENT

19. Plaintiffs reallege and incorporate herein by reference the allegations stated in paragraphs 1-12 of this Complaint.

20. Upon information and belief, the Ambu Defendants, through their manufacture, distribution, importation, offers to sell, and sales in the United States of certain laryngeal mask airway devices, including their Ambu AuraOnce, Aura40, AuraFlex, and/or AuraStraight brands of laryngeal mask airway devices, have directly and indirectly infringed and are continuing to directly and indirectly infringe one or more claims of the '100 patent, and will continue to do so unless enjoined by this Court.

21. Upon information and belief, the Ambu Defendants had actual knowledge of the '100 patent prior to their alleged acts of infringement.

22. As a direct and proximate result of the Ambu Defendants' infringement of the '100 patent, Plaintiffs have been and continue to be damaged.

23. Upon information and belief, the Ambu Defendants' infringement of the '100 patent has been, and will continue to be, willful and deliberate, making this an exceptional case under 35 U.S.C. § 285.

24. Plaintiffs have been and will continue to be irreparably harmed by the Ambu Defendants' infringement of the '100 patent unless enjoined by this Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. That the Ambu Defendants, and each of them, be adjudged to have infringed the '697 patent under 35 U.S.C. § 271, and that the '697 patent be adjudged to be valid and enforceable.

-4-

Complaint & Demand for Jury Trial

B. That the Ambu Defendants, and each of them, be adjudged to have infringed the '100 patent under 35 U.S.C. § 271, and that the '100 patent be adjudged to be valid and enforceable.

C. That the Ambu Defendants, their subsidiaries, affiliates, officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with any of them be permanently restrained and enjoined under 35 U.S.C. § 283 from directly and indirectly infringing the '697 and '100 patents;

D. That the Court award Plaintiffs recovery of damages to compensate them for the Ambu Defendants' infringement of the '697 and '100 patents, pursuant to 35 U.S.C. § 284;

E. That the Ambu Defendants be adjudged to have willfully infringed the '697 and '100 patents under 35 U.S.C. § 271, and that the Court treble the amount of actual damages pursuant to 35 U.S.C. § 284;

F. That this action be adjudged an exceptional case, and that the Court award Plaintiffs their reasonable attorney's fees incurred in this action, pursuant to 35 U.S.C. § 285;

G. That the Court assess pre-judgment and post-judgment interests and costs of suit against the Ambu Defendants, and award such interests and costs to Plaintiffs pursuant to 35 U.S.C. § 284; and

H. That Plaintiffs have such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 15, 2007        By: _____
                                    John B. Sganga
                                    Frederick S. Berretta
                                    Joshua J. Stowell

Attorneys for Plaintiffs
THE LARYNGEAL MASK COMPANY LTD.
and LMA NORTH AMERICA, INC.

## DEMAND FOR JURY TRIAL

Plaintiffs The Laryngeal Mask Company Ltd. and LMA North America, Inc. hereby demand a trial by jury as to all issues triable by jury, specifically including, but not limited to, the infringement of United States Patents Nos. 5,303,697 and 7,156,100.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 15, 2007

By: *[signature]*
John B. Sganga
Frederick S. Berretta
Joshua J. Stowell

Attorneys for Plaintiffs
THE LARYNGEAL MASK COMPANY LTD.
and LMA NORTH AMERICA, INC.

4397258

# CIVIL COVER SHEET

JS-44
(Rev. 07/89)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I (a) PLAINTIFFS
THE LARYNGEAL MASK COMPANY LTD., and
LMA NORTH AMERICA, INC.

## DEFENDANTS
AMBU A/S, AMBU INC., AMBU LTD., and AMBY SDN. BHD.

**FILED 07 OCT 15 PM 4:20 CLERK U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY ___ DEPUTY**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: **Republic of Seychelles**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: **Country of Denmark**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John B[...]
KNOB[...]
550 We[...]
San Di[...]
(619) 2[...]

ATTORNEYS (IF KNOWN)
Unknown

**'07 CV 1988 DMS (NLS)**

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 143503    - SR

October 15, 2007
13:20:50

Civ Fil Non-Pris
USAO #.: 07CV1988 CIV. FIL.
Judge..: DANA M SABRAW
Amount.:              $350.00 CK
Check#.: BC#10421

Total-> $350.00

FROM: THE LARYNGEAL MASK CO. V. AMBU
      CIVIL FILING

---

## II. BASIS OF JURISDICTION
☐ 1 U.S. Government
☐ 2 U.S. Government

## CITIZENSHIP OF PRINCIPAL PARTIES (Diversity Cases Only)
|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION
Codes 35 U.S.C. §§ 271 and 281.

## V. NATURE OF SUIT

| | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|
| ☐ 110 Insurance | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Nego | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery &Enforcement | ☐ 630 Liquor Laws | ☒ 830 Patent | ☐ 460 Deportation |
| | ☐ 640 RR & Truck | ☐ 810 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medi | ☐ 650 Airline Regs | **SOCIAL SECURITY** | |
| ☐ 152 Recovery Loans (Ex) | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (13958) | ☐ 810 Selective Service |
| | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Veteran | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | |
| | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stock | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 190 Other | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| RE | ☐ 740 Railway Labor Act | | ☐ 894 Energy Allocation Act |
| ☐ 210 Land | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Fore | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent | | | |
| ☐ 240 Tort | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights | | |
| | ☐ 555 Prisoner Conditions | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)
☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):
JUDGE                    Docket Number

DATE **October 15, 2007**    SIGNATURE OF ATTORNEY OF RECORD [signature]

#143503  $350.-
10/15/07

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)