John B. Sganga (State Bar No. 116,211)
Frederick S. Berretta (State Bar No. 144,757)
Joshua J. Stowell (State Bar No. 246,916)
KNOBBE, MARTENS, OLSON & BEAR, LLP
550 West C Street
Suite 1200
San Diego, CA  92101
(619) 235-8550
(619) 235-0176 (FAX)

Vicki S. Veenker (State Bar No. 158,669)
Adam P. Noah (State Bar No. 198,669)
SHEARMAN & STERLING LLP
1080 Marsh Road
Menlo Park, CA  94025
(650) 838-3600
(650) 838-3699 (FAX)

Attorneys for Plaintiffs
THE LARYNGEAL MASK COMPANY LTD.
and LMA NORTH AMERICA, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMBU A/S, AMBU INC., AMBU LTD., and AMBU SDN. BHD., <br><br> Defendants. | Civil Action No. 07 CV 1988 DMS (NLS) <br><br> **FIRST AMENDED COMPLAINT FOR INFRINGEMENT OF UNITED STATES PATENTS NOS. 5,303,697 AND 7,156,100** <br><br> **DEMAND FOR JURY TRIAL** |

### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs The Laryngeal Mask Company Ltd. and LMA North America, Inc., by and through the undersigned attorneys, hereby complain of Defendants Ambu A/S, Ambu Inc., Ambu Ltd., and Ambu Sdn. Bhd. for infringement of United States Patents Nos. 5,303,697 and 7,156,100, and allege as follows:

/ / /

## JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, and more particularly 35 U.S.C. §§ 271 and 281.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and (d), and 1400(b).

## THE PARTIES

4. Plaintiff The Laryngeal Mask Company Ltd. ("LMC") is a corporation organized and existing under the laws of the Republic of Seychelles with its principal place of business at Le Rocher, Mahé, Seychelles.

5. LMC is the owner by assignment of United States Patent No. 5,303,697, duly and lawfully issued on April 19, 1994 ("the '697 patent"), and United States Patent No. 7,156,100 ("the '100 patent"), duly and lawfully issued on January 2, 2007.

6. Plaintiff LMA North America, Inc. ("LMNA") is a corporation organized and existing under the laws of the State of Nevada with its principal place of business at 4660 La Jolla Village Drive, San Diego, California 92122, and an affiliate of LMC. LMNA is the exclusive licensee of the '697 and '100 patents under exclusive license from LMC.

7. Upon information and belief, Defendant Ambu A/S ("Ambu Denmark") is a corporation organized and existing under the laws of the Kingdom of Denmark with its principal place of business at Baltorpbakken 13, DK-2750 Ballerup, Denmark.

8. Upon information and belief, Defendant Ambu Inc. ("Ambu U.S.") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 6740 Baymeadow Drive, Glen Burnie, Maryland 21060, and a subsidiary of Ambu Denmark that is under the control of Ambu Denmark.

9. Upon information and belief, Defendant Ambu Ltd. ("Ambu China") is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business at Warehouse & Process Complex Building, No. C, Xiang Yu

F.T.Z. Xiamen, 361006 China, and a subsidiary of Ambu Denmark that is under the control of Ambu Denmark.

10. Upon information and belief, Defendant Ambu Sdn. Bhd. ("Ambu Malaysia") is a corporation organized and existing under the laws of Malaysia with its principal place of business at Lot 69B, Lintang Bayan Lepas 6, Phase IV, 11900 Penang, Malaysia, and a subsidiary of Ambu Denmark that is under the control of Ambu Denmark.

11. Upon information and belief, Defendants Ambu Denmark, Ambu U.S., Ambu China, and Ambu Malaysia (collectively, the "Ambu Defendants") manufacture, distribute, import, offer to sell, and sell in the United States certain laryngeal mask airway devices that Plaintiffs allege infringe the '697 and '100 patents, including the Ambu AuraOnce, Aura40, AuraFlex, and AuraStraight brands of laryngeal mask airway devices.

12. Upon information and belief, the Ambu Defendants do business in this judicial district and have committed acts of infringement in this judicial district.

**FIRST CLAIM FOR RELIEF - INFRINGEMENT OF THE '697 PATENT**

13. Plaintiffs reallege and incorporate herein by reference the allegations stated in paragraphs 1-12 of this Complaint.

14. Upon information and belief, the Ambu Defendants, through their manufacture, distribution, importation, offers to sell, and sales in the United States of certain laryngeal mask airway devices, including their Ambu AuraOnce, Aura40, AuraFlex, and/or AuraStraight brands of laryngeal mask airway devices, have directly and indirectly infringed and are continuing to directly and indirectly infringe one or more claims of the '697 patent, and will continue to do so unless enjoined by this Court.

15. Upon information and belief, the Ambu Defendants had actual knowledge of the '697 patent prior to their alleged acts of infringement.

16. As a direct and proximate result of the Ambu Defendants' infringement of the '697 patent, Plaintiffs have been and continue to be damaged.

/ / /

/ / /

17. Upon information and belief, the Ambu Defendants' infringement of the '697 patent has been, and will continue to be, willful and deliberate, making this an exceptional case under 35 U.S.C. § 285.

18. Plaintiffs have been and will continue to be irreparably harmed by the Ambu Defendants' infringement of the '697 patent unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF - INFRINGEMENT OF THE '100 PATENT

19. Plaintiffs reallege and incorporate herein by reference the allegations stated in paragraphs 1-12 of this Complaint.

20. Upon information and belief, the Ambu Defendants, through their manufacture, distribution, importation, offers to sell, and sales in the United States of certain laryngeal mask airway devices, including their Ambu AuraOnce, Aura40, AuraFlex, and/or AuraStraight brands of laryngeal mask airway devices, have directly and indirectly infringed and are continuing to directly and indirectly infringe one or more claims of the '100 patent, and will continue to do so unless enjoined by this Court.

21. Upon information and belief, the Ambu Defendants had actual knowledge of the '100 patent prior to their alleged acts of infringement.

22. As a direct and proximate result of the Ambu Defendants' infringement of the '100 patent, Plaintiffs have been and continue to be damaged.

23. Upon information and belief, the Ambu Defendants' infringement of the '100 patent has been, and will continue to be, willful and deliberate, making this an exceptional case under 35 U.S.C. § 285.

24. Plaintiffs have been and will continue to be irreparably harmed by the Ambu Defendants' infringement of the '100 patent unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. That the Ambu Defendants, and each of them, be adjudged to have infringed the '697 patent under 35 U.S.C. § 271, and that the '697 patent be adjudged to be valid and enforceable.

B. That the Ambu Defendants, and each of them, be adjudged to have infringed the '100 patent under 35 U.S.C. § 271, and that the '100 patent be adjudged to be valid and enforceable.

C. That the Ambu Defendants, their subsidiaries, affiliates, officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with any of them be permanently restrained and enjoined under 35 U.S.C. § 283 from directly and indirectly infringing the '697 and '100 patents;

D. That the Court award Plaintiffs recovery of damages to compensate them for the Ambu Defendants' infringement of the '697 and '100 patents, pursuant to 35 U.S.C. § 284;

E. That the Ambu Defendants be adjudged to have willfully infringed the '697 and '100 patents under 35 U.S.C. § 271, and that the Court treble the amount of actual damages pursuant to 35 U.S.C. § 284;

F. That this action be adjudged an exceptional case, and that the Court award Plaintiffs their reasonable attorney's fees incurred in this action, pursuant to 35 U.S.C. § 285;

G. That the Court assess pre-judgment and post-judgment interests and costs of suit against the Ambu Defendants, and award such interests and costs to Plaintiffs pursuant to 35 U.S.C. § 284; and

H. That Plaintiffs have such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 17, 2007

By: s/Frederick S. Berretta
    John B. Sganga
    Frederick S. Berretta
    Joshua J. Stowell

Attorneys for Plaintiffs
THE LARYNGEAL MASK COMPANY LTD.
and LMA NORTH AMERICA, INC.

FAC & Demand for Jury Trial

## DEMAND FOR JURY TRIAL

Plaintiffs The Laryngeal Mask Company Ltd. and LMA North America, Inc. hereby demand a trial by jury as to all issues triable by jury, specifically including, but not limited to, the infringement of United States Patents Nos. 5,303,697 and 7,156,100.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 17, 2007

By: s/Frederick S. Berretta
    John B. Sganga
    Frederick S. Berretta
    Joshua J. Stowell

Attorneys for Plaintiffs
THE LARYNGEAL MASK COMPANY LTD.
and LMA NORTH AMERICA, INC.

4397258