1  John H. L'Estrange, Jr. (State Bar No. 049594)
   WRIGHT & L'ESTRANGE
2  401 West A Street, Suite 2250
   San Diego, CA 92101
3  Office: (619) 231-4844
   Direct: (619 702-8200
4  Fax: (619) 231-6710

5  Gerald F. Ivey (*pro hac vice*)
   Bryan C. Diner  (*pro hac vice*)
6  P. Andrew Riley  (*pro hac vice*)
   Sarah J. Sladic  (*pro hac vice pending*)
7  FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, L.L.P.
8  901 New York Ave.
   Washington, DC 20001
9  Telephone:  (202) 408-4000
   Facsimile:  (202) 408-4400
10
   Robert L. Burns  (*pro hac vice*)
11 FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, L.L.P.
12 11955 Freedom Drive, Suite 800
   Reston, VA 20190-5675
13 Telephone:  (571) 203-2700
   Facsimile:  (202) 408-4400
14

15 Attorneys for Defendant AMBU INC.

16              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF CALIFORNIA
17

| | |
|---|---|
| 18 THE LARYNGEAL MASK COMPANY LTD. AND LMA NORTH AMERICA, INC., | CASE NO. 07 CV 1988 DMS (NLS) |
| 19 | **DEFENDANT AMBU INC.'S ANSWER AND COUNTERCLAIMS (WITH CAPTION) TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |
| Plaintiffs, 20 v. | |
| 21 AMBU A/S, AMBU INC., AMBU LTD., and AMBU SDN. BHD., 22 | |
| Defendants. 23 | **JURY TRIAL DEMANDED** |
| 24 AMBU INC., | |
| 25      Counterclaimant, | |
| 26      v. | |
| 27 THE LARYNGEAL MASK COMPANY LTD. AND LMA NORTH AMERICA, INC., 28 | |
|      Counter-Defendants. | |

Defendant Ambu Inc. by and through its attorneys, hereby answers the First Amended Complaint for Patent Infringement ("the Amended Complaint") of Plaintiffs The Laryngeal Mask Company Ltd. and LMA North America, Inc. (collectively "Plaintiffs") as follows:

## JURISDICTION AND VENUE

1. Ambu Inc. admits that the Amended Complaint purports to allege claims for patent infringement under the patent laws of the United States (Title 35 of the United States Code).

2. Ambu Inc. admits that this Court has subject matter jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Ambu Inc. admits for the purpose of this litigation, venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c) and (d) and under 28 U.S.C. § 1400 (b), and denies all other allegations contained in Paragraph 3.

## THE PARTIES

4. Ambu Inc. is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4, and therefore demands strict proof as to each allegation.

5. Ambu Inc. admits only that United States Patent No. 5,303,697 ("the '697 patent") issued on April 19, 1994, and that United States Patent No. 7,156,100 ("the '100 patent") issued on January 2, 2007. Ambu Inc. admits only that The Laryngeal Mask Company Ltd. ("LMC") is listed as the owner by assignment of the '697 patent and the '100 patent. Upon information and belief, Ambu Inc. denies that the '697 and '100 patent were duly and lawfully issued.

6. Ambu Inc. is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 and therefore demands strict proof as to each allegation.

7. Admitted.

8. Ambu Inc. admits only that it is a corporation organized and existing under the laws of the State of Maryland with its principal place of business at 6740 Baymeadow Drive, Glen Burnie, Maryland 21060, and demands strict proof as to all other allegations contained in Paragraph 8.

9. Ambu Inc. admits only that Ambu Ltd. is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business at Warehouse & Process Complex Building, No. C, Xiang Yu F.T.Z. Xiamen, 361006 China, and demands strict proof as to all other allegations contained in Paragraph 9.

10. Ambu Inc. admits only that Ambu Sdn. Bhd. is a corporation organized and existing under the laws of Malaysia with its principal place of business at Lot 69B, Lintang Bayan Lepas 6, Phase IV, 11900 Penang, Malaysia, and demands strict proof as to all other allegations contained in Paragraph 10.

11. Ambu Inc. admits only that it distributes, imports, offers to sell, and sells in the United States certain laryngeal mask airway devices that Plaintiffs allege infringe the '697 patent and the '100 patent, including the Ambu AuraOnce, Aura40, AuraFlex, and AuraStraight brands of laryngeal mask airway devices. Ambu Inc. denies and demands strict proof of all other allegations contained in Paragraph 11.

12. Ambu Inc. admits only that it does business in this judicial district and denies and demands strict proof of all other allegations contained in Paragraph 12.

## ANSWER TO FIRST CLAIM FOR RELIEF

13. Ambu Inc. realleges and incorporates by reference its responses as set forth herein in Paragraphs 1 through 12 above.

14. Denied.

15. Ambu Inc. denies that it had actual knowledge of the '697 patent prior to the alleged acts of infringement.

16. Denied.

17. Denied.

18. Denied.

## ANSWER TO SECOND CLAIM FOR RELIEF

19. Ambu Inc. realleges and incorporates by reference its responses as set forth herein in Paragraphs 1 through 12 above.

20. Denied.

21. Ambu Inc. denies that it had actual knowledge of the '100 patent prior to the alleged acts of infringement.

22. Denied.

23. Denied.

24. Denied.

## PRAYER FOR RELIEF

Ambu Inc. hereby denies that Plaintiffs are entitled to judgment on any allegations or counts asserted in the Complaint or the First Amended Complaint, and further denies that Plaintiffs are entitled to the relief requested in the Complaint or the First Amended Complaint

Ambu Inc. further avers that any allegations not deemed to be specifically addressed in this Answer are hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

25. Upon information and belief, Ambu Inc. has not infringed and does not infringe, either directly, contributively, or by inducement, any valid claim of the '697 or '100 patents (collectively "the Patents-in-Suit"), either literally or under the doctrine of equivalents.

### Second Affirmative Defense

26. Upon information and belief, the Patents-in-Suit are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37, Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 102 and 103.

Ambu Inc. reserves the right to amend its defenses further as additional information is developed through discovery or otherwise.

## REQUEST FOR RELIEF

Ambu Inc. prays that this Court enter judgment against Plaintiffs:

A. Dismissing Plaintiffs Amended Complaint with prejudice;

B. Declaring that Plaintiffs recover nothing from Ambu Inc.;

1. C. Awarding Ambu Inc. its costs and disbursements in this action; and

2. D. Granting Ambu Inc. such other and further relief as this Court deems just and proper.

## COUNTERCLAIMS

Ambu Inc. asserts the following counterclaims:

1. Ambu Inc. incorporates by reference its responses and allegations as set forth herein in Paragraphs 1 through 26 above.

### The Parties

2. Defendant and counterclaimant Ambu Inc. is a corporation organized and existing under the laws of the State of Maryland with its principal place of business at 6740 Baymeadow Drive, Glen Burnie, Maryland 21060.

3. Plaintiff The Laryngeal Mask Company Ltd. ("LMC") has alleged in Paragraph 4 of the Amended Complaint that it is a corporation organized and existing under the laws of the Republic of Seychelles with its principal place of business at Le Rocher, Mahé, Seychelles. Plaintiff LMA North America, Inc. ("LMNA") has alleged in Paragraph 6 of the Amended Complaint that it is a corporation organized and existing under the laws of the State of Nevada with its principal place of business at 4660 La Jolla Village Drive, San Diego, California 92122, and that it is an affiliate of LMC.

4. Plaintiff LMC has alleged in Paragraph 5 of the Amended Complaint that it is the owner by assignment of the Patents-in-Suit.

5. Plaintiff LMNA has alleged in Paragraph 6 of the Amended Complaint that it is the exclusive licensee of the Patents-in-Suit.

### Jurisdiction and Venue

6. These counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States, more particularly, under 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. §§ 100 *et seq.*, respectively. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

7. There is an actual controversy between Ambu Inc. and Plaintiffs regarding the validity and infringement of the Patents-in-Suit.

8. Venue pursuant to 28 U.S.C. § 1391 in this judicial district for the following counterclaim of Ambu Inc. is proper because Plaintiffs have consented to this venue by asserting and filing claims of patent infringement against Ambu Inc.

## Counterclaim for Declaratory Judgment

### First Counterclaim

9. Upon information and belief, Ambu Inc. has not infringed and does not infringe, either directly, contributively, or by inducement, any valid claim of the Patents-in-Suit, either literally or under the doctrine of equivalents.

### Second Counterclaim

10. Upon information and belief, the Patents-in-Suit are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37, Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 102 and 103.

### REQUEST FOR RELIEF

Ambu Inc. prays that this Court enter judgment against Plaintiffs:

A. Declaring that Ambu Inc. has not infringed, either directly or indirectly, and is not infringing either directly or indirectly, any valid claim of the Patents-in-Suit;

B. Enjoining Plaintiffs, its officers, agents, servants, employees, attorneys, and representatives, and any successors and assigns thereof, from charging or asserting infringement of any claim of the Patents-in-Suit against Ambu Inc. or anyone in privity with Ambu Inc.;

C. Declaring that the claims of the Patents-in-Suit are invalid;

D. Awarding Ambu Inc. its costs and disbursements in this action; and

E. Granting Ambu Inc. such other and further relief as this Court deems just and proper.

///
///
///

**DEMAND FOR JURY TRIAL**

Ambu Inc. demands a trial by jury on all claims, defenses, and counterclaims.

Dated: December 5, 2007

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP

and

WRIGHT & L'ESTRANGE
Attorneys for Defendant AMBU INC.

By: /s/
John H. L'Estrange, Jr
Email: jlestrange@wllawsd.com

-7-

Case No.: 07cv1988 DMS (NLS)

# CERTIFICATE OF SERVICE

**THE LARYNGEAL MASK COMPANY LTD. v. AMBU, et al.**
**U.S. District Court, Southern District, Case No. 07cv1988 DMS (NLS)**

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is 401 West A Street, Suite 2250, San Diego, California 92101; and that I served the below-named persons the following documents:

**DEFENDANT AMBU INC.'S ANSWER AND COUNTERCLAIMS (WITH CAPTION) TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT; JURY TRIAL DEMANDED**

in the following manner:

1. By placing a copy in a separate Federal Express envelope, addressed to the addressee(s) named below. I am readily familiar with the practice of this firm for collection and processing of correspondence by Federal Express. Pursuant to this practice, correspondence would be deposited in the Federal Express box located at 401 West A Street, San Diego, California 92101, in the ordinary course of business on the date of this declaration.

2. By transmitting the document(s) via facsimile on the date of this declaration to only those persons as indicated below and that the transmission was reported as complete and without error. The phone number of the transmitting facsimile machine is (619) 231-6710.

3. xx By transmitting the document(s) via Notice of Electronic Filing through CM/ECF on the date of this declaration to those persons as indicated below.

The addressee(s) is (are) as follows:

Frederick S. Berretta, Esq.
KNOBBE MARTENS OLSON and BEAR
550 West C Street, Suite 1200
San Diego, CA 92101
619.235.8550
619.235.0176 (fax)
fberretta@kmob.com

Vicki S. Veenker, Esq.
SHEARMAN & STERLING LLP
1080 Marsh Road
Menlo Park, CA 94025
(650) 838-3600
(650) 838-3699 (fax)
vveenker@shearman.com

I declare under penalty of perjury under the laws of the United States and California that the foregoing is correct and that I am member of the bar of this court at whose direction the service was made. Executed on December 5, 2007.

s/John H. L'Estrange, Jr.
Email: jlestrange@wllawsd.com