**Knobbe Martens Olson & Bear LLP**

Intellectual Property Law

550 West C Street
Suite 1200
San Diego CA 92101
Tel 619-235-8550
Fax 619-235-0176
www.kmob.com

Frederick S. Berretta
fberretta@kmob.com

November 21, 2007

**VIA FACSIMILE & FIRST CLASS MAIL**

Sean M. SeLegue, Esq.
Howard Rice Nemorovski Canady Falk & Rabin
Three Embarcadero Center
Seventh Floor
San Francisco, CA 94111-4024

Re: *The Laryngeal Mask Company Ltd and LMA North America, Inc. v. Ambu A/S, Ambu, Inc., Ambu Ltd., and Ambu Sdn Bhd.,*
Civil Action No. 07 cv 1988 DMS (S.D. Cal)
Our Reference: LMANL.001L

Dear Mr. SeLegue:

This is in response to your letter to me of November 14, 2007 regarding your representation of Finnegan Henderson Farabow Garrett & Dunner, LLP ("Finnegan") in its attempt to switch sides in the above-referenced litigation and now represent the Ambu defendants after having entered into an attorney-client relationship with the LMA plaintiffs and obtained privileged and confidential information from LMA with respect to the very same litigation.

You are no doubt aware that the California rules of professional conduct governing your client's behavior in this matter do not permit Finnegan to represent the plaintiffs and then the defendants in the same case merely by erecting an ethical screen. Thus, even if such an ethical screen were properly erected at Finnegan in a timely manner, it still would not permit the successive representation of opposite sides in the same lawsuit. Moreover, we have twice now asked Finnegan to describe with specificity what steps it took to erect the alleged ethical screen, when it took those steps, and the documentation supporting these matters. To date, we have received no substantive response from Finnegan, so we hereby repeat our request for the third time.

Sean M. SeLegue
November 21, 2007
Page -2-

Regarding your letter's request that we file a motion to disqualify Finnegan this week, we note that as of the date of your letter Finnegan had not yet appeared in the matter and relied on local counsel to stipulate to a 30-day extension of the time for Ambu to respond to the First Amended Complaint. Although Ambu's local counsel filed a so-called "Notice of Association" last Friday, November 16, and included Finnegan in the caption, the Notice indicates only that the Finnegan lawyers "will file applications to appear *pro hac vice*."

If your client is genuinely interested in having the matter of its disqualification resolved sooner rather than later, please have the Finnegan lawyers file their promised *pro hac vice* applications no later than next Wednesday, November 28, 2006, after which we will promptly file our motion to disqualify Finnegan and request the earliest possible hearing date on the motion. In the meantime, if you intend to rely on an ethical screen, please send us the documentation and other information that we have repeatedly requested.

We would like to resolve Finnegan's disqualification as soon as reasonably possible in order to proceed vigorously with LMA's claims against Ambu.

Please contact me if you have any questions regarding these matters.

Very truly yours,

Frederick S. Berretta

cc:   John L'Estrange, Esq.

4563143
112107