1  SEAN M. SELEGUE (No. 155249)
   Email: sselegue@howardrice.com
2  ROBERT D. HALLMAN (No. 239949)
   Email: rhallman@howardrice.com
3  HOWARD RICE NEMEROVSKI CANADY
         FALK & RABKIN
4  A Professional Corporation
   Three Embarcadero Center, 7th Floor
5  San Francisco, California 94111-4024
   Telephone:   415/434-1600
6  Facsimile:   415/217-5910

7  Specially appearing as counsel for FINNEGAN
   HENDERSON FARABOW GARRETT &
8  DUNNER, LLP

9  GERALD F. IVEY (admitted *pro hac vice*)
   BRYAN C. DINER (admitted *pro hac vice*)
10 P. ANDREW RILEY (admitted *pro hac vice*)
   FINNEGAN HENDERSON FARABOW
11       GARRETT & DUNNER, LLP
   901 New York Avenue, NW
12 Washington, D.C. 20001-4413
   Telephone:   202/408-4000
13 Facsimile:   202/408-4400

14 ROBERT L. BURNS (admitted *pro hac vice*)
   FINNEGAN HENDERSON FARABOW
15       GARRETT & DUNNER, LLP
   11955 Freedom Drive
16 Reston, Virginia 20190-5675
   Telephone:   571/203-2736
17 Facsimile:   202/408-4400

18 Attorneys for Defendant AMBU INC.

19                UNITED STATES DISTRICT COURT

20                SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 21  THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., | No. 07 CV 1988 DMS (NLS) |
| 22                    Plaintiffs, | OBJECTIONS TO THE DECLARATION OF ELLEN PECK IN SUPPORT OF PLAINTIFFS' MOTION TO DISQUALIFY FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP |
| 23  v. | |
| 24  AMBU A/S, AMBU INC., AMBU LTD., AND AMBU SDN. BHD., | |
| 25  Defendants. | Judge:    Hon. Dana M. Sabraw
Date:     January 11, 2008
Time:     1:30 p.m.
Courtroom: 10 |
| 27  AND RELATED CROSS ACTIONS | |

OBJS. TO PECK DECL. ISO MOT. TO DISQUALIFY FINNEGAN FIRM   07 CV 1988 DMS (NLS)

Plaintiffs ("LMA") have submitted a declaration by an attorney and former State Bar Court Judge, Ellen R. Peck, in support of their motion to disqualify Finnegan Henderson Farabow Garrett & Dunner, LLP ("Finnegan"). The declaration is improper expert testimony because it consists entirely of conclusions of law, provides an incomplete and erroneous summary of the governing law and relies on a selective reading of the evidence LMA has submitted in support of its motion.

### A.  Ms. Peck's Declaration Is An Inappropriate Usurpation Of The Court's Role In Controlling Proceedings Through Motions For Disqualification.

Ms. Peck's declaration cites various legal authorities to conclude that "Finnegan should be disqualified from representing or assisting Ambu in any manner in this litigation." Peck Decl. ¶3(e). The declaration provides no factual information but simply assumes to be true the facts stated in the declarations LMA submitted. *Id.* ¶4. Based on those assumed facts, Ms. Peck presents a legal argument in support of LMA's motion to disqualify.

Expert declarations setting out legal argument are inappropriate in the context of disqualification motions. In *In re Initial Public Offering Securities Litigation*, 174 F. Supp. 2d 61 (S.D.N.Y. 2001), for example, the court observed that judicial disqualification presents a pure question of law on which expert declarations are not admissible. *Id.* at 65-66, 69 n.10; *see also* n.5 (collecting cases on the inadmissibility of legal opinions of "ethics experts").

> In our adversarial system, lawyers make arguments, judges write legal opinions—and there is no such thing as an expert opinion when it comes to interpreting a statute unless that opinion belongs to a court. [Legal Ethics] Professors Hazard and Wolfram are free to consult with the moving defendants, sign their brief, or both. They may attend the conferences and argue on their behalf. They could have submitted an amicus brief arguing how the law *should be* interpreted, although the time for such a submission has passed. But it remains this Court's exclusive duty and province "to say what the law is." (*Id.* at 69 (citation and footnote omitted))[1]

---

[1] Even in legal malpractice cases, in which the standard of care is a question of fact subject to expert testimony, courts are rigorous in refusing expert declarations that read like legal briefs and merely offer conclusions of law. *McDevitt v. Guenther*, Civ. No. 06-00216,
(continued . . . )

OBJS. TO PECK DECL. ISO MOT. TO DISQUALIFY FINNEGAN FIRM   07 CV 1988 DMS (NLS)

By going so far as to instruct the Court on how to rule on the motion for disqualification, the Peck declaration goes beyond the permissible bounds of an expert declaration and invades the Court's province as the arbiter of law in this proceeding.

"The Ninth Circuit has held that expert affidavits on questions of law are improper, and that they should be stricken." *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1239, 1247 (N.D. Cal. 2000).[2] Indeed, "every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law." *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d at 64; *see also Pinal Creek Group v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1043 (D. Ariz. 2005) (the Ninth Circuit has "excluded legal expert testimony concerning both what the law is and how it should be applied to the facts of a case") (citing *Aguilar v. Int'l Longshoremen's Union Local # 10*, 966 F.2d 443 (9th Cir. 1992)); *Mannick v. Kaiser Found. Health Plan, Inc.*, No. C03-5905, 2006 WL 1626909, at *17 (N.D. Cal. June 9, 2006) (same); *CFM Commc'ns, LLC v. Mitts Telecasting Co.*, 424 F. Supp. 2d 1229, 1235-37 (E.D. Cal. 2005) (rejecting expert report that read "like a legal brief"; noting "[t]he Court is perfectly able to review FCC decisions and regulations to decide how the law applies to the present facts"); *Traumann v. Southland Corp.*, 858 F. Supp. 979, 985 (N.D. Cal. 1994) ("Expert testimony must embrace factual issues and may not include legal opinions or conclusions").

---

( . . . continued)
2007 WL 2121241, at *18-*19 (D. Haw. July 20, 2007). In other contexts, courts have likewise excluded expert reports that "offer[] nothing other than a discussion of the law and an application of the law," and "read[] more like a legal brief than an expert report." *Pinal Creek Group v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1044 (D. Ariz. 2005); *see also RLJCS Enters., Inc. v. Prof'l Benefit Trust, Inc.*, No. 03 C 6080, 2005 WL 3019398, at *5 (N.D. Ill. Nov. 8, 2005).

[2]California likewise prohibits expert testimony on questions of law. *See, e.g.*, *Summers v. A.L. Gilbert Co.*, 69 Cal. App. 4th 1155, 1178 (1999); *see also Strasbourger Pearson Tulcin Wolff, Inc. v. Wiz Tech., Inc.*, 69 Cal. App. 4th 1399, 1404 (1999) ("'question of whether an attorney-client relationship exists is one of law'" (citation omitted)).

### B. Ms. Peck's Declaration Provides An Incomplete And Incorrect Legal Analysis.

As set forth in the accompanying Memorandum of Points and Authorities in opposition to LMA's motion to disqualify, Ms. Peck's legal analysis is incomplete and incorrect. It fails to discuss key cases that address potential clients, by contrast to current or former clients. *E.g.*, *Nichols Inc. Diagnostics, Inc. v. Scantibodies Clinical Lab. Inc.*, Civ. No. 02 CV 0046-B (LAB) (S.D. Cal. Mar. 21, 2002), *aff'd*, 37 Fed. Appx. 510, 2002 WL 1334522 (Fed. Cir. 2002); *Friskit, Inc. v. RealNetworks, Inc.*, No. C 03-05085, 2007 WL 1994203 (N.D. Cal. July 5, 2007). By failing to include these authorities, Ms. Peck's declaration does not reflect the neutral opinion of an expert but rather the argument of an advocate.

### C. Ms. Peck's Declaration Selectively Assesses The Facts And Improperly Resolves Factual Issues.

While Ms. Peck's declaration states that she is merely assuming the facts stated in the declarations LMA submitted (Peck Decl. ¶4), she does not present those facts in a neutral fashion. She selectively discusses only some of the facts. For instance, she fails to mention or analyze the following facts that rebut her conclusion that LMA became Finnegan's client during the November 2006 meeting:

- The LMA representatives *did not* retain Finnegan during the November 2006 meeting; instead, they wanted to "let [Finnegan] know" their decision later (Ackerman Decl. ¶8);

- At the end of the November 2006 meeting, Mr. Marzen "promised Mr. Jakes that I would report to LMA and inform [Mr. Jakes] *as soon as I could*" (emphasis added) but then failed to communicate at all with Finnegan until mid-January 2007 (Marzen Decl. ¶¶12, 15);

- LMA's declarations incorrectly refer to Finnegan "withdrawing" from representing LMA. Marzen Decl. ¶15; Ackerman Decl. ¶8. LMA's own declarations admit LMA never retained Finnegan, which means that Finnegan could not "withdraw;"

- Mr. Marzen's contemporaneous letter, in January 2007, referred to LMA as a "prospective client" (Marzen Decl., Ex. D);

- Mr. Marzen admits that, on December 4, 2006, he "recommend[ed] that LMA retain Finnegan" (Marzen Decl. ¶13), thereby admitting that Finnegan *had not yet been retained*; and

- Ms. Ackerman "understood that Finnegan was *ready and willing* to take on the litigation," *not* that Finnegan had actually been retained or had actually "taken on" the litigation. Ackerman Decl. ¶8 (emphasis added).

The Peck declaration's failure to address these points in LMA's declarations indicates that Ms. Peck's opinion is in the nature of legal advocacy that belongs in a brief, not an unbiased opinion of an expert witness. *United States v. Eyerman*, 660 F. Supp. 775, 781 (S.D.N.Y. 1987) (criticizing declarations from "experts on ethics" that were based on selective use of hearsay evidence); *RLJCS Enters., Inc. v. Prof'l Benefit Trust, Inc.*, No. 03 C 6080, 2005 WL 3019398, at *5 (N.D. Ill. Nov. 8, 2005) ("Plaintiffs are of course free to retain their attorney-experts as co-counsel, but dressing up their legal arguments as 'expert reports' does not make them any more persuasive and is plainly disallowed under the Federal Rules of Evidence").

**D.  Ms. Peck's Judicial Experience Did Not Involve Disqualification Motions Or Ethical Walls.**

LMA's brief highlights Ms. Peck's service as a former State Bar Court judge and her former judicial title. Motion at 2. However, State Bar Court judges do not rule on disqualification motions. They preside over disciplinary cases. The rules concerning disqualification relate to a court's power to control its proceedings and are distinct from the disciplinary rules. State Bar Formal Opinion 1998-152 explains in some detail that the concept of imputation of conflicts is not covered by the disciplinary rules in California and, as a result, the State Bar cannot discipline an attorney for an imputed conflict. Declaration of Robert D. Hallman in Opposition to Plaintiffs' Motion to Disqualify, Ex. D (Formal Op.

1998-152); *see also City & County of San Francisco v. Cobra Solutions, Inc.*, 38 Cal. 4th 839, 847 (2006) (California Rules of Professional Conduct "do not address when an attorney's personal conflict will be imputed to the attorney's law firm resulting in its vicarious disqualification. Vicarious disqualification rules are the product of decisional law"). Thus, Ms. Peck's service as a State Bar Court judge did not involve ruling on issues of imputed conflicts, on the subject of ethical walls as a means of avoiding imputation of a conflict or on balancing the various factors that civil trial courts consider in ruling on motions to disqualify. *See, e.g.*, *In re Marriage of Zimmerman*, 16 Cal. App. 4th 556, 562-63 (1993) ("'The court must weigh the combined effect of a party's right to counsel of choice, an attorney's interest in representing a client, the financial burden on a client of replacing disqualified counsel and any tactical abuse underlying a disqualification proceeding against the fundamental principle that the fair resolution of disputes within our adversary system requires vigorous representation of parties by independent counsel unencumbered by conflicts of interest'") (citation omitted).

### E.  Conclusion.

Because Ms. Peck's declaration falls far outside the boundaries of permissible expert testimony, and because her legal opinions turn on incorrect assumptions and incomplete analysis, her declaration should be stricken and excluded in its entirety.

DATED:  December 28, 2007.

                Respectfully,

                SEAN M. SELEGUE
                ROBERT D. HALLMAN
                HOWARD RICE NEMEROVSKI CANADY
                    FALK & RABKIN
                A Professional Corporation

                By:  s/Sean M. SeLegue
                Specially appearing as counsel for FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
                E-mail:  sselegue@howardrice.com

W03 122807-169290002/Y10/1470356/F

# CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen (18) years and not a party to the within action; my business address is Three Embarcadero Center, Seventh Floor, San Francisco, California 94111-4024; and that I served the below-named persons the following document:

1. OBJECTIONS TO THE DECLARATION OF ELLEN PECK IN SUPPORT OF PLAINTIFFS' MOTION TO DISQUALIFY FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP

I served the document by transmitting the document via Notice of Electronic Filing through CM/ECF on the date of this declaration to those persons as indicated below:

The addresses are as follows:

Frederick S. Berretta, Esq.
Knobbe Martens Olson & Bear
550 West C Street, Suite 1200
San Diego, CA 92101
(619) 235-8550
(619) 235-0176 (fax)
fberretta@kmob.com

Vicki S. Veenker, Esq.
Shearman & Sterling LLP
1080 Marsh Road
Menlo Park, CA 94025
(650) 838-3600
(650) 838-3699 (fax)
vveenker@shearman.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on December 28, 2007.

Javier A. Melara
Email: jmelara@howardrice.com