| | |
|---|---|
| 1 | SEAN M. SeLEGUE (No. 155249) |
|   | Email: sselegue@howardrice.com |
| 2 | ROBERT D. HALLMAN (No. 239949) |
|   | Email: rhallman@howardrice.com |
| 3 | HOWARD RICE NEMEROVSKI CANADY |
|   |     FALK & RABKIN |
| 4 | A Professional Corporation |
|   | Three Embarcadero Center, 7th Floor |
| 5 | San Francisco, California 94111-4024 |
|   | Telephone: 415/434-1600 |
| 6 | Facsimile: 415/217-5910 |
| 7 | Specially appearing as counsel for FINNEGAN HENDERSON FARABOW GARRETT & |
| 8 | DUNNER, LLP |
| 9 | GERALD F. IVEY (admitted *pro hac vice*) |
|   | BRYAN C. DINER (admitted *pro hac vice*) |
| 10 | P. ANDREW RILEY (admitted *pro hac vice*) |
|    | FINNEGAN HENDERSON FARABOW |
| 11 |     GARRETT & DUNNER, LLP |
|    | 901 New York Avenue, NW |
| 12 | Washington, D.C. 20001-4413 |
|    | Telephone: 202/408-4000 |
| 13 | Facsimile: 202/408-4400 |
| 14 | ROBERT L. BURNS (admitted *pro hac vice*) |
|    | FINNEGAN HENDERSON FARABOW |
| 15 |     GARRETT & DUNNER, LLP |
|    | 11955 Freedom Drive |
| 16 | Reston, Virginia 20190-5675 |
|    | Telephone: 571/203-2736 |
| 17 | Facsimile: 202/408-4400 |
| 18 | Attorneys for Defendant AMBU INC. |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 21 | THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., | No. 07 CV 1988 DMS (NLS) |
| 22 | Plaintiffs, | OBJECTIONS TO THE SUPPLEMENTAL DECLARATION OF STEPHEN MARZEN |
| 23 | v. | |
| 24 | AMBU A/S, AMBU INC., AMBU LTD., AND AMBU SDN. BHD., | Judge: Hon. Dana M. Sabraw |
| 25 | | Date: N/A |
|    | | Time: N/A |
|    | | Courtroom: 10 |
| 26 | Defendants. | |
| 27 | AND RELATED CROSS ACTIONS | |
| 28 | | |

OBJS. TO SUPPL. DECL. OF STEPHEN MARZEN                    07 CV 1988 DMS (NLS)

Plaintiffs ("LMA") have submitted a heavily redacted "Supplemental Declaration" of Stephen Marzen along with their reply papers in support of their motion to disqualify Finnegan Henderson Farabow Garrett & Dunner, LLP ("Finnegan"). With just a few exceptions, the declaration contains information that could have and should have been submitted in support of LMA's motion. By presenting this information at this late date, Finnegan and its clients have been denied a meaningful opportunity to respond. In addition, LMA has not served an unredacted version of Mr. Marzen's supplemental declaration on Finnegan's counsel, further depriving Finnegan and its client of an opportunity to respond.

### A.  LMA May Not Make Its Factual Showing Just Days Before The Hearing.

When LMA filed its motion, it was aware of California authority stating that a prospective client cannot rely on the substantial relationship test or presumptions that confidential information was conveyed. In its moving papers (Motion at 15), LMA acknowledged the rule explained in *Med-Trans Corp. v. City of California City*:

> "[W]here the former contact with the attorney was a preliminary conversation that did not result in professional employment or services, the party seeking disqualification must show, directly or by reasonable inference, that the attorney acquired confidential information in the conversation. In other words, in such cases the presumption that confidential information passed will not apply." (156 Cal. App. 4th 655, 668 (2007))

Disregarding that rule, LMA offered only conclusory assertions that confidential information was conveyed at the November 22, 2006 meeting and that "advice and suggestions" were offered by Finnegan attorneys in return. Ackerman Decl. ¶6.

Now, with its reply brief, LMA seeks to submit evidence that should have been submitted, if at all, with its moving papers. This LMA may not do, at least not without Finnegan and Ambu having a fair opportunity to respond. If the Court elects to consider LMA's tardy factual showing, Finnegan and Ambu should be granted leave to respond. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("the district court should not consider the new evidence [filed on reply] without giving the [non-]movant an opportunity to respond") (citation and internal quotations marks omitted); *In re Pacific Gas & Elec. Co.*,

1  No. C-02-1550 VRW, 2002 WL 32071634, at *4 (N.D. Cal. Nov. 14, 2002) ("If a court
2  chooses to rely on materials raised for the first time in a reply brief, the opposing party must
3  be afforded a reasonable opportunity to respond."); *Vargas v. Gromko*, 977 F. Supp. 996,
4  1003 n.10 (N.D. Cal. 1997) (granting leave to file sur-reply brief when legal issue raised for
5  first time in reply brief); *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)
6  (district court faced with new matter on reply "could either have permitted a surreply" or
7  "refrained from relying on any new material contained in the reply brief"). (Finnegan and
8  Ambu have sought leave of the Court to submit responsive papers in a separate document
9  filed simultaneously with these Objections.)

### B. LMA's Proposed Ex Parte Submission Denies Finnegan A Fair Opportunity To Respond.

Mr. Marzen's declaration is heavily redacted, and more than half the exhibits are omitted from the public record. Neither Finnegan nor its counsel have been served with an unredacted version of Mr. Marzen's supplemental declaration. The redacted version is grossly unfair to Finnegan, suggesting through hints and innuendo that certain things are true without providing any backup or any way for Finnegan to respond.[1] Some of the redactions are inexplicable, such as a reference in Paragraph 9 to a description *of Mr. Jakes*. Finnegan and Ambu request that the Court remedy the unfairness created by Mr. Marzen's supplemental declaration in one of two ways.

---

[1] E.g., Marzen Supp. Dec. ¶3 (Mr. Marzen claims to have "received the Finnegan lawyers' advice (among other advice) that [redacted]." *See also* ¶10 ("I explained to the Finnegan lawyers that [redacted]"); ¶11 ("In particular, I told them that [redacted]"); ¶12 ("I stated that there was prior litigation history in Europe, in particular that [redacted]"); ¶13 ("I showed the Finnegan lawyers [redacted]. . . . In addition, I told the Finnegan lawyers that our UK patent attorney thought that [redacted]"); ¶14 ("I told the Finnegan lawyers that [redacted]"); ¶15 ("After showing the Finnegan lawyers [redacted] . . . . I told the Finnegan lawyers that LMA's UK patent attorney believed that [redacted]"); ¶16 ("I suggested to the Finnegan lawyers that our theory of the case might be that [redacted]"); ¶18 ("Based on those facts, Mr. Jakes advised us that [redacted]"); ¶19 ("Given Finnegan's advice that [redacted]"); ¶20 ("we also discussed with the Finnegan lawyers [redacted] . . . . The Finnegan lawyers confirmed [redacted]"); ¶22 ("Mr. Jakes advised that LMA consider [redacted]").

*First*, the Court can—and should—disregard the supplemental declaration because it is late, as noted above.

*Second*, if the Court does not strike the supplemental declaration, it should require that LMA provide an unredacted version of the declaration to Finnegan's outside counsel, Howard Rice, and to Finnegan's General Counsel, Philip Sunshine, and to Mr. Jakes and Mr. Williamson, on the understanding that the unredacted version of the declaration and the information therein will not be provided to Ambu or to the Finnegan lawyers representing Ambu in this action. This would protect whatever confidential information LMA claims to have conveyed to Finnegan without prohibiting Finnegan from providing a meaningful response.[2] In particular, through the accompanying application, Finnegan requests the opportunity to submit a supplemental declaration from Mr. Jakes and Mr. Williamson, to be filed in part under seal. Finnegan and Ambu will be denied due process if they are not permitted to respond to Mr. Marzen's extensive supplemental declaration. Not only do Mr. Jakes and Mr. Williamson have a very different recollection of the November 2006 meeting than is presented by Mr. Marzen, Finnegan will have no opportunity to point out important problems with Mr. Marzen's declaration—some of which are apparent despite the redactions—if the Court does not grant leave to respond to Mr. Marzen's supplemental declaration.

---

[2] Protective orders and sealed filings are regularly employed to protect the movant's confidences; in this case the same devices can also minimize unfair prejudice to Finnegan and Ambu arising from Mr. Marzen's redacted declaration. *See, e.g.*, *SWS Financial Fund A v. Salomon Bros. Inc.*, 790 F. Supp. 1392, 1394 n.1 (N.D. Ill. 1992) (affidavits filed under seal); *U.S. Football League v. National Football League*, 605 F. Supp. 1448, 1462 (S.D.N.Y. 1985) (confidentiality order); *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 741 (2d Cir. 1978) (Mansfield, J., concurring) ("the court will devise appropriate means, including the use of in camera or other protective devices, to safeguard the interests of the former client"); *Fregeau v. Deo*, No. C.A. PC 03-4179, 2005 WL 1837011, at *4-5 (R.I. Super. Ct., Aug. 2, 2005) (declining to review an affidavit unless movant permitted opposing party to review and respond to it, subject to an appropriate protective order).

### C. The Court Should Not Permit An Ex Parte Submission Under The Circumstances.

LMA is requesting that the Court provide LMA with an extraordinary privilege—to have ex parte communication with the Court via the redacted portions of Mr. Marzen's declaration. While LMA is correct that there is precedent for such ex parte and in camera review, there is no need for it in this case, because LMA's interests can be protected by measures far less prejudicial to Finnegan and Ambu. *See* n. 2, *supra*. LMA's purportedly confidential information will be adequately protected by limiting access to the unredacted declaration and its exhibits to Finnegan's outside counsel and certain Finnegan attorneys, subject to a protective order. Such measures would also relieve the Court of inherent concerns over "questionable reliance on [e]x parte representations made [i]n camera by the party seeking disqualification as to communicated confidences." *Westinghouse Elec. Corp. v. Gulf Oil Corp.*, 588 F.2d 221, 224 n.3 (7th Cir. 1978). It would allow Finnegan to review and respond to Mr. Marzen's declaration in the ordinary course of the adversary process.

Even the redacted version of declaration reveals the need for such adversarial review. For example, Mr. Marzen states at Paragraph 27 that "Mr. Jakes refused to tell" if Finnegan had been retained by Ambu. That is not the whole story. Mr. Marzen's *own notes* indicate that Mr. Jakes told Mr. Marzen that Mr. Marzen could "infer" who Finnegan's new client was. Marzen Supp. Decl., Ex. Q. In addition, the taxi cab receipts attached as Exhibit J appear to have been prepared by Mr. Marzen or by someone else on his behalf—not the taxi drivers—and there is no indication that the second receipt was prepared upon departure from Finnegan's office, as Mr. Marzen suggests. To the contrary, one would expect the receipt to have been prepared upon arrival at the destination, Mr. Marzen's own office, rather than upon departure from Finnegan's offices.

Ex parte submissions deprive the adverse party of an opportunity to review and respond to material fact allegations and the Court of the benefit of the truth-seeking function of the adversary process. *See Decora Inc. v. DW Wallcovering, Inc.*, 899 F. Supp. 132, 138 (S.D.N.Y. 1995) ("in weighing [ex parte evidence of communication of confidences] a

court will take into account the inability of the opposition to challenge it"). In fact, because ex parte submissions are not subject to scrutiny through the adversary process, the ABA suggests that the submitting attorney has a special duty of candor. *See Model Rules Of Prof'l Conduct R.* 3.3(d) ("In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.") The Court should accordingly read materials submitted ex parte with special care.

### D. Conclusion.

The Court should strike Mr. Marzen's supplemental declaration. Alternatively, if the Court denies that request, the Court should order LMA to provide an unredacted copy of the declaration to Finnegan's outside counsel for distribution to Finnegan's General Counsel, Mr. Jakes and Mr. Williamson, and provide Finnegan with 10 days to provide a response to Mr. Marzen's declaration.

DATED: January 8, 2007.

                 Respectfully,

                 SEAN M. SELEGUE
                 ROBERT D. HALLMAN
                 HOWARD RICE NEMEROVSKI CANADY
                   FALK & RABKIN
                 A Professional Corporation

                 By: <u>s/Sean M. SeLegue</u>
                   Specially appearing as counsel for FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
                   E-mail: sselegue@howardrice.com

W03 010808-169290002/Y10/1472925/vF

# CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen (18) years and not a party to the within action; my business address is Three Embarcadero Center, Seventh Floor, San Francisco, California 94111-4024; and that I served the below-named persons the following document:

1. OBJECTIONS TO THE SUPPLEMENTAL DECLARATION OF STEPHEN MARZEN

I served the document by transmitting the document via Notice of Electronic Filing through CM/ECF on the date of this declaration to those persons as indicated below:

The addresses are as follows:

Frederick S. Berretta, Esq.  
Knobbe Martens Olson & Bear  
550 West C Street, Suite 1200  
San Diego, CA 92101  
(619) 235-8550  
(619) 235-0176 (fax)  
fberretta@kmob.com

Vicki S. Veenker, Esq.  
Shearman & Sterling LLP  
1080 Marsh Road  
Menlo Park, CA 94025  
(650) 838-3600  
(650) 838-3699 (fax)  
vveenker@shearman.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on January 8, 2008.

_____  
Javier A. Melara  
Email: jmelara@howardrice.com