| | |
|---|---|
| 1 | SEAN M. SeLEGUE (No. 155249) |
|   | Email:  sselegue@howardrice.com |
| 2 | ROBERT D. HALLMAN (No. 239949) |
|   | Email:  rhallman@howardrice.com |
| 3 | HOWARD RICE NEMEROVSKI CANADY |
|   |      FALK & RABKIN |
| 4 | A Professional Corporation |
|   | Three Embarcadero Center, 7th Floor |
| 5 | San Francisco, California  94111-4024 |
|   | Telephone:    415/434-1600 |
| 6 | Facsimile:     415/217-5910 |
| 7 | Specially appearing as counsel for FINNEGAN HENDERSON FARABOW GARRETT & |
| 8 | DUNNER, LLP |
| 9 | GERALD F. IVEY (admitted *pro hac vice*) |
|   | BRYAN C. DINER (admitted *pro hac vice*) |
| 10 | P. ANDREW RILEY (admitted *pro hac vice*) |
|    | FINNEGAN HENDERSON FARABOW |
| 11 |      GARRETT & DUNNER, LLP |
|    | 901 New York Avenue, NW |
| 12 | Washington, D.C.  20001-4413 |
|    | Telephone:    202/408-4000 |
| 13 | Facsimile:     202/408-4400 |
| 14 | ROBERT L. BURNS (admitted *pro hac vice*) |
|    | FINNEGAN HENDERSON FARABOW |
| 15 |      GARRETT & DUNNER, LLP |
|    | 11955 Freedom Drive |
| 16 | Reston, Virginia  20190-5675 |
|    | Telephone:    571/203-2736 |
| 17 | Facsimile:     202/408-4400 |
| 18 | Attorneys for Defendant AMBU INC. |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., | No. 07 CV 1988 DMS (NLS) |
| Plaintiffs, | EX PARTE APPLICATION FOR LEAVE TO RESPOND TO MATTERS RAISED FOR THE FIRST TIME ON REPLY |
| v. | |
| AMBU A/S, AMBU INC., AMBU LTD., AND AMBU SDN. BHD., | Judge:     Hon. Dana M. Sabraw |
|  | Date:       N/A |
|  | Time:       N/A |
| Defendants. | Courtroom:  10 |
| AND RELATED CROSS ACTIONS | |

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
*A Professional Corporation*

APP. FOR LEAVE TO FILE RESPONSIVE PAPERS                07 CV 1988 DMS (NLS)

Finnegan Henderson Farabow Garrett & Dunner, LLP ("Finnegan") and Defendants (collectively "Ambu") seek leave to file responsive papers addressing matters raised for the first time in Plaintiffs' ("LMA") reply papers. *See, e.g.*, *Vargas v. Gromko*, 977 F. Supp. 996, 1003 n.10 (N.D. Cal. 1997) (granting leave to file sur-reply brief when legal issue raised for first time in reply brief).

LMA's reply papers include a "Supplemental Declaration" of Stephen Marzen, which is twelve pages long and attaches nine exhibits. It purports to offer a detailed account of communications conveyed at the November 22, 2006 meeting between Mr. Marzen and Ms. Ackerman—LMA's representatives—and Messrs. Jakes and Williamson, and to support that account with various documents. This account and supporting evidence was not offered with LMA's motion, and it remains largely inaccessible to Finnegan even now, since only a heavily redacted version was served on Finnegan and publicly filed in support of LMA's reply brief. Accordingly, Finnegan has had no opportunity to respond to LMA's presentation of facts and is unable even now to review it fully.

When a moving party submits new matter via a reply brief, the Court may in its discretion disregard it. In no event should the Court "consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (citation and internal quotation marks omitted); *Daghlian v. DeVry Univ., Inc.*, 461 F. Supp. 2d 1121, 1144 n. 37 (C.D. Cal. 2006) (same); *In re Pacific Gas & Elec. Co.*, No. C-02-1550 VRW, 2002 WL 32071634, at *4 (N.D. Cal. Nov. 14, 2002) (same).

Finnegan respectfully requests that the Court either disregard Mr. Marzen's Supplemental Declaration or afford Finnegan an opportunity, under an appropriate protective order, to review and respond to it within ten days of the Court's order granting leave. As set forth in the accompanying Objections to Mr. Marzen's supplemental declaration, the Court can provide Finnegan and Ambu with due process by allowing Finnegan's outside counsel, Finnegan's General Counsel and Mr. Jakes and Mr. Williamson

to review those portions of Mr. Marzen's supplemental declaration that are redacted.[1]

Finnegan notes that if the Court rules that the ethical wall Finnegan established is sufficient to deny the motion for disqualification, then this application is moot because the Court will in that case not need to resolve any factual dispute between the declarations submitted by LMA, on the one hand, and Mr. Jakes and Mr. Williamson, on the other.

DATED: January 8, 2007.

    Respectfully,

SEAN M. SeLEGUE
ROBERT D. HALLMAN
HOWARD RICE NEMEROVSKI CANADY
   FALK & RABKIN
A Professional Corporation

By:  s/Sean M. SeLegue
    Specially appearing as counsel for FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
    E-mail: sselegue@howardrice.com

W03 010708-169290002/Y04/1473054/vF

---

[1] Even if the Court declines to compel LMA to provide an unredacted copy of Mr. Marzen's declaration to Finnegan, Finnegan requests an opportunity to respond to as much of Mr. Marzen's declaration as is currently available to Finnegan.