| | |
|---|---|
| 1 | SEAN M. SELEGUE (No. 155249)<br>Email:  sselegue@howardrice.com |
| 2 | ROBERT D. HALLMAN (No. 239949)<br>Email:  rhallman@howardrice.com |
| 3 | HOWARD RICE NEMEROVSKI CANADY<br>    FALK & RABKIN |
| 4 | A Professional Corporation<br>Three Embarcadero Center, 7th Floor |
| 5 | San Francisco, California  94111-4024<br>Telephone:   415/434-1600 |
| 6 | Facsimile:    415/217-5910 |
| 7 | Specially appearing as counsel for FINNEGAN<br>HENDERSON FARABOW GARRETT & |
| 8 | DUNNER, LLP |
| 9 | GERALD F. IVEY (admitted *pro hac vice*)<br>BRYAN C. DINER (admitted *pro hac vice*) |
| 10 | P. ANDREW RILEY (admitted *pro hac vice*)<br>FINNEGAN HENDERSON FARABOW |
| 11 |    GARRETT & DUNNER, LLP<br>901 New York Avenue, NW |
| 12 | Washington, D.C.  20001-4413<br>Telephone:   202/408-4000 |
| 13 | Facsimile:    202/408-4400 |
| 14 | ROBERT L. BURNS (admitted *pro hac vice*)<br>FINNEGAN HENDERSON FARABOW |
| 15 |    GARRETT & DUNNER, LLP<br>11955 Freedom Drive |
| 16 | Reston, Virginia  20190-5675<br>Telephone:   571/203-2736 |
| 17 | Facsimile:    202/408-4400 |
| 18 | Attorneys for Defendant AMBU INC. |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC.,<br><br>            Plaintiffs,<br><br>  v.<br><br>AMBU A/S, AMBU INC., AMBU LTD., AND AMBU SDN. BHD.,<br><br>            Defendants.<br><br>AND RELATED CROSS ACTIONS | No. 07 CV 1988 DMS (NLS)<br><br>REPLY IN SUPPORT OF EX PARTE APPLICATION FOR LEAVE TO RESPOND TO MATTERS RAISED FOR THE FIRST TIME ON REPLY<br><br>Judge:    Hon. Dana M. Sabraw<br>Date:     N/A<br>Time:    N/A<br>Courtroom:  10 |

REPLY ISO APP. FOR LEAVE TO FILE RESPONSIVE PAPERS    07 CV 1988 DMS (NLS)

Plaintiffs ("LMA") have filed an 8-page consolidated reply and opposition ("Opp.") to argue that further briefing and evidence is not necessary in this case. LMA's opposition has only increased the unfairness to Finnegan, because LMA expounds on matters well beyond the procedural issue at hand and launches an intemperate and inaccurate attack on the Finnegan attorneys' conduct and declarations. As Finnegan and Ambu have previously noted, the factual dispute in the declarations need not be resolved if the Court holds that Finnegan's ethical wall is sufficient to deny the motion for disqualification. If, however, the Court needs to resolve the factual dispute, then Finnegan requests that the Court consider the following procedural issues before making its decision.

### A.  Fairness Requires Supplemental Declarations From Finnegan.

As LMA's latest filing highlights, the participants in the November 2006 meeting have very different recollections of that meeting. LMA states that it was surprised about this situation and contends that its "surprise" is the reason LMA should be permitted to file a lengthy reply declaration with nine exhibits, to which Finnegan and Ambu should not be permitted to respond. However, there was no surprise.

LMA has in fact long been on notice that Mr. Jakes and Mr. Williamson did not believe they received any confidential information from LMA. At LMA's request, Finnegan provided LMA's counsel with a copy of Finnegan's ethical wall memorandum before LMA filed its motion to disqualify. Berretta Decl. ¶5 & Ex. H. LMA's own motion papers quoted that memorandum as stating that Mr. Jakes and Mr. Williamson did not believe they had received any confidential information from LMA, a conclusion LMA called "inexplicabl[e]" in its original moving papers. LMA Opening Brief "MPA", at 9:1-5. Thus, "surprise" cannot explain or justify LMA's decision to supply a detailed declaration only on reply.

Should the Court find it necessary to rule on the fact dispute, it should have a complete record in front of it, which it does not at present. As quickly as possible, Finnegan will proffer to the Court the declarations Mr. Jakes and Mr. Williamson can provide based on the information presently available to them in the redacted version of Mr. Marzen's new declaration so that the Court may decide whether receipt of declarations is appropriate at this

REPLY ISO APP. FOR LEAVE TO FILE RESPONSIVE PAPERS     07 CV 1988 DMS (NLS)

-1-

juncture. (If the Court grants Finnegan's request to review the redacted portions of Mr. Marzen's declaration, a supplemental responsive declaration will follow.)

### B. Finnegan Should Be Permitted To Review The Information Submitted For In Camera Review.

Finnegan did not, as LMA suggests, acquiesce in LMA's proposal to submit declarations in camera *and* ex parte. LMA's opening papers stated a willingness to provide declarations for in camera review "should the Court so request." MPA at 6:12. LMA did not raise the issue of submitting information ex parte, providing Finnegan with no opportunity to review that information or respond to it. Nor did LMA wait for the Court to request an in camera submission but simply filed a redacted declaration with its reply papers. In doing so, LMA led Finnegan to believe that the unredacted version would be provided to the Court only at the Court's request. Supplemental Marzen Decl., at 2 n.1 ("I respectfully request permission to submit the complete unredacted declaration to Chambers . . . ."). Only when Finnegan's counsel contacted LMA's counsel did LMA's counsel reveal that the unredacted declaration had already been delivered to the Court (notably without seeking leave of the Court to make its ex parte submission). SeLegue Decl. ¶5 & Ex. B. There was—based on LMA's representations—no need for Finnegan to address the procedure for in camera review in Finnegan's opposition papers.

Finnegan does not object to LMA submitting evidence to the Court for in camera review, but does object to the Court receiving that evidence on an ex parte basis. As Finnegan acknowledged previously, there is precedent for in camera review in disqualification proceedings, but there is no reason under the circumstances of *this* proceeding to prevent those attorneys representing Finnegan (as opposed to Ambu) from reviewing and responding to the redacted materials. Oddly, LMA objects to Mr. Jakes and Mr. Williamson being privy to the redacted portions of Mr. Marzen's declaration, even though they supposedly were the recipients of all of the confidential information allegedly contained therein. (In fact, Mr. Jakes and Mr. Williamson disagree adamantly with Mr. Marzen's story.) LMA offers no legitimate reason why Finnegan's General Counsel and

Finnegan's outside counsel, along with Mr. Jakes and Mr. Williamson, should not be permitted to see the redacted portions of Mr. Marzen's declaration, subject to an appropriate protective order.[1]

**C.    Fairness Requires That Finnegan Be Provided With A Further Response.**

LMA's briefing has introduced confusion that a sur-reply (or, alternatively, a presentation at a hearing) could clarify. As examples:

- LMA admits in its latest filing that its motion is governed by the rules applicable to motions brought by *potential*—not actual—clients;[2]
- LMA's briefing considered as a whole slips back and forth between cases addressing potential clients as opposed to those addressing former clients, which is potentially confusing;
- LMA's briefing about ethical walls—including the latest briefing it submitted in conjunction with this unrelated ex parte application—fails to acknowledge that not a single one of its cases interpreting California law rejects an ethical wall in the context of a *potential* client;
- LMA grossly overstates the significance of Mr. Jakes' response to the conflict

---

[1] The cases LMA relies on to oppose providing unredacted declarations to Finnegan's counsel do not address comparable situations. In *Decora Inc. v. DW Wallcovering, Inc.*, 901 F. Supp. 161 (S.D.N.Y. 1995), the same attorney who had formerly represented the moving party was representing the new client, and had not been walled off from the outset of the new representation as is the case with Mr. Jakes and Mr. Williamson. The same was true in *Rogers v. Pittston Co.*, 800 F. Supp. 350 (W.D. Va. 1992), *aff'd*, 996 F.2d 1212 (4th Cir. 1993). LMA cites only one case in which in camera submissions were permitted *and* the attorney who previously represented the moving party was screened from the new representation, *Ultradent Prods., Inc. v. Dentsply Int'l, Inc.*, 344 F. Supp. 2d 1306 (D. Utah 2004). However, in *Ultradent*, the firm does not appear to have been represented by outside ethics counsel, there was no discussion of the use of a protective order, and the materials submitted for in camera review ultimately were not considered by the Court in reaching its decision. *Id*. at 1308.

[2] LMA writes that "under *Med-Trans* [*Corp. v. City of California City*, 156 Cal. App. 4th 655, 667 (2007)] a party bringing a disqualification motion in the circumstances of this case is required to show, 'directly or by reasonable inference,' the confidences in fact revealed to the attorneys sought to be disqualified." Opp. at 3. In so arguing, LMA concedes—at last—that "the circumstances of this case" are, like in *Med-Trans*, a preliminary meeting with a potential client.

check Mr. Diner circulated after Ambu approached him;[3] and

- The fact dispute concerning the November 2006 meeting is a secondary concern because *Friskit* and *Nichols*[4] hold that an ethical wall suffices for potential clients *even if confidential information or incidental advice was conveyed.*

### Conclusion

The Court should accept the supplemental declarations that Finnegan will proffer or, alternatively, ignore *both* Mr. Marzen's reply declaration and the supplemental declarations Finnegan will submit. Finnegan and Ambu respectfully request that the Court provide Finnegan with an opportunity to respond to LMA's last-minute factual submission, if the Court accepts it, either through a sur-reply or, if the Court prefers, a hearing.

DATED: January 14, 2008.

Respectfully,

SEAN M. SELEGUE
ROBERT D. HALLMAN
HOWARD RICE NEMEROVSKI CANADY
   FALK & RABKIN
A Professional Corporation

By:   s/Sean M. SeLegue
      Specially appearing as counsel for FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
      E-mail: sselegue@howardrice.com

---

[3] When Ambu approached Finnegan, Ambu already anticipated litigation with LMA. Ambu approached Mr. Diner *the day after* LMA's U.S. patent issued, and Mr. Diner's conflict check itself mentioned potential litigation with LMA. In fact, the parties were already litigating in Europe over Dr. Brain's patents. MPA at 2. LMA suggests that Ambu obtained some advantage because Ambu's new lawyers at Finnegan were aware that LMA might sue imminently, but in fact LMA waited another ten months and, thus, clearly opted against attempting to ambush Ambu. *See In re Marriage of Zimmerman*, 16 Cal. App. 4th 556, 565 (1993) (issues potential client had discussed with attorney were moot by the time of the disqualification motion); *Research Corp. Techns., Inc. v. Hewlett-Packard Co.*, 936 F. Supp. 697, 703 (D. Ariz. 1996) (noting failure of movant to show that the adverse party "has gained an advantage in the present patent litigation" stemming from firm's prior relationship with moving party).

[4] *Friskit, Inc. v. RealNetworks, Inc.*, No. C03-05085, 2007 WL 1994203 (N.D. Cal. July 5, 2007); *Nichols Inc. Diagnostics, Inc. v. Scantibodies Clinical Lab. Inc.*, Civ. No. 02CV0046 B (LAB) (S.D. Cal. Mar. 21, 2002), *aff'd*, 37 Fed. Appx. 510, 2002 WL 1334522 (Fed. Cir. 2002).


# CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen (18) years and not a party to the within action; my business address is Three Embarcadero Center, Seventh Floor, San Francisco, California 94111-4024; and that I served the below-named persons the following document:

1. REPLY IN SUPPORT OF EX PARTE APPLICATION FOR LEAVE TO RESPOND TO MATTERS RAISED FOR THE FIRST TIME ON REPLY

I served the document by transmitting the document via Notice of Electronic Filing through CM/ECF on the date of this declaration to those persons as indicated below:

The addresses are as follows:

Frederick S. Berretta, Esq.
Knobbe Martens Olson & Bear
550 West C Street, Suite 1200
San Diego, CA 92101
(619) 235-8550
(619) 235-0176 (fax)
fberretta@kmob.com

Vicki S. Veenker, Esq.
Shearman & Sterling LLP
1080 Marsh Road
Menlo Park, CA 94025
(650) 838-3600
(650) 838-3699 (fax)
vveenker@shearman.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on January 14, 2008.

_____
Javier A. Melara
Email: jmelara@howardrice.com

CERTIFICATE OF SERVICE
-1-

07 CV 1988 DMS (NLS)