1   John H. L'Estrange, Jr. (State Bar No. 049594)
    jlestrange@wllawsd.com
2   WRIGHT & L'ESTRANGE
    401 West A Street, Suite 2250
3   San Diego, CA 92101
    Office: (619) 231-4844 Fax: (619) 231-6710
4
    Gerald F. Ivey (*pro hac vice*)
5   gerald.ivey@finnegan.com
    Bryan C. Diner  (*pro hac vice*
6   bryan.diner@finnegan.com)
    P. Andrew Riley  (*pro hac vice*)
7   andrew.riley@finnegan.com
    Sarah J. Sladic  (*pro hac vice*)
8   sarah.sladic@finnegan.com
    FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
9   901 New York Ave.
    Washington, DC 20001
10  Telephone:  (202) 408-4000  Facsimile:    (202) 408-4400

11  Robert L. Burns (*pro hac vice*)
    robert.burns@finnegan.com
12  FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
    11955 Freedom Drive, Suite 800
13  Reston, VA 20190-5675
    Telephone:  (571) 203-2700  Facsimile:    (202) 408-4400
14
    Attorneys for Defendants AMBU A/S, AMBU INC.,
15  AMBU LTD., and AMBU SDN. BHD.

16
                    **UNITED STATES DISTRICT COURT**
17                **SOUTHERN DISTRICT OF CALIFORNIA**

18  THE LARYNGEAL MASK COMPANY LTD.         CASE NO. 07 CV 1988 DMS (NLS)
    AND LMA NORTH AMERICA, INC.,
19                                          **ANSWER AND COUNTERCLAIMS**
                    Plaintiffs,             **(WITH CAPTION) OF AMBU A/S,**
20                                          **AMBU LTD., AND AMBU SDN.**
    v.                                      **BHD. TO PLAINTIFFS' FIRST**
21                                          **AMENDED COMPLAINT FOR**
    AMBU A/S, AMBU INC., AMBU LTD., and     **PATENT INFRINGEMENT**
    AMBU SDN. BHD.,
22                                          **JURY TRIAL DEMANDED**
                    Defendants.
23
24  AMBU A/S, AMBU LTD., and AMBU SDN. BHD.  Judge:  Honorable Dana M. Sabraw
                    Counterclaimants,        Courtroom:  10
25
                    v.
26
    THE LARYNGEAL MASK COMPANY LTD.
27  AND LMA NORTH AMERICA, INC.,
28                  Counter-Defendants.

                                    1

1        Defendant Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. by and through their attorneys,

2    hereby answer the First Amended Complaint for Patent Infringement ("the Amended Complaint") of

3    Plaintiffs The Laryngeal Mask Company Ltd. and LMA North America, Inc. (collectively

4    "Plaintiffs") as follows:

5    **JURISDICTION AND VENUE**

6        1.  Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. admit that the Amended Complaint

7    purports to allege claims for patent infringement under the patent laws of the United States (Title 35

8    of the United States Code).

9        2.  Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. admit that this Court has subject matter

10   jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11       3.  Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. admit that, for the purpose of this litigation,

12   venue is proper in this Court under  28 U.S.C. §§ 1391(b), (c) and (d) and under 28 U.S.C. § 1400

13   (b), and denies all other allegations contained in Paragraph 3.

14   **THE PARTIES**

15       4.  Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. are without sufficient knowledge or

16   information to form a belief as to the truth of the allegations in Paragraph 4, and therefore demand

17   strict proof as to each allegation.

18       5.  Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. admit only that United States Patent No.

19   5,303,697 ("the '697 patent") issued on April 19, 1994, and that United States Patent No. 7,156,100

20   ("the '100 patent") issued on January 2, 2007.  Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. admit

21   only that The Laryngeal Mask Company Ltd. ("LMC") is listed as the owner by assignment of the

22   '697 patent and the '100 patent.  Upon information and belief, Ambu A/S, Ambu Ltd., and Ambu

23   Sdn. Bhd. deny that the '697 and '100 patent were duly and lawfully issued.

24       6.  Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. are without sufficient knowledge or

25   information to form a belief as to the truth of the allegations in Paragraph 6 and therefore demand

26   strict proof as to each allegation.

27       7.  Admitted.

28   ///

2

8.  Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. admit only that Ambu Inc. is a corporation organized and existing under the laws of the State of Maryland with its principal place of business at 6740 Baymeadow Drive, Glen Burnie, Maryland 21060, and demand strict proof as to all other allegations contained in Paragraph 8.

9.  Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. admit only that Ambu Ltd. is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business at Warehouse & Process Complex Building, No. C, Xiang Yu F.T.Z. Xiamen, 361006 China, and demand strict proof as to all other allegations contained in Paragraph 9.

10.  Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. admit only that Ambu Sdn. Bhd. is a corporation organized and existing under the laws of Malaysia with its principal place of business at Lot 69B, Lintang Bayan Lepas 6, Phase IV, 11900 Penang, Malaysia, and demand strict proof as to all other allegations contained in Paragraph 10.

11. Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. admit only that Ambu Inc. distributes, imports, offers to sell, and sells in the United States certain laryngeal mask airway devices that Plaintiffs allege infringe the '697 patent and the '100 patent, including the Ambu AuraOnce, Aura40, AuraFlex, and AuraStraight brands of laryngeal mask airway devices. Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. deny and demand strict proof of all other allegations contained in Paragraph 11.

12.  Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. admit only that Ambu Inc. does business in this judicial district. Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. deny and demand strict proof of all other allegations contained in Paragraph 12.

### ANSWER TO FIRST CLAIM FOR RELIEF

13. Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. reallege and incorporate by reference their responses as set forth herein in Paragraphs 1 through 12 above.

14. Denied.

15. Ambu A/S admits that it had actual knowledge of the '697 patent prior to the alleged acts of infringement. Ambu Ltd. and Ambu Sdn. Bhd. deny that they had actual knowledge of the '697 patent prior to the alleged acts of infringement.

1    16. Denied.

2    17. Denied.

3    18. Denied.

4    ## ANSWER TO SECOND CLAIM FOR RELIEF

5    19. Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. reallege and incorporate by reference their

6    responses as set froth herein in Paragraphs 1 through 12 above.

7    20. Denied.

8    21. Ambu A/S admits that it had actual knowledge of the '100 patent prior to the alleged acts

9    of infringement. Ambu Ltd. and Ambu Sdn. Bhd. deny that they had actual knowledge of the '100

10   patent prior to the alleged acts of infringement.

11   22. Denied.

12   23. Denied.

13   24. Denied.

14   25. Denied.

15   ## PRAYER FOR RELIEF

16   Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. hereby deny that Plaintiffs are entitled to

17   judgment on any allegations or counts asserted in the Complaint or the First Amended Complaint,

18   and further deny that Plaintiffs are entitled to the relief requested in the Complaint or the First

19   Amended Complaint

20   Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. further aver that any allegations not deemed to

21   be specifically addressed in this Answer are hereby denied.

22   ## AFFIRMATIVE DEFENSES

23   ### First Affirmative Defense

24   26. Upon information and belief, Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. have not

25   infringed and do not infringe, either directly, contributively, or by inducement, any valid claim of

26   the '697 or '100 patents (collectively "the Patents-in-Suit"), either literally or under the doctrine of

27   equivalents.

28   ///

**Second Affirmative Defense**

27. Upon information and belief, the Patents-in-Suit are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37, Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 102 and 103.

Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. reserve the right to amend their defenses further as additional information is developed through discovery or otherwise.

**REQUEST FOR RELIEF**

Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. pray that this Court enter judgment against Plaintiffs:

A. Dismissing Plaintiffs' Amended Complaint with prejudice;

B. Declaring that Plaintiffs recover nothing from Ambu A/S, Ambu Ltd., or Ambu Sdn. Bhd.;

C. Awarding Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. their costs and disbursements in this action; and

D. Granting Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. such other and further relief as this Court deems just and proper.

**COUNTERCLAIMS**

Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. assert the following counterclaims:

1. Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. incorporate by reference their responses and allegations as set forth herein in Paragraphs 1 through 26 above.

**The Parties**

2. Defendant and counterclaimant Ambu A/S is a corporation organized and existing under the laws of the Kingdom of Denmark with its principal place of business at Baltorpbakken 13, DK-2750 Ballerup, Denmark.

3. Defendant and counterclaimant Ambu Ltd. is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business at Warehouse & Process Complex Building, No. C, Xiang Yu F.T.Z. Xiamen, 361006 China.

///

1    4.  Defendant and counterclaimant Ambu Sdn. Bhd. is a corporation organized and existing

2 under the laws of Malaysia with its principal place of business at Lot 69B, Lintang Bayan Lepas 6,

3 Phase IV, 11900 Penang, Malaysia.

4    5.  Plaintiff The Laryngeal Mask Company Ltd. ("LMC") has alleged in Paragraph 4 of the

5 Amended Complaint that it is a corporation organized and existing under the laws of the Republic of

6 Seychelles with its principal place of business at Le Rocher, Mahé, Seychelles.

7    6.  Plaintiff  LMA North America, Inc. ("LMNA") has alleged in Paragraph 6 of the

8 Amended Complaint that it is a corporation organized and existing under the laws of the State of

9 Nevada with its principal place of business at 4660 La Jolla Village Drive, San Diego, California

10 92122, and that it is an affiliate of LMC.

11    7.  Plaintiff LMC has alleged in Paragraph 5 of the Amended Complaint that it is the owner

12 by assignment of the Patents-in-Suit.

13    8.  Plaintiff LMNA has alleged in Paragraph 6 of the Amended Complaint that it is the

14 exclusive licensee of the Patents-in-Suit.

15                    **Jurisdiction and Venue**

16    9.  These counterclaims arise under the Federal Declaratory Judgment Act and the Patent

17 Laws of the United States, more particularly, under 28 U.S.C. §§ 2201 and 2202, and

18 35 U.S.C. §§ 100 et seq., respectively.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331,

19 1338, and 2201.

20    10. There is an actual controversy between Ambu A/S, Ambu Ltd., Ambu Sdn. Bhd., and

21 Plaintiffs regarding the validity and infringement of the Patents-in-Suit.

22    11. Venue pursuant to 28 U.S.C. § 1391 in this judicial district for the following

23 counterclaim of Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. is proper because Plaintiffs have

24 consented to this venue by asserting and filing claims of patent infringement against Ambu Inc.

25 ///

26 ///

27 ///

28 ///

**COUNTERCLAIM FOR DECLARATORY JUDGMENT**

**First Counterclaim**

12. Upon information and belief, Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. have not infringed and do not infringe, either directly, contributively, or by inducement, any valid claim of the Patents-in-Suit, either literally or under the doctrine of equivalents.

**Second Counterclaim**

13. Upon information and belief, the Patents-in-Suit are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37, Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 102 and 103.

**REQUEST FOR RELIEF**

Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. pray that this Court enter judgment against Plaintiffs:

A. Declaring that Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. have not infringed, either directly or indirectly, and are not infringing either directly or indirectly, any valid claim of the Patents-in-Suit;

B. Enjoining Plaintiffs, their officers, agents, servants, employees, attorneys, and representatives, and any successors and assigns thereof, from charging or asserting infringement of any claim of the Patents-in-Suit against Ambu A/S, Ambu Ltd., or Ambu Sdn. Bhd. or anyone in privity with Ambu A/S, Ambu Ltd., or Ambu Sdn. Bhd;

C. Declaring that the claims of the Patents-in-Suit are invalid;

D. Awarding Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. their costs and disbursements in this action; and

E. Granting Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. such other and further relief as this Court deems just and proper.

///
///
///
///

## **DEMAND FOR JURY TRIAL**

Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. demand a trial by jury on all claims, defenses, and counterclaims.

Dated: January 30, 2008

WRIGHT & L'ESTRANGE
and
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
Attorneys for Defendant AMBU A/S,
AMBU LTD., and AMBU SDN. BHD..


By:___/s/John H. L'Estrange, Jr._____
John L'Estrange, Jr
Email: jlestrange@wllawsd.com

1

## CERTIFICATE OF SERVICE

2

### THE LARYNGEAL MASK COMPANY LTD. v. AMBU, et al.
### U.S. District Court, Southern District, Case No. 07cv1988 DMS (NLS)

3

4       I, the undersigned, declare that I am over the age of eighteen years and not a party to this action; my business address is 401 West A Street, Suite 2250, San Diego, California 92101; and that I served the below-named persons the following documents:

5

6       **ANSWER AND COUNTERCLAIMS (WITH CAPTION) OF AMBU A/S, AMBU LTD., AND AMBU SDN. BHD. TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT; JURY TRIAL DEMANDED**

7

8       in the following manner:

9       xx      By transmitting the document(s) via Notice of Electronic Filing through CM/ECF on the date of this declaration to those persons as indicated below.

10

The addressee(s) is (are) as follows:

11

12  | Frederick S. Berretta, Esq. | Vicki S. Veenker, Esq. |
KNOBBE MARTENS OLSON and BEAR       SHEARMAN & STERLING LLP
550 West C Street, Suite 1200       1080 Marsh Road

13  San Diego, CA 92101                 Menlo Park, CA  94025
619.235.8550                        (650) 838-3600

14  619.235.0176 (fax)                  (650) 838-3699 (fax)
fberretta@kmob.com                  vveenker@shearman.com

15

16      I declare under penalty of perjury under the laws of the United States and California that the foregoing is correct and that I am member of the bar of this court at whose direction the service was

17  made. Executed on January 30, 2008.

18                           /s/ John H. L'Estrange, Jr.
                             John H. L'Estrange, Jr.

19                           Email: jlestrange@wllawsd.com

20

21

22

23

24

25

26

27

28