DARRYL M. WOO (CSB NO. 100513)
dwoo@fenwick.com
FENWICK & WEST LLP
555 California Street
12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile:  (415) 281-1350

Attorneys for Defendants
AMBU A/S, AMBU INC., AMBU LTD., and
AMBU SDN. BHD.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AMBU A/S, AMBU INC., AMBU LTD., and AMBU SDN. BHD.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 07-cv-1988-DMS (NLS)<br><br>**AMBU'S *EX PARTE* REQUEST TO CONTINUE APRIL 14, 2008 ENE CONFERENCE**<br><br>Judge:     Hon. Nita L. Stormes |

Defendants Ambu A/S, Ambu Inc., Ambu Ltd., and Ambu Sdn. Bhd. (collectively, "Ambu"), respectfully request that the Court continue the Early Neutral Evaluation ("ENE") Conference currently set for April 14, 2008.  The February 26, 2008 Order Setting ENE Conference states that the Court "will consider formal, written *ex parte* requests to continue an ENE conference when extraordinary circumstances exist that make a continuance appropriate." Ambu respectfully submits that such circumstances exist here in light of the recent substitution of counsel mandated by the Court's February 25, 2008 Order.

This case was filed on October 15, 2007.  On February 25, 2008, Judge Sabraw granted

1  Plaintiff's Motion to Disqualify Finnegan Henderson Farabow Garrett & Dunner, LLP as
2  Defendants' Counsel (Docket No. 41, the "Disqualification Order").  Accordingly, four and a half
3  months into the case, Ambu lost the services of its original counsel of record.
4        The February 25 Disqualification Order directed Ambu to "promptly locate new counsel."
5  Ambu did so, filing a Substitution of Counsel and Proposed Order on March 17, 2007.  The
6  Disqualification Order also directed that "Finnegan Henderson Farabow Garrett & Dunner, LLP .
7  . . shall not consult or share work product with new counsel."  Disqualification Order at 13.
8  Under the literal terms of the Disqualification Order, Ambu's new trial counsel must therefore
9  start case preparation from scratch, as though the case had been newly filed against Ambu.
10        Recognizing that its Order might place Ambu at a disadvantage in preparing for the Early
11  Neutral Evaluation Conference required in patent cases, the Disqualification Order states that "if .
12  . . the new attorney requires time to prepare for the ENE, they may contact the Magistrate Judge
13  for an additional continuance."  Ambu accordingly requests that the Court continue the ENE
14  Conference for 90 days.
15        Attorney preparation for the ENE Conference is necessarily extensive.  Local Patent Rule
16  2.1 and the Court's Order Setting ENE Conference at 1 indicate that the ENE Conference will
17  involve a discussion of "every aspect of the lawsuit."  Among other things, the parties must meet
18  and confer under Federal Rule of Civil Procedure 26(f) prior to the ENE Conference, pursuant to
19  which the parties must work out a discovery plan based upon the subjects of discovery likely to
20  be needed, including a plan for electronic discovery.  *See* Patent L.R. 2.1.a; Order Setting ENE
21  Conference at 3; FED. R. CIV. P. 26(f).  In addition, counsel appearing at an ENE Conference in a
22  patent case, as in any other type of case in which such a conference is held, must be prepared to
23  "discuss the claims and defenses" and have the "authority to discuss and enter into settlement."
24  Patent Local Rule 2.1.a, incorporating Civil Rule 16.1.c.1.
25        The ENE Conference is currently set less than one month away.  Ambu will be at a severe
26  disadvantage unless Ambu's new counsel is given adequate time to analyze the patents-in-suit
27  and to investigate Ambu's claims and defenses, including invalidity defenses based on prior art,
28  prepare a discovery plan (which must account for the logistical challenges associated with

1 discovery from some defendants who are not located in the United States), and assess the many
2 factors that impact the likelihood of an amicable resolution.

3 In particular, the Disqualification Order appears to preclude new counsel from contacting
4 the Finnegan firm about this matter or using any of that firm's work product, which may include
5 publicly available prior art and documents previously collected from the clients, which include
6 entities in U.S., Europe and Asia. Ambu will be filing a motion before Judge Sabraw for
7 clarification of the Court's Disqualification Order, to ask for direction as to whether, in
8 connection with complying with Rule 26, Ambu's new counsel may obtain copies of any Ambu
9 client documents or public third party prior art documents currently in the possession of the
10 Finnegan firm. New counsel otherwise will have to perform its own prior art search and re-
11 aggregate Ambu's documents from their clients. The additional time requested will allow Ambu
12 opportunity to seek such clarification. Even if this access to such non-work product
13 documentation is permitted, however, a continuance will still be necessary to permit Ambu's new
14 counsel to review such materials to prepare for the ENE Conference.

15 Accordingly, Ambu respectfully requests that this Court continue the ENE Conference 90
16 days from the date of Fenwick's appearance, to a date not earlier than June 16, 2008. This 90 day
17 extension is appropriate not only in light of the above reasons, but Ambu respectfully notes that
18 the original ENE conference was set more than 90 days after the complaint was served.

19 Pursuant to Local Rule 7.1.g.2, Ambu has contacted plaintiffs to obtain their concurrence
20 in this request, but have not received a final response as of the filing of this request. *See*
21 Declaration of Charlene M. Morrow in Support of Ambu's *Ex Parte* Request to Continue ENE
22 Conference, ¶ 3.

23 Dated: March 18, 2008                      Respectfully submitted,
24                                            FENWICK & WEST LLP

25                                            By: /s/Darryl M. Woo
26                                                Darryl M. Woo

27                                            Attorneys for Defendants
                                              AMBU A/S, AMBU INC., AMBU LTD., and
28                                            AMBU SDN. BHD.

AMBU'S *EX PARTE* REQUEST TO CONTINUE ENE CONFERENCE    3    CASE NO. 07-CV-1988-DMS

# CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2008, I caused the foregoing **AMBU'S EX PARTE REQUEST TO CONTINUE APRIL 14, 2008 ENE CONFERENCE** to be filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the applicable registered filing users.

VIA ECF:

Federick S. Berretta, Esq.
Knobbe Martens Olson & Bear
550 West C. Street, Suite 1200
San Diego, CA 92101
(619) 235-8550
(619) 235-0176 (fax)
fberretta@kmob.com

Vicki S. Veenker, Esq.
Shearman & Sterling LLP
1080 Marsh Road
Menlo Park, CA 94025
(650) 838-3600
(650) 838-3699 (fax)
vveenker@shearman.com

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Dated: March 18, 2008

_____
C. J. Alice Chuang

LIT/1282074

CERTIFICATE OF SERVICE                                          CASE NO. 07-CV-1988-DMS