John B. Sganga (State Bar No. 116,211)
Frederick S. Berretta (State Bar No. 144,757)
Joshua J. Stowell (State Bar No. 246,916)
KNOBBE, MARTENS, OLSON & BEAR, LLP
550 West C Street
Suite 1200
San Diego, CA 92101
(619) 235-8550
(619) 235-0176 (FAX)

Vicki S. Veenker (State Bar No. 158,669)
Adam P. Noah (State Bar No. 198,669)
SHEARMAN & STERLING LLP
1080 Marsh Road
Menlo Park, CA 94025
(650) 838-3600
(650) 838-3699 (FAX)

Attorneys for Plaintiffs and Counter-Defendants
THE LARYNGEAL MASK COMPANY LTD.
and LMA NORTH AMERICA, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., | Civil Action No. 07 CV 1988 DMS (NLS) |
| Plaintiffs, | **PLAINTIFF'S OPPOSITION TO AMBU'S EX PARTE REQUEST TO CONTINUE APRIL 14, 2008 ENE CONFERENCE** |
| v. | |
| AMBU A/S, AMBU INC., AMBU LTD., and AMBU SDN. BHD., | Courtroom F, 1st Floor |
| Defendants. | **Honorable Nita L. Stormes** |
| AMBU A/S, AMBU LTD., and, AMBU SDN.BHD., | |
| Counterclaimants, | |
| v. | |
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., | |
| Counter-Defendants. | |

Plaintiffs The Laryngeal Mask Company Ltd. ("LMC") and LMA North American, Inc. ("LMA NA," and collectively "Plaintiffs" or "LMA") object to defendants' *Ex Parte* Request to Continue the April 14, 2008 Early Neutral Evaluation ("ENE") Conference for 90 days (hereinafter "*ex parte*") because defendants have failed to identify any extraordinary circumstances that would warrant such a lengthy extension. In the interest of fairness to both parties, LMA would stipulate to continuing the ENE Conference for a more reasonable period of 30 days, to a date no later than May 14, 2008.

## I. INTRODUCTION

LMA originally filed this suit on October 15, 2007. Over five months have passed since that time and the parties have yet to establish a discovery schedule or address the merits of the case. Instead, the Ambu defendants forced LMA to engage in a lengthy process to disqualify defendants' conflicted counsel, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP ("Finnegan"). Now, having unsuccessfully defended the disqualification motion, defendants and their new counsel have also filed a motion requesting "clarification" from the Court regarding its ability to use Finnegan's work product, despite having never objected to the scope of the proposed order previously. While defendants maintain that this *ex parte* is necessary to provide their new counsel time to prepare for the ENE Conference, the filing of the clarification motion reveals it is merely an attempt to delay the case on the merits so the defendants can continue to contest the disqualification order. Permitting the defendants to further delay the suit based on the completed disqualification proceedings would compound the unfairness already suffered by LMA.

Ignoring the ulterior motive behind the present *ex parte* and focusing on the merits, defendants have failed to demonstrate why they require such a lengthy continuance to prepare for the ENE Conference. Defendants were on notice that Finnegan might be disqualified for months and should have been prepared to quickly move forward with new counsel. Moreover, LMA has recently informed defendants it plans to eliminate one of the two patents originally listed in the complaint, significantly simplifying the case. Additionally, LMA has repeatedly informed defendants that it would not oppose a 30 day extension of the ENE

Opp. to Defs' ex parte to Continue ENE
Case No. 07cv1988

1   Conference. Provided these factors, there is no basis for defendants' argument that they
2   would be placed at a "severe disadvantage" without a 90 day continuance. With a 30 day
3   continuance the ENE Conference would take place in mid-May, about 80 days since the date
4   of Judge Sabraw's February 25, 2008 Order Granting Plaintiffs' Motion to Disqualify
5   ("Disqualification Order") (Doc. No. 41). This is more than ample time for Ambu's new
6   counsel to prepare, particularly in light of Judge Sabraw's Disqualification Order, which
7   suggested that the ENE Conference be set within 30 days of the Order.

## II. BACKGROUND

9        The Complaint in this patent infringement case was filed on October 15, 2007.
10  Defendant's original counsel, Finnegan Henderson, had a conflict of interest, but refused to
11  withdraw despite LMA promptly notifying defendants of the conflict. LMA moved to
12  disqualify in December 2007 after the Finnegan firm formally appeared. The ENE
13  Conference was originally scheduled for January 31, 2008. However, due to LMA's pending
14  disqualification motion, the originally scheduled ENE Conference was vacated until the
15  disqualification issues were resolved. *See* December 13, 2007 Order Vacating ENE
16  Conference (Doc. No. 19). That motion was granted on February 25, 2008, with Judge
17  Sabraw suggesting in his Disqualification Order (Doc. No. 41) that the ENE take place within
18  30 days. On the very next day, February 26, another ENE was set for April 14, giving
19  defendants 20 additional days beyond the date suggested by Judge Sabraw. *See* February 26,
20  2008 Notice and Order Resetting ENE Conference in Patent Case at 1 (Doc. No. 42).

21       On Friday, March 14, 2008, LMA's attorney, Fred Berretta, initiated contact with
22  defendants by sending a letter to defendants' local counsel John L'Estrange inquiring about
23  the status of Ambu's counsel following Finnegan's disqualification. Berretta Decl. at ¶ 2, Ex.
24  1 attached. On Monday, March 17, Mr. L'Estrange filed a Substitution of Counsel listing
25  Fenwick & West LLP ("Fenwick") as a replacement for its disqualified former counsel. *See*
26  Substitution of Counsel (Doc. No. 43). That same day, an attorney for defendants, Charlene
27  Morrow, contacted LMA's attorney, Fred Berretta, regarding continuing the pending ENE
28  Conference for 90 days. Berretta Decl. at ¶ 3. Mr. Berretta returned Ms. Morrow's call later

Opp. to Defs' ex parte to Continue ENE
Case No. 07cv1988

1   on Monday, at which point she requested a 90 day continuance of the ENE Conference (from

2   April 14 to mid-July). *Id.*

3       Mr. Berretta informed Ms. Morrow that LMA would be unlikely to agree to a 90 day

4   continuance of the ENE, but would likely agree to a more reasonable 30 day extension. *Id.*

5   Mr. Berretta informed Ms. Morrow that he would speak with representatives from LMA and

6   get back to her as soon as possible. *Id.* At no time during the phone call, however, did Ms.

7   Morrow inform LMA that it would file an *ex parte* request with the Court the following day.

8   *Id.* at ¶ 4. Before Mr. Berretta had an opportunity to get back to Ms. Morrow, defendants

9   filed the present *ex parte* on March 18, 2008.

10      Notably, defendants' *ex parte* appears to request an alternative relief to the 90 day

11  continuance of the ENE Conference offered to Mr. Berretta during the March 17, 2008

12  telephone call. Berretta Decl. at ¶ 3; Morrow Decl. at ¶ 3. While portions of the *ex parte* still

13  "request that the Court continue the ENE Conference for 90 days," defendants conclude the

14  *ex parte* by requesting "that this Court continue the ENE Conference 90 days *from the date*

15  *of Fenwick's appearance*." Motion at 3. Thus, Ms. Morrow was asking Mr. Berretta to

16  move the ENE to mid-July, but Ambu's *ex parte* now seeks a continuance to mid-June. LMA

17  was never consulted by defendants regarding this alternative request. As set forth above,

18  LMA was agreeable to a continuance of the ENE Conference to mid-May (about 80 days

19  after Judge Sabraw's February 25 Disqualification Order).

20      Following the filing of the *ex parte*, Mr. Berretta again contacted Ms. Morrow on

21  Wednesday, March 19, to reiterate that LMA would not oppose a request to continue the ENE

22  Conference by 30 days. *Id.* at ¶ 5. During the same call, LMA informed defendants that it

23  planned to drop United States Patent No. 5,303,697 ("the '697 patent") from the suit. *Id.* at

24  ¶ 5. Ms. Morrow indicated that defendants would like to see a written proposal regarding

25  dismissing the '697 patent from the suit, and LMA is in the process of preparing that

26  proposal. *Id.* Nevertheless, defendants appear to be maintaining their request for a

27  continuance of the ENE at least until mid-June.

28  / / /

Opp. to Defs' ex parte to Continue ENE
Case No. 07cv1988

### III. **DEFENDANTS HAVE FAILED TO IDENTIFY ANY EXTRAORDINARY CIRCUMSTANCE WARRANTING A 90 DAY CONTINUANCE**

In its Order Resetting the ENE Conference, this Court stated that "requests to continue ENEs are rarely granted" absent extraordinary circumstances. *See* February 26, 2008 Notice and Order Resetting ENE Conference in Patent Case at 3 (Doc. No. 42). Defendants have failed to point to any extraordinary circumstances necessitating a 90 day continuance.

On February 25, 2008, Judge Sabraw issued the Disqualification Order. In the Order, the Court instructed defendants to "promptly secure new counsel" and requested "the Magistrate Judge to schedule an ENE on this matter in approximately 30 days." *Id.* at 12-13. The ENE Conference was subsequently rescheduled for April 14, 2008, approximately 50 days after the Disqualification Order. *See* February 26, 2008 Notice and Order Resetting ENE Conference in Patent Case at 1 (Doc. No. 42).

Despite receiving an additional 20 days beyond the period requested by Judge Sabraw, defendants unreasonably maintain "Ambu will be at a severe disadvantage" unless it receives a further continuance of 90 days. Motion at 2. In arguing for the extension of time, defendants never disclose when they retained Fenwick as counsel and what efforts Fenwick has undertaken to meet the current ENE Conference schedule. Defendants were on notice that LMA would seek to disqualify Finnegan at least as early as November 2007, and could have retained Fenwick at any point going forward. If Fenwick was retained months ago, they should already have a good start in preparing the case. At a minimum, the recent flurry of motions filed by the Fenwick attorneys strongly suggests that defendants retained Fenwick prior to filing the Substitution of Counsel a few days ago.

Yet, even if defendants did not retain Fenwick until the day they filed their Substitution of Counsel on March 17, 2007, LMA has stated it would not oppose a request to continue the ENE Conference for 30 days, to May 14, 2008. Berretta Decl. at ¶ 3, 5. This extension would provide defendants' new attorneys almost 60 days to prepare for the ENE Conference from their appearance date, well within the typical period provided in the Southern District of California. Under the Local Patent Rules, the ENE Conference must be

Opp. to Defs' ex parte to Continue ENE
Case No. 07cv1988

1    scheduled "within 60 days of a defendant making its first appearance in the case."  Patent

2    Local Rule 2.1.a.  In the Southern District of California, the ENE Conference typically occurs

3    about 30-45 days from the date the defendant first appears.  Thus Fenwick is no worse off

4    than any typical defense counsel appearing in a newly filed case.

5        Defendants concern that the Disqualification Order forces their "new counsel...to

6    perform its own prior art search and re-aggregate Ambu's documents from their clients"

7    ignores reality.  Motion at 3.  The parties have been engaged in litigation in Europe over

8    laryngeal mask technology for years, so prior art patents or publications have already been

9    the subject of searches by defendants' non-conflicted foreign counsel.  Moreover, LMA has

10   recently decided to drop one of the two original patents-in-suit from the litigation,

11   substantially simplifying the matter for defendants.  Fenwick need not have all its prior art

12   searching or its client's document production completed by the time of the ENE Conference.

13       While defendants seek to delay these proceedings, defendants continue to compete

14   with LMA directly with products that infringe LMA's patent.    In this highly competitive

15   marketplace, once a hospital is won over as a customer by defendants, the business may not

16   be easily won back.  Thus, delay prejudices LMA's business on a daily basis.

17       Furthermore, in view of its pending motion to clarify the Disqualification Order,

18   Ambu's *ex parte* appears to be more tactically motivated as a means to delay this lawsuit

19   further and buy some time to seek improper reconsideration of the Disqualification Order.

20   However, defendants never objected to the form or scope of the Disqualification Order, nor

21   indicated in any way that defendants would be prejudiced if unable to utilize any work-

22   product generated by the Finnegan firm. Thus, any challenges to the Disqualification Order

23   are now waived, and LMA should not be forced abide any further delays in its case and spend

24   more attorney time and fees on the matter of Finnegan's conflict of interest.

25   / / /

26   / / /

27   / / /

28   / / /

Opp. to Defs' ex parte to Continue ENE
Case No. 07cv1988

1

## IV. CONCLUSION

Provided the substantial delay that has already occurred in this case and the recent elimination of one of the patents-in-suit, LMA asks this Court to deny defendants' request to continue the ENE Conference for 90 days. If the Court feels fairness requires an extension, LMA would stipulate to continuing the ENE Conference for a reasonable period of 30 days, to a date no later than May 14, 2008.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  March 20, 2008

By:  s/Frederick S. Berretta
      John B. Sganga
      jsganga@kmob.com
      Frederick S. Berretta
      fred.berretta@kmob.com
      Joshua J. Stowell
      joshua.stowell@kmob.com

Attorneys for Plaintiffs
THE LARYNGEAL MASK COMPANY LTD.
and LMA NORTH AMERICA, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2008, I caused the foregoing **PLAINTIFF'S OPPOSITION TO AMBU'S EX PARTE REQUEST TO CONTINUE APRIL 14, 2008 ENE CONFERENCE** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the applicable registered filing users.

Darryl M. Woo
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco CA 94104
dwoo@fenwick.com
T: 415-875-2300
F: 415-281-1350

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Dated: March 20, 2008

Megan Ptacin

5035239
031908