1  DARRYL M. WOO (CSB NO. 100513)
   dwoo@fenwick.com
2  CHARLENE M. MORROW (CSB NO. 136411)
   cmorrow@fenwick.com
3  RYAN J. MARTON (CSB NO. 223979)
   rmarton@fenwick.com
4  C. J. ALICE CHUANG (CSB NO. 228556)
   achuang@fenwick.com
5  FENWICK & WEST LLP
   555 California Street, 12th Floor
6  San Francisco, CA 94104
   Telephone: (415) 875-2300
7  Facsimile:  (415) 281-1350

8  Attorneys for Defendants
   AMBU A/S, AMBU INC., AMBU LTD., and
9  AMBU SDN. BHD.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMBU A/S, AMBU INC., AMBU LTD., and AMBU SDN. BHD., <br><br> Defendants. | Case No. 07-cv-1988-DMS (NLS) <br><br> AMBU'S REPLY BRIEF IN SUPPORT OF MOTION FOR CLARIFICATION OF FEBRUARY 25, 2008 ORDER GRANTING PLAINTIFFS' MOTION TO DISQUALIFY FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP AS DEFENDANTS' COUNSEL <br><br> Judge: Hon. Dana M. Sabraw <br> Date: April 18, 2008 <br> Time: 1:30 p.m. <br> Courtroom: 10 |
| AND RELATED COUNTERCLAIMS | |

Plaintiffs' (The Laryngeal Mask Company Ltd. and LMA North America, Inc. (collectively "LMA")) opposition to the current request for clarification should be seen for what it is; a ploy to force defendants, Ambu A/S, Ambu, Inc., Ambu Ltd. and Ambu Sdn. Bhd. (collectively "Ambu"), into incurring double the expense of collecting client documents from Ambu and double the expense of collecting prior art, by having Fenwick & West LLP ("Fenwick"), Ambu's new counsel, repeat all of the steps already taken in this case by Ambu's

AMBU'S REPLY ISO MOTION FOR
CLARIFICATION OF FEB. 28                                    CASE NO. 07-CV-1988-DMS
DISQUALIFICATION ORDER

1  prior counsel, Finnegan Henderson Farabow Garrett & Dunner, LLP.  Since there is no legitimate
2  contention that such client documents, or the content of the prior art, can have been influenced by
3  any LMA confidential information obtained during the initial consultation with Finnegan lawyers,
4  LMA's argument that it will be harmed if Ambu is not subjected to this additional expense should
5  be rejected.  As reflected in the declarations submitted by Finnegan in opposition to LMA's
6  Disqualification Motion, the only two Finnegan lawyers who met with LMA, John Williamson
7  and J. Michael Jakes, both swore under oath that they shared no LMA information with the
8  Finnegan lawyers who were representing Ambu.  *See* Declaration of J. Michael Jakes In
9  Opposition to Plaintiffs' Motion to Disqualify Finnegan Henderson Farabow Garret & Dunner,
10 LLP ¶¶ 11-15, Dkt. No. 24; Declaration of John M. Williamson In Opposition to Plaintiffs'
11 Motion to Disqualify Finnegan Henderson Farabow Garret & Dunner, LLP ¶ 11, Dkt. No. 25.
12 While their attempt to create a wall was not adequate to protect against disqualification, it does
13 make it an impossibility that the Finnegan work for Ambu was impacted by the communications
14 others had with LMA.

### A. Ambu's Documents Are NOT Work Product Or Infected by LMA Confidential Information

The client documents that are the subject of this motion are not themselves work product. As a practical matter, if an attorney's collection of his/her client documents were per se deemed to be work product, discovery procedures for party documents would take place in a manner quite different than they do.  If LMA were correct on the work product point, the party seeking discovery of the opposing party's documents would have to show "need of [such materials] … and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. Rule 26(b)(3).  The absurdity of this proposition belies LMA's position and, indeed, as explained in Ambu's opening brief, it is well established that preexisting documents do not become work product simply by virtue of being in an attorney's possession and/or reviewed by an attorney.  *See Visa U.S.A., Inc. v. First Data Corp.*, Case No. C-02-1786, 2004 U.S. Dist. LEXIS 17117, *27-29 (N.D. Cal. Aug. 23, 2004) (holding that attorney review of documents does not automatically render the documents themselves work

AMBU'S REPLY ISO MOTION FOR
CLARIFICATION OF FEB. 28                    2                    CASE NO. 07-CV-1988-DMS
DISQUALIFICATION ORDER

1   product); *see also United States ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 563 (C.D. Cal.

2   2003) (noting there was no dispute that the set of preexisting documents supporting a disclosure

3   statement prepared by an attorney was not work product); *Brown v. Hart, Schaffner, & Marx*, 96

4   F.R.D. 64, 68 (N.D. Ill. 1982) ("An attorney may not bring a document within the scope of the

5   work product rule simply by reviewing it if it was not originally prepared in anticipation of

6   litigation."). Accordingly, all Ambu documents collected by Finnegan for this case should be

7   turned over to Fenwick for review in discovery.

8         The alternative is to place Ambu's new counsel in a no-win situation, where it knows that

9   there are client documents in the possession of Finnegan, but cannot obtain them for review in

10  compliance with their discovery obligations. Had Ambu not sought the clarification it now seeks,

11  surely LMA would be arguing in the near future that Ambu's production is incomplete because

12  there was no effort to produce such documents.

13        It is also important to note that despite LMA's claims to the contrary, there is no harm to

14  LMA if Ambu's new counsel is given access to Ambu's own documents. As noted above, the

15  only evidence on the issue shows that the Finnegan attorneys who met with LMA did not

16  communicate with the attorneys who represented Ambu. *See* Jakes Decl. ¶¶ 11-15, Dkt. No. 24;

17  Williamson Decl. ¶ 11, Dkt. No. 25. Accordingly, it is literally impossible for LMA to be

18  damaged by this document production.

19      **B.**    <u>**The Prior Art Collected by Finnegan is NOT Work Product or Influenced by**</u>
20           <u>**LMA Confidential Information**</u>

21        With regard to prior art, LMA fails to establish either that the documents at issue are

22  either work product or influenced by LMA confidential information. LMA admits that the prior

23  art documents themselves do not constitute work product. (Opposition at 13.) As LMA admits,

24  such documents can consist of preexisting documents and things such as "commercial products,

25  issued patents, and published literature such as journal articles." (*Id.*) These documents and

26  things are not turned into work product simply by coming into the possession of an attorney.

27        Instead, LMA argues that Finnegan's selection of the documents constitutes work product,

28  and then argues that it will be harmed because these searches "are likely to have been influenced

AMBU'S REPLY ISO MOTION FOR
CLARIFICATION OF FEB. 28        3       CASE NO. 07-CV-1988-DMS
DISQUALIFICATION ORDER

by LMA's confidential information." (Opposition at 13.) However, as noted above, the only evidence on the issue shows that the Finnegan attorneys who met with LMA did not communicate with the attorneys who represented Ambu. *See* Jakes Decl. ¶¶ 11-15, Dkt. No. 24; Williamson Decl. ¶ 11, Dkt. No. 25. Accordingly, the collection of prior art was not infected by any LMA confidential information, and there can be no harm to LMA if the prior art documents are made available to Fenwick for use and production in this matter. Indeed, prior art is typically collected in reference to the patents-in-suit, which in turn are public documents.

### C. There is NO Per Se Rule Barring Access to Documents Found in the Files of Disqualified Counsel

LMA's proposal of a per se rule requiring that law firms disqualified because of receipt of confidential information from the opposing party in the same case be barred from turning over any part of their files to successor counsel finds no support in the law. As reflected in the cases cited in Ambu's opening brief, the work product of disqualified counsel is generally only withheld from new counsel when there is a reasonable possibility that such work product is actually influenced by the other side's confidences. *See*, *e.g.*, *First Wisconsin Mortgage Trust v. First Wisconsin Corp.*, 584 F.2d 201, 204-207 (7th Cir. 1978) (after noting that "[a] per se equation of denial of the work product to the disqualification of representation is not good law and the application of such a rule without more requires reversal," the Court accepted the proposition that the issue of whether or not to turn over work product turns on whether there exists "a reasonable possibility of confidential information being used in the formation of or being passed to substitute counsel through the work product in question."), *cited with approval by Actel Corp. v. QuickLogic Corp.*, Case No. C-94 20050 JW (PVT), 1996 U.S. Dist. LEXIS 11815, *29 (N.D. Cal. Apr. 23, 1996), *adopted*, 1996 U.S. Dist. LEXIS 11816 (N.D. Cal. May 29, 1996). Where the information at issue is not work product at all, the denial of access to that information is even less appropriate.

None of the cases LMA cites in support of its position are inconsistent with this. Indeed, in LMA's leading case, *Quark, Inc. v. Power Up Software Corp.,* 812 F. Supp. 178, 180 (D. Colo. 1992), the court imputed firmwide disqualification and precluded the sharing of the tainted firm's

1  work product with successor counsel because the infected lawyer did not provide any indication
2  that he had not shared the confidential information with others in his firm.  Similarly, in *Ez*
3  *Panter Corp. v. Padco, Inc*., 746 F.2d 1459 (Fed. Cir. 1984) the tainted counsel had not been
4  walled off from the rest of the firm and because of this fact, the Federal Circuit held it was not an
5  abuse of discretion for the district court to block the turnover of work product prepared by the
6  disqualified firm after the tainted lawyers joined the firm.  Last, in *Hallmark Cards, Inc. v.*
7  *Hallmark Dodge, Inc.*, 616 F. Supp. 516, 521 (D. Mo. 1985) the infected attorney joined a two
8  person firm representing the opposing party and was personally active on the case at the new
9  firm.  The Court denied transfer of the infected firm's file because there was a high likelihood
10  such files were influenced by the confidential information obtained via the previous
11  representation.
12  Ambu, on the other hand, has shown that the infection did not spread and provided
13  evidence that an ethical screen was set up immediately upon learning of the conflict to further
14  protect against any spread.  *See* Jakes Decl. ¶¶ 11-15, Dkt. No. 24; Williamson Decl. ¶ 11, Dkt.
15  No. 25.

### D.     **Ambu has NOT Waived its Right to Seek Clarification and This is Not a Motion for Reconsideration**

18  LMA's arguments that Ambu's motion is procedurally improper are misplaced.  Ambu is
19  not challenging this Court's February 25, 2008 Order, rather it is seeking clarification as to what
20  the Court intended by that Order.  Ambu and its new counsel are understandably concerned about
21  how to carry out both their discovery obligations, and their obligations under the Order, which
22  inter alia prohibited Finnegan's consultation with new counsel.  Obviously, Ambu's new counsel
23  were not in this case previously, and prior counsel could not have been expected to anticipate all
24  of new counsel's needs and concerns.  Ambu and its new counsel thus should not be discouraged
25  from seeking guidance from the Court when they are doing so such that they can carry out their
26  obligations to comply with the Court's Order.
27  Additionally, Ambu is not seeking reconsideration.  It has to the contrary complied with
28  the Court's Order to the letter, as well as with its spirit.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

### E. <u>Conclusion</u>

For the foregoing reasons, Ambu's motion for clarification should be granted and Ambu's new counsel should be given access to Ambu documents and prior art within Finnegan's possession.

Dated: April 11, 2008

FENWICK & WEST LLP

By:   /s/Darryl M. Woo
     Darryl M. Woo

Attorneys for Defendants
AMBU A/S, AMBU INC., AMBU LTD., and AMBU SDN. BHD.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule 5.2 on April 11, 2008.

By: s/Darryl M. Woo
Darryl M. Woo
E-mail: dwoo@fenwick.com