1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11

THE LARYNGEAL MASK COMPANY
LTD. and LMA NORTH AMERICA, INC.,

CASE NO. 07cv1988 DMS(NLS)

12

Plaintiffs,

**ORDER CLARIFYING ORDER
GRANTING MOTION TO
DISQUALIFY COUNSEL**

13

vs.

14
15

AMBU A/S, AMBU, INC., AMBU LTD.,
and AMBU SDN, BHD.

**[Docket No. 45]**

16

Defendants.
_____

17

AND RELATED COUNTERCLAIM.

18
19

    This matter comes before the Court on Defendants' motion for clarification of this Court's

20

February 25, 2008 Order disqualifying Finnegan Henderson Farabow Garrett & Dunner, LLP

21

("Finnegan") from acting as defense counsel in this case ("Disqualification Order"). Plaintiffs have

22

filed an opposition to the motion, and Defendants have filed a reply. In light of this motion, the Court

23

clarifies the Disqualification Order as indicated below.

24

**I.**

25

**BACKGROUND**

26

    On October 15, 2007, Plaintiffs The Laryngeal Mask Company LTD and LMA North America,

27

Inc. filed the present Complaint against Defendants Ambu A/S, Ambu Inc., Ambu Ltd. and Ambu

28

Sdn. Bhd. The Complaint alleges infringement of United States Patents Number 5,303,697 ("the '697

1  Patent") and 7,156,100 ("the '100 Patent"). Plaintiffs filed a First Amended Complaint on October

2  17, 2007, to which Defendants filed an Answer and Counterclaim on December 5, 2007. Plaintiffs

3  filed their Answer to the Counterclaim on December 20, 2007.

4      The following day, Plaintiffs filed a motion to disqualify Finnegan from acting as defense

5  counsel in this case. The basis for that motion was Plaintiffs' meeting with Finnegan to discuss its

6  possible representation of Plaintiffs in this case. The motion was fully briefed, and on February 25,

7  2008, the Court granted the motion. In the Disqualification Order, the Court stated: "Finnegan

8  Henderson Farabow Garrett & Dunner, LLP shall not represent or assist Defendants with this lawsuit

9  and shall not consult or share work product with new counsel." (Disqualification Order at 13.)

10      Defendants and their new counsel at Fenwick & West LLP ("Fenwick") seek clarification of

11  this particular statement in the Disqualification Order. Specifically, Defendants want to know whether

12  Fenwick may have copies of (1) all documents Defendants provided to Finnegan, and (2) all third

13  party documents in Finnegan's possession related to prior art.

**II.**

**DISCUSSION**

16      Defendants argue the Disqualification Order should be clarified to allow them to obtain the

17  requested documents for three reasons. First, they assert they will incur needless expense in

18  recollecting and recopying the documents they provided to Finnegan. Second, Defendants contend

19  that Fenwick will be unable to fully comply with its discovery obligations if these documents are not

20  turned over. Finally, Defendants argue they should not be penalized for Finnegan's conduct.

21  Plaintiffs argue the Disqualification Order is clear, and it prohibits the disclosure of the requested

22  documents.

23      In general, the Court agrees with Plaintiffs that the language of the Disqualification Order

24  prohibits disclosure of the requested documents. Providing the requested documents would involve

25  Fenwick "consulting" with Finnegan, and Finnegan providing "assistance" with the lawsuit, both of

26  which are prohibited by the Disqualification Order. On this basis alone, Fenwick is not entitled to the

27  requested documents.

28

07CV1988

1   Defendants' justifications for the documents are also unconvincing.  As to the first category,

2   it would seem those documents could just as easily be obtained from Defendants as they could from

3   Finnegan.  Presumably, Defendants kept a record of what documents were sent, and thus the time

4   required to recollect and recopy those documents should be minimal.  Defendants' records should also

5   alleviate Fenwick's concern that it receives the same documents that Defendants provided to

6   Finnegan.  To the extent Defendants' records do not do so, Fenwick will admittedly "be requesting

7   documents and other information" from its clients to comply with its discovery obligations.

8   Turning to the second category of documents, which consist of prior art references, those

9   documents should be available to the public.  Thus, Fenwick may access those documents without

10   resorting to Finnegan's files and records.[1]  Defendants argue it will be expensive for Fenwick to repeat

11   the prior art searches, but that cost does not outweigh the risk that Plaintiffs' confidential information

12   could be disclosed to Defendants.

### III.

### CONCLUSION

15   For these reasons, the Court finds its Disqualification Order prohibits Fenwick from obtaining

16   the requested documents from Finnegan.

17   **IT IS SO ORDERED**.

18   DATED:  May 15, 2008

19

20   HON. DANA M. SABRAW
United States District Judge

21

22

23

24

25

26

---

27   [1]  The parties devote considerable attention to the issue of whether these documents are protected by the work product doctrine, and thus, whether Finnegan may "share" the documents with Fenwick.  The Court finds it unnecessary to delve into this issue since providing the documents would constitute "assistance" and require "consultation" from Finnegan, both of which are precluded by the Disqualification Order.