1  John B. Sganga (State Bar No. 116,211)
   Frederick S. Berretta (State Bar No. 144,757)
2  Joshua J. Stowell (State Bar No. 246,916)
   KNOBBE, MARTENS, OLSON & BEAR, LLP
3  550 West C Street, Suite 1200
   San Diego, CA  92101
4  (619) 235-8550
   (619) 235-0176 (FAX)
5
   Vicki S. Veenker (State Bar No. 158,669)
6  Adam P. Noah (State Bar No. 198,669)
   SHEARMAN & STERLING LLP
7  1080 Marsh Road
   Menlo Park, CA  94025
8  (650) 838-3600
   (650) 838-3699 (FAX)
9
   Attorneys for Plaintiffs and Counter-Defendants
10 THE LARYNGEAL MASK COMPANY LTD.
   and LMA NORTH AMERICA, INC.
11

12 Darryl M. Woo (State Bar No. 100,513)
   Charlene M. Morrow (State Bar No. 136,411)
13 Ryan J. Marton (State Bar No. 223,979)
   Alice C.J. Chuang (State Bar No. 228,556)
14 FENWICK & WEST LLP
   555 California Street, 12th Floor
15 San Francisco CA  94104
   (415) 875-2300
16 (415) 281-1350 (FAX)

17 Attorneys for Defendants/Counterclaimants
   AMBU A/S, AMBU INC., AMBU LTD., and AMBU SDN. BHD.
18

19             IN THE UNITED STATES DISTRICT COURT

20            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

21

| | |
|---|---|
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., | Civil Action No. 07 CV 1988 DMS (NLS) |
| Plaintiffs, v. | **JOINT REPORT OF FRCP RULE 26(f) CONFERENCE OF COUNSEL AND PROPOSED DISCOVERY PLAN** |
| AMBU A/S, AMBU INC., AMBU LTD., and AMBU SDN. BHD., | **Judge Dana M. Sabraw** |
| Defendants. | **Magistrate Judge Nita L. Stormes** |
| AND RELATED COUNTERCLAIMS | |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Local Rules, on May 12, 2008 Plaintiffs The Laryngeal Mask Company Ltd. and LMA North America, Inc. (collectively "LMA") and Defendants/Counterclaimants AMBU, INC., AMBU A/S, AMBU LTD., and, AMBU SDN.BHD. (collectively "AMBU") conducted the required conference of counsel and hereby jointly file this report outlining the agreed case schedule and discovery plan, and setting forth any unresolved issues for further consideration by the Court.

## I. BACKGROUND

This is a patent infringement case in which LMA asserts that United States Patent No. 7,156,100 ("the '100 patent") entitled "Laryngeal Mask Airway Device" is infringed by AMBU's AuraOnce, Aura40, AuraFlex, and AuraStraight brands of laryngeal mask airway devices. LMA seeks damages, enhanced damages for willful infringement, and a permanent injunction against AMBU. AMBU has denied infringement of the '100 patent and has asserted affirmative defenses and counterclaims for patent invalidity and non-infringement. Additionally, AMBU SDN.BHD. has asserted that it has never had any involvement in the design, manufacture, sales or other conduct related to the accused laryngeal masks and accordingly has asked LMA to voluntarily dismiss it from the case. LMA has not yet indicated whether it will do so, and is investigating the matter.

In its First Amended Complaint, LMA also alleged infringement of United States Patent No. 5,303,697 ("the '697 patent") by AMBU. LMA and AMBU have now agreed to dismiss the '697 patent from this lawsuit. The parties are currently preparing a joint motion for dismissal of all claims and counterclaims with respect to the '697 patent.

## II. PROPOSED CASE SCHEDULE

The schedule set forth below reflects the agreed upon case schedule by the parties, subject to approval of the Court, including minor modifications to the Patent Local Rule schedule leading up to the Claim Construction Hearing to accommodate certain scheduling conflicts of counsel and major year end holidays.

///

| EVENT | DEADLINE |
|---|---|
| FRCP Initial Disclosures [FRCP 26(a)(1)] | May 28, 2008 |
| Submit Confidential ENE Statements | June 3, 2008 |
| ENE/ Initial Case Management Conference | June 10, 2008 |
| Plaintiff's Disclosure of Asserted Claims, Preliminary Infringement Contentions, and Document Production [Patent LR 3.1, 3.2] | June 24, 2008 |
| Defendant's Preliminary Invalidity Contentions and Document Production [Patent LR 3.3, 3.4] | August 25, 2008 |
| Exchange of Preliminary Proposed Claim Constructions and Extrinsic Evidence [Patent LR 4.1.a, 4.1.b] | September 8, 2008 |
| Exchange of Responsive Claim Constructions and Extrinsic Evidence [Patent LR 4.1.c, 4.1.d] | September 22, 2008 |
| Meet and Confer to Narrow Claim Construction Issues [Patent LR 4.1.e] | Before Oct. 6, 2008 |
| Joint Claim Construction Chart, Worksheet and Hearing Statement [Patent LR 4.2] | October 6, 2008 |
| Completion of Claim Construction Discovery [Patent LR 4.3] | November 7, 2008 |
| Exchange of Opening Claim Construction Briefs and Supporting Evidence [Patent LR 4.4.a] | November 25, 2008 |
| Exchange of Responsive Claim Construction Briefs and Rebuttal Evidence [Patent LR 4.4.b] | December 19, 2008 |
| Claim Construction Hearing [Patent LR 4.5] | January 26, 2009 [subject to Court calendar] |
| Plaintiff's Final Infringement Contentions if appropriate [Patent LR 3.6.a] | within 30 days of Claim Construction Ruling |
| Disclosure of Opinion re Willful Infringement and related materials [Patent LR 3.8] | within 30 days of Claim Construction Ruling |

| | |
|---|---|
| Defendant's Final Invalidity Contentions if appropriate [Patent LR 3.6.b] | within 50 days of claim construction ruling |
| Fact Discovery Cut-off | May 15, 2009 |
| Expert Reports due | May 29, 2009 |
| Rebuttal Expert Reports | June 19, 2009 |
| Expert Discovery Cut-off | July 17, 2009 |
| Last Day to File Dispositive Motions | August 14, 2009 |
| Pretrial Disclosures | October 9, 2009 |
| Pretrial Conference | October 30, 2009 |
| Trial | December 7, 2009 |

### III.  RULE 26 DISCOVERY ISSUES

A.  The parties agreed that no changes need be made to the form of Initial Disclosures, and agreed to serve Rule 26(a)(1) disclosures by May 28, 2008.  The parties agreed that they shall identify the location of any witnesses listed on their Initial Disclosures.

B.  The parties agreed that discovery may proceed on all issues relevant to infringement, willfulness, validity, enforceability and damages with respect to the '100 patent, and that discovery should not be conducted in phases.

C.  The parties agreed that discovery may be provided in electronic form, but presently differ on whether documents may be produced in native format with a separate spreadsheet showing bates numbers and confidentiality designations (AMBU's preference), or must be produced with bates numbers and confidentiality designations provided on the document images, such as in TIFF or PDF format (LMA's preference).  The parties will continue to try to resolve this difference.

D.  The parties shall include any agreed procedures as to privilege and the protection of trial preparation materials in a stipulated protective order, to be submitted to the Court for approval.

///

E. The parties discussed proposed changes to normal discovery limitations and reached certain agreements as follows:

1. <u>Depositions</u>: The parties agreed that expert depositions should not count towards a party's total allotment of depositions or deposition time, but could not agree on the total allotment of depositions or deposition time for each party.

a. <u>LMA's Position</u>: LMA believes that it will need more than 10 depositions because there will be at least three or four AMBU defendants involved in this dispute, and also to adequately conduct third party discovery with respect to damages issues as well as depositions of the relevant AMBU party witnesses. For example, there are at least six Group Purchasing Organizations ("GPO's") in the United States through which most hospitals negotiate and purchase the parties' competing products, not to mention the numerous doctors and hospital administrators involved in purchasing decisions. LMA therefore proposes that each side be permitted up to 20 depositions (or 150 total hours and subject to increase for good cause shown) not counting expert depositions, with no single percipient witness exceeding the normal seven hour limit without leave of Court (except as provided below in the case of a deposition witness requiring a translator). LMA further proposes that any time spent deposing an expert witness solely for purposes of claim construction discovery shall not count towards the normal seven hour limit for that same expert witness if later used in the case.

b. <u>AMBU's Position</u>: Ambu believes that the standard limit of 10 depositions excluding experts should be the presumptive limit, as it is more than adequate for the purposes of this case. In particular, as patent cases go, this is a relatively simple and small one. LMA is proceeding with only one patent; it has accused a single set of products that are similar to one and other; and Ambu has not asserted any of its patents against LMA. Indeed, much larger patent cases involving multiple patents and several different technologies and markets rarely warrant as many depositions as LMA is requesting here.

At this early stage in the case there is no justification to exceed the number of depositions the Federal Rules provide for. For example, Ambu believes that there would be

no need for depositions of AMBU SDN.BHD. given that that particular entity had no involvement in the design, manufacture, sales or other conduct related to the accused products. And, if in the future, 10 depositions turn out to be too few, the parties may utilize the procedures provided for by the Rules to obtain any further depositions needed.

The parties do agree, though, that the presumptive seven hour limit for a witness who must be deposed through a translator shall be increased to 11 hours. In addition, the parties reserve the right to object to a witness testifying in English at trial if he or she testified in another language at his or her deposition.

2. <u>Interrogatories</u>: The parties agree that each *side* (rather than each *party*) shall be limited to propounding a total of 25 interrogatories, subject to increase for good cause shown.

3. <u>Requests for Admissions</u>: The parties agree that each *side* shall also be limited to propounding a total of 25 requests for admissions (subject to increase for good cause shown), but that requests for admissions going solely to evidentiary issues, such as the authenticity and/or admissibility of evidence as a business record, shall not be counted against the 25 limit.

F. The parties shall separately submit to the Court a stipulated form of protective order to address the production and handling of confidential documents and information.

### IV. PATENT LOCAL RULE ISSUES

1. The proposed case schedule includes some minor modifications to the Patent Local Rule schedule leading up to the Claim Construction Hearing to accommodate certain scheduling conflicts of counsel and major year end holidays. This has resulted in shifting the Claim Construction Hearing approximately one month from late December 2008 to late January 2009.

2. The parties both anticipate presenting live testimony at the Claim Construction Hearing at this time.

3. The parties agreed that any declarants, whether expert or percipient witnesses, used for claim construction may be deposed by the other party in advance of the Claim

1  Construction Hearing during the Claim Construction discovery period.  The parties further
2  agreed that any time spent deposing percipient witnesses for claim construction purposes will
3  count towards the normal seven hour maximum of deposition time for that witness.
4        4.      The parties agreed that LMA as plaintiff may present first at the Claim
5  Construction Hearing, subject to the wishes of the Court.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 28, 2008                  By: s/Frederick S. Berretta
                                                  John B. Sganga
                                                  jsganga@kmob.com
                                                  Frederick S. Berretta
                                                  fberretta@kmob.com

Attorneys for Plaintiffs
THE LARYNGEAL MASK COMPANY LTD.
and LMA NORTH AMERICA, INC.


FENWICK & WEST LLP


Dated: May 28, 2008                    By: s/Darryl M. Woo
                                                    Darryl M. Woo
                                                    dwoo@fenwick.com
                                                  Charlene M. Morrow
                                                  cmorrow@fenwick.com

Attorneys for Defendants/Counterclaimants
AMBU A/S, AMBU INC., AMBU LTD., and AMBU SDN. BHD.

5440610

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2008, I caused the foregoing **JOINT REPORT OF FRCP RULE 26(f) CONFERENCE OF COUNSEL AND PROPOSED DISCOVERY PLAN** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the applicable registered filing users.

Darryl M. Woo
dwoo@fenwick.com
Ryan J. Marton
rmarton@fenwick.com
FENWICK & WEST LLP
s555 California Street, 12th Floor
San Francisco CA  94104
T: 415-875-2300
F: 415-281-1350

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Dated: May 28, 2008

_Megan Ptacin_
Megan Ptacin

5440610
052808