UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC.,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>AMBU A/S, AMBU INC., AMBU LTD., and AMBU SDN. BHD,<br><br>　　　　　　Defendants. | Civil No.07cv1988-DMS(NLS)<br><br>**NOTICE AND ORDER SETTING VOLUNTARY SETTLEMENT CONFERENCE** |

　　　A Voluntary Settlement Conference shall be conducted on ***September 18, 2008*** at ***9:30 a.m.*** in the chambers of United States Magistrate Judge Nita L. Stormes, U.S. Courthouse, 940 Front Street, Room 1118, San Diego, California 92101-8921.  Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers no later than ***September 15, 2008***.

**All parties are ordered to read and to fully comply with the attached SETTLEMENT CONFERENCE PROCEDURES.**

　　　**IT IS SO ORDERED**.

DATED: June 11, 2008

　　　　　　　　　　　　　　　　　　　　　　　　_/s/ Nita L. Stormes_
　　　　　　　　　　　　　　　　　　　　　　　　Hon. Nita L. Stormes
　　　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge

**CHAMBERS OF MAGISTRATE JUDGE NITA L. STORMES**

**SETTLEMENT CONFERENCE PROCEDURES**

**ATTENDANCE:** All parties, adjusters for insured defendants, and other representatives of a party **having full and complete authority to enter into a binding settlement**, and the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss settlement of the case. Full authority to settle means that the individuals at the settlement conference be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Pitman*, 216 F.R.D. at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods*, Inc., 270 F.3d 590, 595-597 (8th Cir. 2001). Failure of any of the aforementioned to appear **in person** will result in the imposition of sanctions. Where settlement authority rests with a governing body, counsel shall propose special arrangements in advance for securing timely authority to settle.

**SETTLEMENT CONFERENCE BRIEFS**: All parties are required to lodge a **confidential** settlement brief prior to the Settlement Conference. Please refer to the Court's order for the date by which the brief is due. Settlement briefs should not exceed ten (10) pages in length, double spaced, exclusive of exhibits, if any. Copies of all documents that might enhance the productivity of negotiations (e.g., contracts, key correspondence or memos, reports of experts, photos, medical bills, wage loss statements, selected pages from deposition transcripts or responses to other discovery) should be attached as exhibits to the settlement briefs with significant portions highlighted for easy reference. Parties may also attach as exhibits helpful judicial opinions and information about the settlement or judgment value of comparable cases.

\* \* \* \*

**IN ADDITION TO THE ABOVE INFORMATION, EACH BRIEF SHALL SET FORTH AT A MINIMUM, THE FOLLOWING "REQUIRED" CONFIDENTIAL INFORMATION:**

\* \* \* \*

(1) A brief analysis of the key issues involved in the litigation;
(2) A description of the strongest and weakest legal and factual points in the party's case;
(3) A description of the strongest and weakest legal and factual points in the opponent's case;
(4) The status of any settlement negotiations, including the last settlement proposal made by each party; and
(5) The settlement proposal that the party is willing to make in order to conclude the matter and spare the further expense of litigation.

Parties should hand deliver, mail, or electronically mail [efile_stormes@casd.uscourts.gov] the **original only** of settlement briefs directly to chambers. FAX briefs will not be accepted. *__Settlement briefs are confidential and shall not be served on opposing parties nor shall they be filed with the Clerk of the Court__*.