1  DARRYL M. WOO (CSB NO. 100513)
   CHARLENE M. MORROW (CSB NO. 136411)
2  RYAN J. MARTON (CSB NO. 223979)
   C. J. ALICE CHUANG (CSB NO. 228556)
3  DENNIS FAIGAL (CSB NO. 252829)
   FENWICK & WEST LLP
4  555 California Street
   12th Floor
5  San Francisco, CA 94104
   Telephone: (415) 875-2300
6  Facsimile: (415) 281-1350

7  Attorneys for Defendants
   AMBU A/S, AMBU INC., AMBU LTD., and
8  AMBU SDN. BHD.

9

10                    UNITED STATES DISTRICT COURT

11                  SOUTHERN DISTRICT OF CALIFORNIA

12

13  THE LARYNGEAL MASK COMPANY          Case No. 3:07-cv-01988-DMS-NLS
    LTD. and LMA NORTH AMERICA,
    INC.,
14                                      **DEFENDANTS AMBU A/S, AMBU INC.,**
                                        **AMBU LTD., AND AMBU SDN. BHD.'S**
15                Plaintiffs,           **MEMORANDUM OF POINTS AND**
                                        **AUTHORITIES IN SUPPORT OF MOTION**
16        v.                            **FOR LEAVE TO AMEND ANSWER AND**
                                        **COUNTERCLAIMS**
17  AMBU A/S, AMBU INC., AMBU LTD.,
    and AMBU SDN. BHD.,                 Judge:     Honorable Dana M. Sabraw
18                                      Date:      August 22, 2008
                  Defendants.           Time:      1:30 p.m.
19                                      Courtroom: 10

20

21  AMBU A/S, AMBU INC., AMBU LTD.,
    and AMBU SDN. BHD.,
22
                  Counterclaimants,
23
          v.
24
    THE LARYNGEAL MASK COMPANY
25  LTD. and LMA NORTH AMERICA,
    INC.,
26
                  Counter-Defendants.
27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## I.    INTRODUCTION

Counterclaimants Ambu A/S, Ambu Inc., Ambu Ltd., and Ambu Sdn. Bhd. (collectively "Ambu") request leave to file the proposed Amended Answer and Counterclaims that is attached hereto as Exhibit A.  Ambu seeks such leave in order to add counterclaims of false advertising, trade libel, intentional interference with prospective economic relations, and unfair competition against Counterdefendants The Laryngeal Mask Company Ltd. and LMA North America, Inc (collectively "LMA").[1]  These claims, which are brought in good faith and not for the purposes of delay, relate to LMA's efforts to sell against Ambu's allegedly infringing products by making false statements about them, including false claims that Ambu products cause nerve damage, and that institutional buyers have switched to buying LMA's products as a result.

Ambu respectfully requests that the Court grant this motion for leave because the litigation is in its early stages, with minimal discovery conducted to date, and because this request is made before the deadline for amendments set in the Court's Scheduling Order Regulating Discovery and Other Pretrial Proceedings in Patent Case (Dkt. No. 58) ("Scheduling Order").  As a result, any potential prejudice to LMA is minimal, outweighed by Ambu's good cause for amending, the strong policy in favor of allowing parties to amend their pleadings, and the judicial efficiency that comes with the ability to resolve these counterclaims in the same action with the existing claims.

## II.    BACKGROUND

Ambu and LMA are competitors who market and sell laryngeal mask airway devices.  In the present litigation, LMA alleges that Ambu's products infringe one of its patents.[2]  Several years ago, LMA published a brochure that falsely claimed that Ambu's laryngeal masks caused damage to the hypoglossal nerve.  Declaration of Henrik Wendler ("Wendler Decl.") ¶¶ 3-4.  The brochure is largely based on misleading characterizations of a study performed by David Z. Ferson, M.D. ("the Ferson Study") that purported to test and compare the performance of various

---

[1] Ambu Inc. previously submitted an Answer and Counterclaims separate from Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd.  See Dkt. No. 15.  The instant proposed Amended Answer and Counterclaims consolidates these parties' answers and counterclaims into a single pleading.

[2] LMA originally sued on two patents, but has since agreed to withdraw one of them.

1  laryngeal mask devices including Ambu's product. *Id.* ¶ 3. LMA's sales representatives have
2  used the brochure and referenced the deceptive conclusions drawn from the Ferson Study in
3  communications with Ambu's customers and prospective customers in an attempt to dissuade
4  them from doing business with Ambu. *Id.* ¶ 4. In addition, LMA's sales representatives have
5  falsely stated to Ambu's customers and prospective customers that certain institutions have
6  switched from purchasing Ambu's products to LMA's products. *Id.* ¶ 5. The LMA sales
7  representatives referred to the false conclusions of potential nerve damage caused by Ambu's
8  products as some of the reasons for the institutions' defection from Ambu to LMA. *Id.*

9      Until recently, Ambu was under the impression that LMA had stopped communicating the
10  aforementioned falsehoods regarding the safety of Ambu's products or Ambu's business
11  relationships. *Id.* ¶ 6. However, Ambu has very recently learned, in July this year, that LMA is
12  continuing to contact Ambu's customers and prospective customers, making the above deceptive
13  claims about Ambu's laryngeal masks. *Id.*

14      Accordingly, Ambu now seeks leave to amend its Counterclaims in order to address
15  LMA's improper business practices, which constitute: (1) false advertising in violation of § 43(a)
16  of the Lanham Act and Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (2) trade libel in violation of
17  Cal. Civil Code § 45; (3) intentional interference with prospective economic relations; and
18  (4) unfair competition pursuant to Cal. Bus. & Prof. Code §§ 17200, *et. seq.*

19  **III.    ARGUMENT**

20      **A.    Legal Standards**

21      Federal Rule of Civil Procedure 15 provides that the Court shall grant leave to amend
22  pleadings freely when justice so requires. In exercising its discretion, "'a court must be guided by
23  the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the
24  pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir.
25  1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). This policy of
26  granting motions to amend must be applied with "extreme liberality." *Eminence Capital, LLC v.*
27  *Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2002); *see Bowles v. Reade*, 198 F.3d 752, 757 (9th
28  Cir. 1999). In fact, in the absence of prejudice to the non-movant, or a strong showing on any

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    other relevant factors, "there exists a *presumption* under Rule 15(a) in favor of granting leave to

2    amend." *Eminence Capital,* LLC, 316 F.3d at 1052 (emphasis in original).  Furthermore,

3    "[a]mendments seeking to add claims are to be granted more freely than amendments adding

4    parties." *Union P.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

5         The Ninth Circuit considers the following four factors when determining whether to grant

6    a motion for leave to amend a pleading:  (1) whether the movant seeks to amend in bad faith; (2)

7    whether the amendment would prejudice the opposing party; (3) whether the movant unduly

8    delayed in moving to amend; and (4) the proposed amendment's futility.  *Lockheed Martin Corp.*

9    *v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).  All of the factors here point

10   towards allowing Ambu's proposed amended pleading.

11        **B.      Ambu Brings This Motion in Good Faith and Without a Dilatory Purpose.**

12        Ambu brings this motion shortly after its recent discovery on or around July 1, 2008, that

13   LMA has not abated its misconduct involving false and misleading information about Ambu's

14   products and its business relationships with certain customers.  *See* Wendler Decl. ¶ 6;

15   Declaration of Charlene M. Morrow ("Morrow Decl.") ¶ 2.  After what seemed like a period of

16   abatement, Ambu learned from its sales staff on July 1, 2008 that LMA's misconduct had

17   resurfaced.  Wendler Decl. ¶ 6.  Ambu is by this motion thus promptly—and before the deadline

18   set by the Court's Scheduling Order—seeking leave to amend its answers and counterclaims, and

19   is not seeking to delay the litigation or otherwise act in bad faith.

20        **C.      LMA Will Not Be Prejudiced by the Amendment.**

21        Ambu's proposed amendment to its Counterclaims will not prejudice LMA.  Undue

22   prejudice within the meaning of Rule 15(a) means "substantial prejudice or substantial negative

23   effect," for example where amendments would "'greatly alter[ ] the nature of the litigation and

24   would . . . require[ ] defendants to . . . undertake[ ], *at a late hour*, an entirely new course of

25   defense.'"  *SAES Getters, S.P.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002)

26   (emphasis added) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th

27   Cir. 1990)); *see also Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 985-86

28   (9th Cir. 1999) (a delay of proceedings caused by the reopening of discovery required by an

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   amended pleading constitutes prejudice).

2       No such prejudice will accrue here.  The proposed counterclaims relate to the very devices

3   that LMA accuses of infringing the patent-in-suit, and against which LMA sells.  Discovery in

4   this case has just begun, and more than ample time remains for LMA to carry out whatever

5   discovery or other preparation it may deem necessary to respond to Ambu's new counterclaims.

6   *See* Scheduling Order (Dkt. No. 58) at ¶¶ 14-25.  Fact discovery is not due to be completed for

7   another ten months, and trial is not scheduled to begin until December 2009.  *Id.* at ¶¶ 17, 25.

8   Thus, any potential prejudice that the addition of these counterclaims may cause to LMA is *de*

9   *minimus* at best.

10      **D.     Ambu did not Unduly Delay in Seeking to Amend its Counterclaims.**

11      There has been no undue delay by Ambu in seeking the amendments at issue.  Ambu only

12  recently learned around July 1 that LMA has not abated its illegal sales and marketing tactics, and

13  Ambu then immediately sought a stipulation from LMA to allow filing of the amended

14  counterclaims.  Morrow Decl. ¶¶ 2-3, Ex. A.  LMA initially responded by requesting to see a

15  draft of the proposed amended pleading before deciding whether to stipulate to the filing.  *Id.* at ¶

16  4.  However, before a draft of the proposed amended pleading could be sent, LMA informed

17  Ambu that it would refuse to consent to this filing.  *Id.* at ¶ 5.

18      Moreover, where, as here, there is an absence of substantial prejudice and bad faith, *see*

19  discussion *supra* at Part III.C., mere delay alone, even if it were present, is not grounds for

20  denying a motion for leave to amend.  *Bowles*, 198 F.3d at 757-58.

21      **E.     Ambu's Additional Counterclaims are Not Futile.**

22      Furthermore, Ambu's proposed amendment is not futile.  *See Saul v. United States*, 928

23  F.2d 829, 843 (9th Cir. 1991).  Where discovery is not yet complete, the proposed amendment is

24  futile only if there is no set of potential facts under the amended complaint that could constitute a

25  valid claim or defense.  *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *see*

26  *also SAES Getters*, 219 F. Supp. 2d at 1086 ("[A]n amendment is 'futile' only if it would clearly

27  be subject to dismissal.").  That is not the case here.  Ambu alleges facts sufficient to support each

28  of its newly asserted counterclaims and the Court should accordingly grant Ambu leave to amend.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

**IV.    CONCLUSION**

2         For the foregoing reasons, Ambu respectfully requests that this Court grant its motion for

3  leave to file its Amended Answer and Counterclaims.

4

5  Dated: July 11, 2008                          FENWICK & WEST LLP

6
                                                 By: s/**Dennis Faigal**
7                                                        Dennis Faigal

8                                                Attorneys for Defendants
                                                 AMBU A/S, AMBU INC., AMBU LTD., and
9                                                AMBU SDN. BHD.
                                                 Email: dfaigal@fenwick.com
10                                                                                *1287818*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

# EXHIBIT A

1   DARRYL M. WOO (CSB NO. 100513)
    CHARLENE M. MORROW (CSB NO. 136411)
2   RYAN J. MARTON (CSB NO. 223979)
    C. J. ALICE CHUANG (CSB NO. 228556)
3   DENNIS FAIGAL (CSB NO. 252829)
    FENWICK & WEST LLP
4   555 California Street
    12th Floor
5   San Francisco, CA 94104
    Telephone: (415) 875-2300
6   Facsimile:  (415) 281-1350

7   Attorneys for Defendants
    AMBU A/S, AMBU INC., AMBU LTD., and
8   AMBU SDN. BHD.

9

10                 UNITED STATES DISTRICT COURT

11                SOUTHERN DISTRICT OF CALIFORNIA

12

13  THE LARYNGEAL MASK COMPANY          Case No.  3:07-cv-01988-DMS-NLS
    LTD. and LMA NORTH AMERICA,
    INC.,                               Jury Trial Demanded
14
                                        **DEFENDANTS AMBU A/S, AMBU INC.,**
15               Plaintiffs,            **AMBU LTD., and AMBU SDN. BHD.'s**
                                        **FIRST AMENDED ANSWER AND**
16        v.                            **COUNTERCLAIMS**

17  AMBU A/S, AMBU INC., AMBU LTD.,      Magistrate Judge Nita L. Stormes
    and AMBU SDN. BHD.,
18
                 Defendants.
19

20        Defendants Ambu A/S, Ambu Inc., Ambu Ltd., and Ambu Sdn. Bhd. (collectively

21  "Ambu" or "Defendants") by and through their attorneys hereby answer the First Amended

22  Complaint for Patent Infringement ("the Amended Complaint") of Plaintiffs The Laryngeal Mask

23  Company Ltd. and LMA North America, Inc. (collectively "Plaintiffs") as follows:

24                    __JURISDICTION AND VENUE__

25        1.    Ambu admits that the Amended Complaint purports to allege claims for patent

26  infringement under the patent laws of the United States (Title 35 of the United States Code).

27        2.    Ambu admits that this Court has subject matter jurisdiction, pursuant to 28 U.S.C. §§

28  1331 and 1338(a).

DEFENDANT'S FIRST AMENDED
ANSWER AND COUNTERCLAIMS              1          CASE NO. 3:07-CV-01988-DMS-NLS

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

3.      Ambu admits that, for the purpose of this litigation, venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c) and (d) and under 28 U.S.C. § 1400(b), and denies all other allegations contained in Paragraph 3.

## THE PARTIES

4.      Ambu is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4, and therefore demand strict proof as to each allegation.

5.      Ambu admits only that United States Patent No. 5,303,697 ("the '697 patent") issued on April 19, 1994, and that United States Patent No. 7,156,100 ("the '100 patent") issued on January 2, 2007. Ambu admits only that The Laryngeal Mask Company Ltd. ("LMC") is listed as the owner by assignment of the '697 patent and the '100 patent. Upon information and belief, Ambu denies that the '697 and '100 patent were duly and lawfully issued.

6.      Ambu is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 and therefore demand strict proof as to each allegation.

7.      Admitted.

8.      Ambu admits only that Ambu Inc. is a corporation organized and existing under the laws of the State of Maryland with its principal place of business at 6740 Baymeadow Drive, Glen Burnie, Maryland 21060, and demand strict proof as to all other allegations contained in Paragraph 8.

9.      Ambu admits only that Ambu Ltd. is a corporation organized and existing under the laws of the Peaple's Republic of China with its principal place of business at Warehouse & Process Complex Building, No. C, Xiang Yu F.T.Z. Xiamen, 361006 China, and demand strict proof as to all other allegations contained in Paragraph 9.

10.     Ambu admits only that Ambu Sdn. Bhd. Is a corporation organized and existing under the laws of Malaysia with its principal place of business at Lot 69B, Lintang Bayan Lepas 6, Phase IV, 11900 Penang, Malaysia, and demand strict proof as to all other allegations contained in Paragraph 10.

11.     Ambu admits only that Ambu Inc. distributes, imports, offers to sell, and sells in the United States certain laryngeal mask airway devices that Plaintiffs allege infringe the '697 patent

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   and the '100 patent, including the Ambu AuraOnce, Aura40, AuraFlex, and AuraStraight brands

2   of laryngeal mask airway devices.  Ambu denies and demands strict proof of all other allegations

3   contained in Paragraph 11.

4       12.    Ambu admits only that Ambu Inc. does business in this judicial district.  Ambu denies

5   and demands strict proof of all other allegations contained in Paragraph 12.

6                   **ANSWER TO FIRST CLAIM FOR RELIEF**

7       13.    Ambu incorporates by reference their responses and allegations as set forth herein in

8   Paragraphs 1 through 12 above.

9       14.    Denied.

10      15.    Ambu A/S admits that it had actual knowledge of the '697 patent prior to the alleged

11  acts of infringement. Ambu Ltd. and Ambu Sdn. Bhd. deny that they had actual knowledge of the

12  '697 patent prior to the alleged acts of infringement.

13      16.    Denied.

14      17.    Denied.

15      18.    Denied.

16                  **ANSWER TO SECOND CLAIM FOR RELIEF**

17      19.    Ambu incorporates by reference their responses and allegations as set forth herein in

18  Paragraphs 1 through 12 above.

19      20.    Denied

20      21.    Ambu A/S admits that it had actual knowledge of the '100 patent prior to the alleged

21  acts of infringement. Ambu Ltd. and Ambu Sdn. Bhd. deny that they had actual knowledge of the

22  '100 patent prior to the alleged acts of infringement.

23      22.    Denied.

24      23.    Denied.

25      24.    Denied.

26                          **PRAYER FOR RELIEF**

27      Ambu hereby denies that Plaintiffs are entitled to judgment on any allegations or counts

28  asserted in the Complaint or the First Amended Complaint and further deny that Plaintiffs are

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  entitled to the relief requested in the Complaint or the First Amended Complaint.

2      Ambu further avers that any allegations not deemed to be specifically addressed in this

3  Answer are hereby denied.

4  ### **AFFIRMATIVE DEFENSES**

5  ### **First Affirmative Defense**

6  25.    Upon information and belief, Ambu has not infringed and does not infringe, either

7  directly, contributively, or by inducement, any valid claim of the '697 or '100 patents (collectively

8  "the Patents-in-Suit"), either literally or under the doctrine of equivalents.

9  ### **Second Affirmative Defense**

10  26.    Upon information and belief, the Patents-in-Suit are invalid for failure to meet

11  requirements of one or more sections of Title 35, United States Code, and/or Title 37, Code

12  Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 102 and 103.

13      Ambu reserves the right to amend their defenses further as additional information is

14  developed through discovery or otherwise.

15  ### **REQUEST FOR RELIEF**

16      Ambu prays that this Court enter judgment against Plaintiffs:

17  A.    Dismissing Plaintiffs' Amended Complaint with prejudice;

18  B.    Declaring that Plaintiffs recover nothing from Ambu;

19  C.    Awarding Ambu its costs and disbursements in this action; and

20  D.    Granting Ambu such other and further relief as this Court deems just and proper.

21  ### **COUNTERCLAIMS**

22  Ambu asserts the following counterclaims:

23  1.    Ambu incorporates by reference its responses and allegations as set forth herein in

24  Paragraphs 1 through 26 above.

25  ### **THE PARTIES**

26  2.    Defendant and counterclaimant Ambu A/S is a corporation organized and existing

27  under the laws of the Kingdom of Denmark with its principal place of business at Baltorpbakken

28  13, DK-2750 Ballerup, Denmark.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

DEFENDANT'S FIRST AMENDED
ANSWER AND COUNTERCLAIMS                    4                    CASE NO.  3:07-CV-01988-DMS-NLS

1    3.    Defendant and counterclaimant Ambu Inc. is a corporation organized and existing

2    under the laws of the State of Maryland with its principal place of business at 6740 Baymeadow

3    Drive, Glen Burnie, Maryland 21060.

4    4.    Defendant and counterclaimant Ambu Ltd. is a corporation organized and existing

5    under the laws of the People's Republic of China with its principal place of business at

6    Warehouse & Process Complex Building, No. C, Xiang Yu F.T.Z. Xiamen, 361006 China.

7    5.    Defendant and counterclaimant Ambu Sdn. Bhd. is a corporation organized and

8    existing under the laws of Malaysia with its principal place of business at Lot 69B, Lintang Bayan

9    Lepas 6, Phase IV, 11900 Penang, Malaysia.

10    6.    Plaintiff The Laryngeal Mask Company Ltd. ("LMC") has alleged in Paragraph 4 of

11    the Amended Complaint that it is a corporation organized and existing under the laws of the

12    Republic of Seychelles with its principal place of business at Le Rocher, Mahi, Seychelles.

13    7.    Plaintiff LMA North America, Inc. ("LMNA") has alleged in Paragraph 6 of the

14    Amended Complaint that it is a corporation organized and existing under the laws of the State of

15    Nevada with its principal place of business at 4660 La Jolla Village Drive, San Diego, California,

16    92122, and that it is an affiliate of LMC.

17    8.    Plaintiff LMC has alleged in Paragraph 5 of the Amended Complaint that it is the

18    owner by assignment of the Patents-in-Suit.

19    9.    Plaintiff LMNA has alleged in Paragraph 6 of the Amended Complaint that it is the

20    exclusive licensee of the Patents-in-Suit.

21    **JURISDICTION AND VENUE**

22    10.    These counterclaims arise under the Federal Declaratory Judgment Act and the Patent

23    Laws of the United States, more particularly, under 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C.

24    §§ 100 et seq., respectively. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and

25    2201.

26    11.    There is an actual controversy between Ambu and Plaintiffs regarding the validity and

27    infringement of the Patents-in-Suit.

28    12.    Venue pursuant to 28 U.S.C. § 1391 in this judicial district for the following

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  counterclaim of Ambu is proper because Plaintiffs have consented to this venue by asserting and

2  filing claims of patent infringement against Ambu.

### COUNTERCLAIM FOR DECLARATORY JUDGMENT

#### First Counterclaim
#### (Non-Infringement)

6      13.    Upon information and belief, Defendants have not infringed and do not infringe, either

7  directly, contributively, or by inducement, any valid claim of Patents-in-Suit, either literally or

8  under the doctrine of equivalents.

#### Second Counterclaim
#### (Invalidity)

11      14.    Upon information and belief, the Patents-in-Suit are invalid for failure to meet the

12  requirements of one or more sections of Title 35, United States Code, and/or Title 37, Code of

13  Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 102 and 103.

### COUNTERCLAIM FOR DAMAGES AND EQUITABLE RELIEF

### FACTS

16  **I.    False Advertising that Ambu's Laryngeal Masks Cause Nerve Damage.**

17      15.    LMA falsely claims in its advertising and other marketing materials that Ambu's

18  laryngeal mask airway products cause nerve damage to patients, and are thus unsafe and inferior

19  to LMA's products.  Their false claims include misleading and deceiving characterizations of, and

20  conclusions about, a study conducted by David Z. Ferson, M.D. ("the Ferson Study") in a

21  marketing brochure that LMA created, entitled "A Comparative Anatomical Study" ("the LMA

22  Brochure").

23      16.    The Ferson Study does not reliably support LMA's claims regarding the safety and

24  inferiority of LMA's products.  Also, the LMA Brochure shows doctored and/or misleading

25  helical computed topography ("CT") scans.  The Brochure further falsely suggests that the higher

26  position of Ambu's mask in the patient's airway causes nerve damage because the mask could

27  press on the hyoid bone which in turn presses on the hypoglossal nerve.

28  / / /

17.     LMA has communicated and, on information and belief, continues to communicate, the falsehoods contained in the Brochure to Ambu's customers and potential customers. LMA has distributed the Brochure to such customers by mail, the internet, and its sales force. Ambu is informed and believes that even during sales calls, visits, and other communications, LMA's sales representatives have and continue to claim that Ambu's laryngeal mask products cause nerve damage, often referring to the Ferson Study, in an effort to dissuade Ambu's customers and potential customers from doing business with Ambu and divert them to LMA.

II.     **LMA's False and Misleading Statements that Ambu's Customers Switched Back to LMA.**

18.     LMA has communicated and, on information and belief, continues to communicate, false and misleading statements that several customers have switched from purchasing LMA's laryngeal masks to Ambu's laryngeal masks only to switch back to using LMA's products. LMA has claimed and, on information and belief, continues to claim, that these customers switched back to LMA from Ambu for clinical and/or safety reasons, often referring to the Ferson Study and/or the false conclusions LMA has drawn from it. In addition to the Ferson Study being misleading, LMA's claims that these customers have switched back to LMA after trying Ambu's laryngeal mask products is false.

19.     LMA has made such false claims to Ambu's customers and potential customers through its sales representatives during sales calls, visits, emails, and other communications in order to dissuade these customers from doing business with Ambu and divert them to LMA.

20.     LMA has also published an advertisement that includes these false statements, specifying eleven (11) customers as having switched back to LMA from Ambu. This advertisement is particularly misleading because (1) several of the customers were never actual customers of Ambu, and cannot reliably have assessed the safety of Ambu's laryngeal mask products, and (2) three of the eleven facilities listed belong to one account.

/ / /

/ / /

/ / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1
2

### Third Counterclaim
**(Violation of § 43(a) of the Lanham Act – False Advertising)**
**(15 U.S.C. § 1125)**

3
4

21.     Ambu realleges and incorporates Counterclaim paragraphs 1-12 and 15-20 into this Counterclaim as if set forth herein.

5
6
7
8
9

22.     LMA's conduct, as averred above, constitutes false or misleading descriptions of fact, and/or false, untrue or misleading representations of fact in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).  Such statements and advertising made by LMA are likely to deceive, and are intended to mislead those who see or hear them.  Such deception is likely to influence the purchasing decision of those who read or hear these statements and advertisements.

10
11

23.     LMA's conduct, as averred above, constitutes commercial advertising and/or promotion of its own products.

12

24.     LMA's conduct, as averred above, relates to Ambu's products.

13
14
15

25.     As a direct and proximate result of LMA's wrongful conduct, as alleged above, Plaintiff has been and will be deprived of substantial sales and goodwill in an amount as yet unknown but to be proved at trial.

16
17
18
19

26.     On information and belief, such violation will continue unless LMA is enjoined by this Court.  Ambu is therefore entitled to preliminary and permanent injunctive relief restraining LMA, its officers, agents and employees, and all persons acting in concert with it, from engaging in any further acts in violation of Section 43(a) of the Lanham Act.

20
21

### Fourth Counterclaim
**(False Advertising Under California Business and Professions Code § 17500, et seq.)**

22
23

27.     Ambu realleges and incorporates Counterclaim paragraphs 1-12 and 15-26 into this Counterclaim as if set forth herein.

24
25
26

28.     LMA has, by its conduct alleged above, made false and misleading statements which were and are known or which, by the exercise of reasonable care, should have been known to LMA to be false and misleading in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

27
28

29.     Such statements made by Defendants are likely to deceive, and intended to mislead those who see or hear them.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    30.    LMA's false and misleading statements are in violation and derogation of Ambu's

2    rights.  As a direct and proximate result of LMA's false and misleading statements, Ambu has

3    suffered and will continue to suffer irreparable harm.

4    31.    As a direct and proximate result of LMA's false and misleading statements, Ambu has

5    suffered loss, damage and injury entitling Ambu to restitution of all amounts unlawfully gained

6    by LMA, including disgorgement of profits earned by LMA.

7    32.    LMA threatens to continue to engage in such unlawful acts, and unless and until

8    restrained and enjoined by this Court, will do so.  Ambu's remedy at law is not by itself adequate

9    to compensate Ambu for the harm inflicted and threatened by LMA.  Ambu is therefore entitled

10    to preliminary and permanent injunctive relief restraining LMA, its officers, agents and

11    employees, and all persons acting in concert with it, from engaging in any further acts in violation

12    of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

**Fifth Counterclaim**
**(Trade Libel)**
**(Cal. Civil Code § 45)**

13

14

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

15    33.    Ambu realleges and incorporates Counterclaim paragraphs 1-12 and 15-32 into this

16    Counterclaim as if set forth herein.

17    34.    LMA knowingly made false statements to disparage and misrepresent the nature,

18    character, and quality of Ambu's goods.  These statements were made to third parties.

19    35.    LMA's statements were made of and concerning Ambu's laryngeal mask products and

20    were understood by those who read or heard the statements as such.  LMA's statements

21    disparaged Ambu's business products by falsely describing customer dissatisfaction with the

22    products and mischaracterizing the functionality and safety of the products.

23    36.    The purpose and effect of LMA's false statements have been to injure Ambu and to

24    hinder Ambu's ability to market and sell its business products.

25    37.    As a direct, proximate, and foreseeable result of LMA's intentional and wrongful

26    publications and communications of false statements about Ambu's laryngeal mask products,

27    LMA has disrupted Ambu's relationships with its customers, and thereby caused damages to

28

1 Ambu, including, but not limited to, actual and potential loss of current and prospective

2 customers and business.

3     38.     As a direct and proximate result of LMA's unlawful acts herein alleged, Ambu has

4 suffered and will continue to suffer irreparable harm. LMA threatens to continue to engage in

5 such unlawful acts, and unless and until restrained and enjoined by this Court, will do so.

6 Ambu's remedy at law is not by itself adequate to compensate LMA for the harm inflicted and

7 threatened by Ambu. LMA is therefore entitled to preliminary and permanent injunctive relief

8 restraining LMA, its officers, agents and employees, and all persons acting in concert with it,

9 from engaging in any further acts in violation of Cal. Civil Code § 45.

10                                 **Sixth Counterclaim**

11        **(Intentional Interference with Prospective Economic Relations)**

12     39.     Ambu realleges and incorporates Counterclaim paragraphs 1-12 and 15-38 into this

13 Counterclaim as if set forth herein.

14     40.     Ambu has prospective economic relations with certain prospective customers to

15 potentially purchase Ambu's laryngeal mask products. Such relationships have or had substantial

16 likelihood of economic benefit for Ambu.

17     41.     LMA knew of Ambu's prospective economic relations with these prospective

18 customers, and in many cases were directly soliciting such customers for LMA's account.

19     42.     LMA has intentionally interfered with these prospective economic relationships by

20 inducing Ambu's prospective customers to refrain from purchasing Ambu's products. LMA's

21 actions averred above were designed to disrupt Ambu's prospective economic relationships.

22     43.     In doing so, LMA has acted wrongfully, through assertions of false and misleading

23 information.

24     44.     As a direct and proximate result of the intentional interference alleged above, Ambu's

25 prospective economic relations with certain prospective customers have been disrupted,

26 interrupted completely, or made more difficult or costly to achieve.

27     45.     As a direct and proximate result of the intentional interference with prospective

28 economic relations by LMA alleged above, Ambu has suffered loss, damage and injury in an

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    amount to be proven at trial.

2        46.      On information and belief, the intentional interference with prospective economic

3    relations by LMA alleged above was conducted maliciously, oppressively, fraudulently and/or

4    without regard to Ambu's rights.  Accordingly, LMA is liable for punitive damages in an amount

5    to be established at trial.

6        47.      As a direct and proximate result of the intentional interference with prospective

7    economic relations by LMA alleged above, Ambu has suffered and will continue to suffer

8    irreparable harm.  LMA threatens to continue to engage in such unlawful acts, and unless and

9    until restrained and enjoined by this Court, will do so.  Ambu's remedy at law is not by itself

10   adequate to compensate Ambu for the harm inflicted and threatened by LMA.  Ambu is therefore

11   entitled to preliminary and permanent injunctive relief restraining LMA, its officers, agents and

12   employees, and all persons acting in concert with it, from engaging in any further acts to interfere

13   with, or to induce breaches of, Ambu's prospective economic relationships.

14   <u>**Seventh Counterclaim**</u>
**(Unfair Competition Under California Business and Professions Code § 17200, et seq.)**
15

16       48.      Ambu realleges and incorporates Counterclaim paragraphs 1-12 and 15-47 into this

17   Counterclaim as if set forth herein.

18       49.      LMA's acts as alleged herein constitute unfair competition in that such acts were and

19   are unlawful, unfair, deceptive, and/or fraudulent business acts or practices in violation of Cal.

20   Bus. & Prof. Code §§ 17200, *et. seq.*  The unlawful business practices are described in detail in

21   the foregoing paragraphs, and include:

22           a.  Unlawful practices in the nature of conduct contrary to the federal false advertising

23   statute, as averred above;

24           b.  Unlawful practices in the nature of conduct contrary to the California false

25   advertising statute, as averred above;

26           c.  Unlawful practices in the nature of conduct contrary to the California trade libel

27   statute, as averred above; and

28           d.  Unlawful practices in the nature of interference with prospective economic

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  relations, as averred above.

2      50.    In addition, LMA has engaged in deceptive business practices through the false and

3  misleading statements communicated to Ambu's customers as averred above.

4      51.    In addition, LMA has engaged in unfair business practices by intentionally diverting

5  Ambu's customers through the false and misleading statements communicated to Ambu's

6  customers as averred above.

7      52.    As a direct and proximate result of LMA's unfair competition, Ambu has suffered

8  loss, damage and injury entitling Ambu to restitution of all amounts unlawfully gained by LMA,

9  including disgorgement of profits earned by LMA.

10     53.    As a direct and proximate result of LMA's unfair competition, Ambu has suffered and

11  will continue to suffer irreparable harm. LMA threatens to continue to engage in such unlawful

12  acts, and unless and until restrained and enjoined by this Court, will do so.  Ambu's remedy at

13  law is not by itself adequate to compensate Ambu for the harm inflicted and threatened by LMA.

14  Ambu is therefore entitled to preliminary and permanent injunctive relief restraining LMA, its

15  officers, agents and employees, and all persons acting in concert with it, from engaging in any

16  further acts in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

17                              **REQUEST FOR RELIEF**

18          Ambu Inc., Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. prays that this Court enter

19  judgment against Plaintiffs:

20      A.     Declaring that Ambu Inc., Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. have not

21  infringed, either directly or indirectly, and are not infringing either directly or indirectly, any valid

22  claim of the Patents-in-Suit;

23      B.     Enjoining Plaintiffs, their officers, agents, servants, employees, attorneys, and

24  representatives, and any successors and assigns thereof, from charging or asserting infringement

25  of any claim of the Patents-in-Suit against Ambu Inc., Ambu A/S, Ambu Ltd., or Ambu Sdn.

26  Bhd. or anyone in privity with Ambu Inc., Ambu A/S, Ambu Ltd., or Ambu Sdn. Bhd;

27      C.     Declaring that the claims of the Patents-in-Suit are invalid;

28      D.     Granting Ambu Inc., Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. an award of

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   general damages for injury to reputation according to proof.

2       E.      Granting Ambu Inc., Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. restitution and

3   disgorgement of any profits of Plaintiffs from their wrongful conduct according to proof.

4       F.      For attorneys' fees according to applicable statutes.

5       G.      Granting Ambu Inc., Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. preliminary and

6   permanent injunctive relief against LMA, its officers, employees, agents, or anyone working for,

7   in concert with or on behalf of it, or anyone who receives actual notice of the injuction:

8           1.  To refrain from publishing, circulating, e-mailing, making available, or otherwise

9               distributing the Brochure, or any other document that contains false, misleading,

10              and/or deceptive statements regarding Ambu's laryngeal mask products;

11          2.  To refrain from, directly or indirectly, making any false or misleading representations

12              of fact in commerce concerning Ambu's laryngeal mask products, either orally or in

13              writing;

14          3.  To refrain from circulating, e-mailing, making available, or otherwise distributing any

15              advertisement, or any other document that contains false, misleading, and/or

16              deceptive statements regarding customers switching to LMA from Ambu; and

17          4.  To refrain from directly or indirectly, making any false or misleading representations

18              of fact in commerce concerning customers switching to LMA from Ambu.

19      H.      Awarding Ambu Inc., Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. its costs and

20  disbursements in this action; and

21      I.      Granting Ambu Inc., Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. such other and

22  further relief a as this Court deems just and proper.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

**DEMAND FOR JURY TRIAL**

2      Ambu A/S, Ambu Ltd., and Ambu Sdn. Bhd. demand a trial by jury on all claims,

3   defense, and counterclaims.

4

5   Dated: July 11, 2008                        FENWICK & WEST LLP

6

7                                               By:   s/ Dennis Faigal
                                                      Dennis Faigal
8
                                                Attorneys for Defendants
9                                               AMBU A/S, AMBU INC., AMBU LTD., and
                                                AMBU SDN. BHD.
10                                              Email: dfaigal@fenwick.com

11

12                                                                            *1286699*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

## CERTIFICATE OF SERVICE

2        The undersigned hereby certifies that all counsel of record who are deemed to have

3    consented to electronic service are being served with a copy of this document via the Court's

4    CM/ECF system per Local Rule 5.2 on July 11, 2008.

5                                    By:    s/ Dennis Faigal

6                                           Dennis Faigal
                                            E-mail: dfaigal@fenwick.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28