UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC.,<br><br>        Plaintiffs,<br><br>    vs.<br><br>AMBU A/S, AMBU, INC., AMBU LTD., and AMBU SDN, BHD.<br><br>        Defendants.<br><br>AND RELATED COUNTERCLAIM. | CASE NO. 07cv1988 DMS(NLS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND**<br><br>**[Docket No. 63]** |

This matter comes before the Court on Defendants Ambu A/S, Ambu, Inc., Ambu Ltd. and Ambu SDN. BHD.'s motion for leave to amend their answer and counterclaims. Defendants filed their motion on July 11, 2008, Plaintiffs filed their opposition on August 8, 2008, and Defendants filed their reply on August 15, 2008. For the reasons discussed below, the Court grants Defendants' motion.

**I.**

**DISCUSSION**

In the present motion, Defendants seek leave to amend their counterclaim to state claims for false advertising, trade libel, intentional interference with prospective economic relations and unfair competition. Plaintiffs argue Defendants were not diligent in seeking these amendments. Plaintiffs

/ / /

also assert they will be prejudiced if Defendants' requests are granted, and that Defendants' requests are in bad faith and are futile.

Federal Rule of Civil Procedure 13(f) governs the amendment of counterclaims. This Rule states: "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Fed. R. Civ. P. 13(f). Defendants do not rely on any of these specific factors to support their motion. Instead, they rely on Federal Rule of Civil Procedure 15(a). Although Rule 15(a) applies to the amendment of pleadings generally, the factors underlying the Rule are relevant to amendment of counterclaims under Rule 13(f). *See* 6 Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 1430 (2d ed. 1990). Those factors include, among others, undue delay, bad faith and undue prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Defendants assert they did not delay in seeking leave to amend their counterclaim. To support this assertion, Defendants rely on the Declaration of Henrik Wendler, Executive Vice President, Production, R&D, Supply Chain and Process Development, for Defendant Ambu A/S. Mr. Wendler states he learned of the conduct underlying the proposed counterclaims "[s]everal years ago[,]" but "Ambu was under the impression" that conduct had ceased. (Decl. of Henrik Wendler in Supp. of Mot. for Leave to Amend at 2.) He further states he only "recently learned, on or about July 1, 2008, that LMA has resumed the conduct described above." (*Id.* at 3.)

Plaintiffs dispute these assertions. They provide copies of the correspondence they exchanged with Defendants' counsel (not the same counsel involved in this case) in November and December of 2004. (*See* Decl. of Stephen Marzen in Opp'n to Mot. for Leave to Amend ("Marzen Decl."), Exs. 5-7.) In that correspondence, Ambu requested that LMA "cease and desist from rendering any comments or distributing any materials associating the Ambu® Laryngeal Mask with hypoglossal or lingual nerve damage." (Marzen Decl., Ex. 5.) In its responsive letter, LMA did not accede to Ambu's request. (Marzen Decl., Ex. 6.) Indeed, there is nothing in the correspondence, as a whole, that leaves the Court with the impression that LMA had ceased, or would cease, the disputed conduct.

In their reply brief, Defendants fail to explain how they arrived at the "impression" that Plaintiffs had ceased the disputed conduct. They also fail to explain how they learned that Plaintiffs had "resumed" the disputed conduct. Rather, they continue to rely on Mr. Wendler's declaration, which simply sets forth these conclusory statements. Conclusory statements, however, are insufficient to show that Defendants did not delay asserting the proposed counterclaims. *See E-Smart Technologies, Inc. v. Drizin*, No. C 06-05528 MHP, 2008 WL 1930639, at *6 (N.D. Cal. May 1, 2008) (finding perfunctory and conclusory assertions of timeliness inadequate). Accordingly, the Court finds there has been undue delay in asserting the proposed counterclaims.

Delay, alone, however, is insufficient to justify denial of leave to amend. *See Hip Hop Beverage Corp. v. RIC Representacoes Importacao E Comercio Ltda.*, 220 F.R.D. 614, 622 (C.D. Cal. 2003) (citing *Hurn v. Retirement Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981)); *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1086 (S.D. Cal. 2002) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). Perhaps this is why Plaintiffs also assert they will be prejudiced if Defendants' request is granted. Specifically, Plaintiffs state they will be forced to engage in additional and extensive discovery, and that Defendants' proposed counterclaims will confuse and prejudice the jury, complicate and alter the scope of the case, and delay its resolution. Plaintiffs argue these effects are more pronounced here because the proposed counterclaims are unrelated to the present issue in the case, which is whether Defendants have infringed Plaintiffs' patent.

Defendants dispute three of these arguments. First, they dispute that additional discovery on their proposed counterclaims would be necessary. They assert Plaintiffs have issued a broad range of discovery, and any discovery on their proposed counterclaims would fall within that scope. Second, Defendants dispute that addition of their proposed counterclaims would delay resolution of this case. They note that the case is in its early stages, and notably, they do not request a continuance of any dates in conjunction with their motion for leave to amend. Finally, Defendants dispute that their proposed counterclaims are not related to the patent infringement claim.

Although the addition of Defendants' proposed counterclaims will expand the scope of the case, Plaintiffs have not shown they will suffer the type or amount of prejudice that justifies denial

of leave to amend. As Defendants point out, this case is in its early stages. The discovery cut-off is more than eight months away, and the trial is more than fifteen months away. Defendants do not request a continuance of those dates, and neither side asserts it cannot complete all discovery, including discovery on the proposed counterclaims, within the currently-scheduled dates. Furthermore, although the legal claims are not necessarily related, the patent infringement claim and the proposed counterclaims involve the same product. Under these circumstances, Plaintiffs have failed to show prejudice sufficient to deny Defendants' motion. *See Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (finding no prejudice where amendment caused no delay and required no additional discovery).

Because the factors of delay and prejudice cancel each other out in this case, the Court proceeds to consider the other factors of bad faith and futility. Plaintiffs argue Defendants' delay in asserting the proposed counterclaims is evidence of bad faith. However, the Court cannot agree that delay is the sort of conduct that amounts to bad faith. *See Hip Hop*, 220 F.R.D. at 622 (citing *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987)) (stating bad faith implies tactics such as, "for example, seeking to add a defendant merely to destroy diversity jurisdiction.") Similarly, Defendants' failure to accept Plaintiffs' offer of an extension of time to respond to the Complaint does not evidence bad faith. Accordingly, this factor weighs in favor of granting leave to amend.

The only remaining factor is futility. Here, Plaintiffs assert that allowing Defendants' proposed counterclaims would be futile because, essentially, the claims are without merit. At this stage, however, the Court cannot say that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citing *Baker v. Pacific Far East Lines, Inc.*, 451 F.Supp. 84, 89 (N.D. Cal. 1978)). Accordingly, this factor weighs in favor of granting leave to amend.

## II.

## CONCLUSION

In light of the factors discussed above, the Court GRANTS Defendants' motion for leave to amend their answer and counterclaims. Defendants shall file their First Amended Answer and

/ / /

1  / / /

2  / / /

3  Counterclaims forthwith, and Plaintiffs shall respond pursuant to the Federal Rules of Civil Procedure
4  and the Local Rules of this Court.

5  **IT IS SO ORDERED**.

6  DATED: August 25, 2008

8  HON. DANA M. SABRAW
   United States District Judge