1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                       SOUTHERN DISTRICT OF CALIFORNIA

8   THE LARYNGEAL MASK COMPANY            Case No. 07-cv-1988-DMS (NLS)
    LTD. and LMA NORTH AMERICA,
9   INC.,                                 **PROTECTIVE ORDER**

10                  Plaintiffs,

11        v.

12  AMBU A/S, AMBU INC., AMBU LTD.,
    and AMBU SDN. BHD.,
13

14                  Defendants.

15  AND RELATED COUNTERCLAIMS

16

17        Pursuant to Federal Rule of Civil Procedure 26(c) and in order to facilitate production and

18  receipt of information during discovery in the above-referenced action, plaintiffs The Laryngeal

19  Mask Company Ltd. and LMA North America, Inc. (collectively "LMA"), and defendants Ambu

20  A/S, Ambu Inc., Ambu Ltd., and Ambu Sdn. Bhd. (collectively "Ambu"), hereby stipulate,

21  subject to the approval of the Court, to entry of the following Order for the protection of certain

22  trade secret and other confidential research, development or commercial information that may be

23  produced or otherwise disclosed by a party or by non-parties during the course of this action:

24  **Protected Material**

25        1.    This Order shall be applicable to and govern without limitation, all information,

26  documents, testimony and/or things, or portions thereof, subject to discovery in this action, which

27  contain non-public, confidential information and/or trade secrets designated pursuant to the terms

28  of this Order, as well as any secondary material, such as pleadings, written discovery, expert

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   reports, notes, summaries or any other materials that contain, describe or reflect such information

2   (collectively referred to herein as "Protected Material").  Protected Material in this case shall not

3   be used in any other matter.  Any party to this action or non-party producing materials or

4   information in response to a subpoena or otherwise ("Designating Party") may designate for

5   protection under this Order any Protected Material which is furnished, filed or served directly or

6   indirectly, by or on behalf of that party in connection with this proceeding.

7       2.      Such Protected Material may be designated by any Designating Party in the

8   following ways:

9           a.  "CONFIDENTIAL" if it contains information not available to the general

10  public; or

11          b.  "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" only if, in the

12  good faith belief of such party and its counsel, the confidential information is among that

13  considered to be most sensitive by the Designating Party and is also (i) a trade secret under

14  applicable law or if revealed to the other party could subject the Designating Party to a significant

15  competitive disadvantage; or (ii) subject to an express obligation of confidentiality owed by the

16  Designating Party to a third party who is not an officer, employee, or affiliate of any party to this

17  lawsuit.

18      3.      As used herein, "Receiving Party" shall refer to any party or person who receives

19  Protected Material from a Designating Party.

20      4.      Protected Material shall not include any information that:

21          a.  is or becomes lawfully in the possession of the Receiving Party through

22  communications other than production or disclosure in this action; or

23          b.  is or becomes part of the public domain by publication or otherwise, and not

24  due to any unauthorized act or omission on the part of the Receiving Party.

25  **Marking**

26      5.      Documents and things (including, without limitation, optical, magnetic or

27  electronic medium, such as floppy diskettes, DVDs, CD-ROMs, drives, memory media), other

28  than depositions or other pre-trial testimony shall be designated for protection under this Order by

PROTECTIVE ORDER                    2                   CASE NO. 07-CV-1988-DMS (NLS)

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    conspicuously affixing the notation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

2    OUTSIDE COUNSEL ONLY" on each page (or in the case of optical, magnetic, electronic

3    medium, or similar mass storage media, on the medium itself) to which the designation applies, as

4    well as to the first page or cover of such document or thing.  To the extent practical, the

5    designation shall be placed near any control number that is also affixed to the document or thing.

6            a.    In the event the Designating Party elects to produce materials for inspection,

7    no marking need be made by the Designating Party in advance of the initial inspection. For

8    purposes of the initial inspection, all materials produced shall be considered as "HIGHLY

9    CONFIDENTIAL – OUTSIDE COUNSEL ONLY," and shall be treated as such pursuant to the

10   terms of this Order. Thereafter, upon selection of specified materials for copying by the

11   inspecting party, the Designating Party shall, within a reasonable time prior to producing those

12   materials to the inspecting party, mark the copies of those materials that contain Protected

13   Material with the appropriate confidentiality marking.

14           b.    No party shall be responsible to another party for disclosure of Protected

15   Material under this Order if the material in question is not labeled or otherwise identified as such

16   in accordance with this Order.

17       6.    Designation of specific portions of deposition transcripts as Protected Material

18   under this Order may be made by a statement that the information is CONFIDENTIAL or

19   HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY on the record in the course of the

20   deposition.  Upon designation of the transcript on the record during the deposition, all persons to

21   whom access to that category of Protected Material has been denied under the terms of this Order

22   shall leave the deposition during the portion of the deposition during which such Protected

23   Material is discussed.  The deposition reporter or other person recording the proceedings shall

24   indicate the confidentiality designations on the transcript but shall not segregate any portion of

25   the transcript of the deposition or hearing which has been stated to contain Protected Material

26   unless counsel for both parties agree to such segregation of the transcript or such segregation is

27   required by the Court.  The deposition reporter or other person recording the proceedings shall

28   furnish copies of any transcript containing Protected Material in a sealed envelope, only to the

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  deponent as required by law, to the Court, and to outside counsel for the parties bound by the

2  terms of this Order, who may in turn provide access to the Protected Material in accordance with

3  the terms of this Order.  A Designating Party may also designate any portion or all (if

4  appropriate) of the transcript as Protected Material under this Order with reference to the pages

5  and lines of testimony in the transcript, by so advising the deposition reporter (who shall indicate

6  the designations in the transcript) and all parties in writing, within ten (10) business days after

7  receipt of the final transcript.  Deposition exhibits shall be treated in accordance with any prior

8  designation under this Order, or may be specifically designated under this Order on the record

9  during the deposition or in writing within ten (10) business days after the Designating Party has

10  received the deposition exhibits accompanying the final transcript.  A transcript, and any of its

11  exhibits not designated under this Order prior to the deposition, shall be treated as HIGHLY

12  CONFIDENTIAL – OUTSIDE COUNSEL ONLY, unless otherwise designated on the record,

13  until ten (10) business days after it has been received by the Designating Party.  In the case of

14  testimony or exhibits designated as Protected Material under this Order following conclusion of

15  the deposition, all parties shall mark the appropriate legend on all copies of the deposition

16  transcript and its exhibits and treat the information in accordance with its designation from the

17  date they are notified of such designation.  In the event of disagreement about the confidential

18  status of a deposition transcript or exhibit, it shall be treated as HIGHLY CONFIDENTIAL –

19  OUTSIDE COUNSEL ONLY until this Court rules otherwise.

20      7.      All designations of Protected Material under this Order shall be made in good faith

21  by the Designating Party at the time of disclosure, production or tender to the Receiving Party, or

22  at such other time as permitted by this Order.

23      8.      The inadvertent failure to designate Protected Material pursuant to this Order does

24  not constitute a waiver of a claim to such designation, and a party may so designate material

25  thereafter subject to the protections of this Order.

26  **Access to Protected Material**

27      9.      *"CONFIDENTIAL" Material*.  Only the following individuals shall have access to

28  materials designated "CONFIDENTIAL," absent the express written consent of the Designating

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Party or further order of the Court:

2         a.   Persons authorized to receive "HIGHLY CONFIDENTIAL – OUTSIDE

3    COUNSEL ONLY" material as specified in paragraph 10 below; and

4         b.   The representatives of the Receiving Party who are assisting counsel in the

5    prosecution or defense of this action and have complied with paragraph 12.

6         10.   *"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Material.*  Only the

7    following individuals shall have access to materials designated "HIGHLY CONFIDENTIAL –

8    OUTSIDE COUNSEL ONLY," absent the express written consent of the Designating Party or

9    further order of the Court:

10        a.   Outside counsel of record for the parties to this action who have individually

11   entered appearances as counsel of record, including such attorneys, paralegals, technology

12   specialists and clerical employees of their respective law firms assisting them in the litigation

13   who have no involvement of any kind in patent prosecution or competitive decision making on

14   behalf of any party.  For the avoidance of doubt, this category does not include any individual

15   within a firm acting as counsel of record who has a business relationship with any party other

16   than or in addition to acting as outside litigation counsel.  By way of example only, Stephen J.

17   Marzen, who is a member of the board of directors of LMA International N.V., plaintiffs' parent

18   corporation, and other LMA-affiliated companies (*i.e.*, Venner Capital S.A.), may not have access

19   to HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY material;

20        b.   Independent damages experts, including accountants, economists and other

21   financial professionals, and legal experts, and their support staff and clerical employees assisting

22   in the litigation, who have never served as a director, officer, or employee of the parties to the suit

23   or any competitor active in the supraglottic airway industry and do not presently have any other

24   contractual or business relationship with the parties to the suit or any  competitor active in the

25   supraglottic airway industry;

26        c.   Professional litigation support vendors retained by or for the parties for

27   document copying, document coding or computerization services, preparing audiovisual aids

28   (*e.g.*, exhibits, models, graphics and video, and demonstrative exhibits for use in the courtroom),

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    other trial support and/or trial consulting services, including jury research consultants, jury

2    selection consultants, analytical graphics consultants, trial presentation consultants and

3    translators, as well as their staff, stenographic, and clerical employees whose duties and

4    responsibilities require access to such materials, who are not current employees of any party to

5    this litigation or of any direct competitor of any party to this litigation, provided the vendor

6    acknowledges its obligation to keep the information so provided confidential consistent with this

7    order and use the information only as part of performing professional litigation support services

8    requested in this action; and

9            d.    The Court, its technical advisor(s) (if appointed), court personnel, the jury,

10    court reporters and/or videographers engaged in proceedings incident to this action.

11            e.    Expert witnesses and consultants retained by or for the Receiving Party or their

12    counsel, who do not meet the definitions set forth in categories 10a-10d above, and who have no

13    involvement of any kind in patent prosecution or reexamination on behalf of any party, and their

14    support staff and clerical employees assisting in the litigation; provided no timely objections have

15    been made under paragraph 11.

**Pre-Approval to Access Protected Material**

17        11.    Any independent expert witnesses and consultants identified pursuant to paragraph

18    10.e shall be allowed access to Protected Material only after the Receiving Party has complied

19    with the following procedure:

20            a.    Before receiving any Protected Material, the expert or consultant shall be

21    provided a copy of this Order, shall read the Order, and shall acknowledge, by executing the

22    Acknowledgement and Agreement To Be Bound by Protective Order in the form attached hereto

23    as Exhibit A, that he or she has read the Order, understands it, and agrees to be bound by it, and

24    also expressly consents to the jurisdiction of this Court in connection with any proceeding or

25    hearing relating to the enforcement of this Order.

26            b.    Outside counsel for the Receiving Party shall provide a copy of the executed

27    Acknowledgement and Agreement To Be Bound by Protective Order to the Designating Party,

28    along with (i) the curriculum vitae of the expert or consultant; (ii) an identification of the present

PROTECTIVE ORDER                    6                    CASE NO. 07-CV-1988-DMS (NLS)

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   employer and title of the expert or consultant; and (iii) a list of all other cases in which during the

2   previous 3 years, the witness testified as an expert at trial or by deposition.

3          c.    The Designating Party will have five (5) court days to object in writing to the

4   disclosure of Protected Material to the particular expert or consultant.  In the absence of any

5   objection at the end of the five (5) day period, the expert or consultant shall be deemed approved

6   under this Order.  If objection to the disclosure is made within five (5) court days and the

7   objection is not resolved, the objecting party shall, no later than five (5) court days after making

8   the objection, petition the Court for an order prohibiting the disclosure at issue.  The objecting

9   party shall have the burden of persuasion that disclosure should not be made.  If relief is not

10  sought from the Court within that time, the objection shall be deemed withdrawn.  If an objection

11  and petition to the Court is timely made, no Protected Material shall be made available to the

12  particular expert or consultant until after the Court rules that disclosure can be made.

13         d.    Any information provided to the Receiving Party in accordance with this

14  provision may be used in connection with examining, challenging or otherwise obtaining

15  discovery from the expert witness or consultant who provided the information, but may not be

16  used for any other purpose other than the enforcement of this Order.

17     12.    Any party representative identified pursuant to paragraph 9.b shall be allowed

18  access to "CONFIDENTIAL" material only after the Receiving Party has complied with the

19  following:

20         a.    Before receiving any Protected Material, the party representative shall be

21  provided a copy of this Order, shall read the Order, and shall acknowledge, by executing the

22  Acknowledgement and Agreement To Be Bound by Protective Order in the form attached hereto

23  as Exhibit A, that he or she has read the Order, understands it, and agrees to be bound by it, and

24  also expressly consents to the jurisdiction of this Court in connection with any proceeding or

25  hearing relating to the enforcement of this Order.

26         b.    Outside counsel for the Receiving Party shall retain the executed

27  Acknowledgement and Agreement To Be Bound by Protective Order.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PROTECTIVE ORDER                      7                    CASE NO. 07-CV-1988-DMS (NLS)

1    13.    Mock jurors hired by trial consultants in connection with this litigation may only

2    be told about or shown "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE

3    COUNSEL ONLY" materials provided:  (i) they are not affiliated with any party to this case or

4    any direct competitor of any party; (ii) they agree in writing to maintain the confidentiality of the

5    Protected Material; and (iii) they are not themselves given custody of any Protected Material, nor

6    permitted to remove any presentations, questionnaires or notes taken during the exercise from any

7    room in which the research is conducted.

8    **Restrictions on Use of Protected Material**

9    14.    Protected Material, including any notes, memoranda or other similar documents

10   summarizing or referring to the contents thereto, shall be used by a Receiving Party solely for the

11   purpose of this action and any appeals therefrom, and shall not be disclosed or used for any other

12   purpose whatsoever, including without limitation any other legal proceeding, including any

13   United States or foreign legal proceeding involving any of the parties, patent prosecution or

14   acquisition, or any business or competitive purpose or function of any kind.

15   15.    Protected Material shall not be distributed, disclosed or made available to anyone

16   except as expressly provided in this Order.

17   16.    Any person in possession of Protected Material shall exercise reasonable care with

18   regard to the storage, custody or use of such Protected Material in order to ensure that the secrecy

19   of the information is maintained in accordance with its designation.

20   17.    If Protected Material is lost, stolen, and/or disclosed to anyone other than in a

21   manner authorized by this Order, the Receiving Party shall immediately bring all pertinent facts

22   relating to such loss, theft or disclosure to the attention of the Designating Party and make every

23   reasonable effort to retrieve such Protected Material and to prevent further disclosure.

24   18.    *Use of Protected Material In Depositions*.  A deponent may be shown during his

25   or her deposition Protected Material if:

26         a.   the deponent is an author or recipient of such Protected Material,

27         b.   the deponent has been pre-approved under paragraphs 11 or 12 above,

28         c.   the Protected Material was produced in this litigation by the deponent's

1    employer or an affiliate of the deponent's employer, or

2              d.   the attorney taking the deposition and showing the witness the Confidential

3    Material represents the Designating Party;

4              e.   testimony or other circumstances indicate that the deponent previously had or

5    was authorized to access such Protected Material or knows its contents;

6              f.   the Designating Party has consented on the record of the deposition to the

7    showing of the Confidential Material to the witness; or

8              g.   at least five (5) days before the deposition, the party wishing to show the

9    witness the Protected Material notifies the Designating Party in writing of its intent to do so, with

10   a specific listing of the Protected Material to be shown, and the Designating Party fails to provide,

11   within ten (10) days of receipt of the notice or two business days prior to the deposition,

12   whichever is earlier, written objection to this use of Protected Material.  If a timely written

13   objection is provided, the Protected Material listed in the written objection shall not be shown to

14   the witness unless and until the objection is withdrawn or the party wishing to show that

15   Protected Material to the witness moves for and obtains appropriate relief from the Court.

16   Witnesses being shown Protected Material under this subsection must sign the Acknowledgement

17   and Agreement To Be Bound by Protective Order in the form attached hereto as Exhibit A before

18   being shown the Protected Material.

19        19.    *Use of Protected Material In Filings*.  Documents containing Protected Material

20   shall not be filed with the Court except as required by Court rules or as necessary in connection

21   with motions or other matters requiring the Court's attention in this action.

22              a.   In the event that any party needs to submit documents containing Protected

23   Material to the Court, the party submitting such documents shall (i) file non-confidential versions

24   of, or placeholders for, such documents with the Protected Material redacted therefrom, (ii) serve

25   unredacted versions of such documents containing the Protected Material on the required

26   party(ies) on the same day as the filing, and (iii) seek to have the portions of those documents

27   containing Protected Material sealed by submitting a motion to the Court identifying the

28   Protected Material contained in said documents and describing why the documents or portions

PROTECTIVE ORDER                    9                    CASE NO. 07-CV-1988-DMS (NLS)

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    thereof should be sealed.  The parties agree, and the Court hereby orders, that, provided

2    unredacted versions of such documents containing the Protected Material are transmitted to the

3    required party(ies) on the same day as the filing by overnight courier (or a more rapid means such

4    as via electronic mail, if otherwise permitted under this Order), that any motion seeking to have

5    the portions of those documents containing Protected Material sealed that is filed with the Court

6    no later than the following day shall be deemed filed the same day as the documents with the

7    Protected Material redacted therefrom were filed with the Court.

8           b.   The failure of any party to comply with the requirements of paragraph 19.a for

9    the submission to the Court of documents containing Protected Material shall not affect the status

10   of that information as designated under this Order.  Upon learning of a violation of this Order by

11   any other party, any party may make an application or motion for an order provisionally or

12   permanently sealing, and removing from the public docket, any documents believed to contain

13   Protected Material.

14   **No Prejudice**

15   20.    Entering into, agreeing to and/or producing or receiving Protected Material or

16   otherwise complying with the terms of this Order shall not:

17          a.   operate as an admission by any party that any material designated as Protected

18   Material contains or reflects trade secrets or any other type of confidential or proprietary

19   information entitled to protection under applicable law;

20          b.   prejudice in any way the rights of any party to object to the production of

21   documents it considers not subject to discovery, or operate as an admission to any party that the

22   restrictions and procedures set forth herein constitute adequate protection for any particular

23   information deemed by any party to be Protected Material;

24          c.   prejudice in any way the rights of any party to object to the authenticity or

25   admissibility in evidence of any information subject to this Order;

26          d.   prejudice in any way the rights of any party to seek a determination by the

27   Court whether any Protected Material should be subject to the terms of this Order;

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1          e.   prejudice in any way the rights of any party to petition the Court for a further

2 protective order relating to any purportedly Protected Material;

3          f.   prejudice in any way the rights of any party to petition the Court for

4 permission to disclose or use particular Protected Material more broadly than would otherwise be

5 permitted by the terms of this Order; or

6          g.   prevent any Designating Party from agreeing to alter or waive the provisions or

7 protection provided for herein with respect to any particular Protected Material designated under

8 this Order by that party.

9 **Objections to Designations Under This Order**

10      21.      Neither stipulation by a party to the terms of this Order nor failure of a party, at the

11 time it receives materials designated pursuant to this Order, to challenge or object to the

12 designation shall be deemed a waiver of its right to challenge or object to the designations at any

13 later time. Any party may at any time challenge the designation of any Protected Material under

14 this Order and may request permission to use or disclose such Protected Material other than as

15 permitted, pursuant to this paragraph by serving (which may be by e-mail) a written request upon

16 counsel for the Designating Party at least ten (10) court days before the date of the proposed

17 disclosure and by providing telephonic notice of such request on the same date as the e-mail

18 request. Such request shall specifically identify the Protected Material, including Bates label if

19 applicable, sought to be disclosed and the name, title and function of the person to whom

20 disclosure is desired to be made. The Designating Party shall thereafter respond to the request in

21 writing within ten (10) court days after receipt of same. A failure to respond within such time

22 shall constitute consent to the request. If, where consent has been withheld, the parties are

23 subsequently unable to agree on the terms and conditions of disclosure, the matter may be

24 submitted to the Court for resolution by the party seeking disclosure. Disclosure shall be

25 postponed until a ruling has been obtained from the Court.

26 **Inadvertent Production of Privileged Information**

27      22.      Inadvertent production of documents or things subject to work product immunity,

28 the attorney-client privilege, or any other applicable privilege, shall not constitute a waiver of the

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   immunity or privilege, provided that the Designating Party shall notify the Receiving Party in

2   writing of such inadvertent production promptly after the Designating Party discovers such

3   inadvertent production.  After notification is made, the Receiving Party shall immediately return

4   to the Designating Party all copies of such inadvertently produced documents and shall

5   immediately confirm in writing that all such copies have been returned.  Nothing herein shall

6   prevent the Receiving Party from challenging the propriety of the privilege or immunity

7   designation by promptly filing an appropriate motion with the Court.  For purposes of such

8   challenge, the Receiving Party may retain one copy of the inadvertently produced document or

9   thing.  The Receiving Party shall not challenge the propriety of the privilege or immunity

10   designation on the grounds that the privilege or immunity was waived by the inadvertent

11   production of the document or thing.  If no such challenge is brought, or if any such challenge is

12   unsuccessful, no use shall be made of such documents during deposition or in any proceeding

13   before the Court, nor shall they be shown to anyone who was not given access to them prior to the

14   request to return such documents.  Furthermore, if no such challenge is brought, or if any such

15   challenge is unsuccessful, the Receiving Party shall promptly confirm in writing that any

16   analyses, memoranda or notes which were internally generated based upon such inadvertently

17   produced information have been destroyed.

18        23.     In the event that any materials requested in discovery contain patients' protected

19   medical information that the Designating Party is obligated to maintain as confidential under

20   HIPAA or other applicable patient privacy laws or regulations, such materials may be produced

21   after redaction of only such patient name, address, social security number, other patient

22   identification number, or any other patient identifying information reasonably required by those

23   laws or regulations.  The presence of such protected medical information shall not otherwise

24   serve as a basis to withhold production of responsive materials.  The Receiving Party may

25   challenge any such redaction in the same manner as provided for challenges to confidentiality

26   designations under paragraph 21 of this Order.  Any inadvertent production of materials

27   containing protected patient-identifying medical information may be addressed in the same

28   manner as provided for the inadvertent production of privileged materials under paragraph 22 of

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    this Order, provided that the Designating Party immediately produce to the Receiving Party a

2    redacted version of the inadvertently produced materials.

3    **Restriction on Patent Prosecution**

4    　　　24.　　Expert witnesses, consultants, and outside counsel of record for a party who have

5    read, reviewed, scanned or been provided with any "HIGHLY CONFIDENTIAL – OUTSIDE

6    COUNSEL ONLY" materials or information of any other party shall not, for a period of two (2)

7    years following final resolution of this action, have any involvement in patent prosecution, either

8    U.S. or foreign, relating to laryngeal masks or improvements thereof.

9    **Survival of Order and Disposition of Protected Material**

10    　　　25.　　All provisions of this Order restricting the use of information obtained during

11    discovery shall continue to be binding on the parties and all persons who have received

12    information under this Order, after the conclusion of this action, including all appeals, until

13    further Order of the Court, unless the parties agree otherwise in writing.  Any and all originals

14    and copies of Protected Material shall, at the request of the Designating Party, be returned to the

15    party or destroyed, at the option of the Designating Party, within sixty (60) calendar days after a

16    final resolution of this matter including any appeals, settlement of this action with respect to the

17    Designating Party or final termination of this action in any other manner, except that outside

18    counsel for each party may maintain in its files one copy of each pleading filed with the Court,

19    each deposition transcript together with the exhibits marked at the deposition, one copy of each

20    piece of correspondence, one copy of each document constituting or containing prior art, and

21    documents constituting work product which were internally generated based upon, or which

22    include, Protected Material.  In the event that outside counsel maintains such documents, it shall

23    not disclose any Protected Material to any third party absent subpoena or court order.  Upon

24    receipt of any subpoena for such information, the party receiving the subpoena shall immediately

25    notify outside counsel for the Designating Party of the subpoena so that the latter may protect its

26    interests.  In the event that documents are returned to or destroyed at the request of the

27    Designating Party, the other party or its outside counsel shall certify in writing that all such

28    documents have been returned or destroyed, as the case may be.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PROTECTIVE ORDER                    13                    CASE NO. 07-CV-1988-DMS (NLS)

**Non-Parties**

26.    Non-parties who produce information in this action may avail themselves of the provisions of this Order, and Protected Material produced by non-parties shall be treated by the parties in conformance with this Order.

**Interim Application**

27.    Until such time as this Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been so ordered.

The Court may modify the protective order in the interests of justice or for public policy reasons.

**IT IS SO ORDERED.**

Dated: August 29, 2008

_____
The Honorable Nita L. Stormes
United States Magistrate Judge

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**EXHIBIT A**

**Acknowledgement and Agreement To Be Bound by Protective Order**

I, _____ [print or type full name] state:

1.     I reside at _____

_____.

2.     I have received a copy of the Stipulated Protective Order executed by counsel for the parties in the action entitled *The Laryngeal Mask Company Ltd., et al., v. Ambu A/S, et al.*, Civil Action No. 07-cv-1988-DMS, United States District Court, Southern District of California. I have carefully read and understand the provisions of the Stipulated Protective Order.

3.     I am fully familiar with and agree to comply with and be bound by the provisions of said Stipulated Protective Order.  I understand that I am to retain all copies of any designated Protected Material in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any designated Protected Material are to be returned to counsel who provided me with such material.  I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use, except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order.

4.     I agree to submit to the jurisdiction of the Court of purposes of enforcement of the Stipulated Protective Order in this case and waive any objections to jurisdiction or venue.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _____ day of _____, 2008.

_____

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PROTECTIVE ORDER                                              CASE NO. 07-CV-1988-DMS (NLS)