John B. Sganga (State Bar No. 116,211)
Frederick S. Berretta (State Bar No. 144,757)
Joshua J. Stowell (State Bar No. 246,916)
KNOBBE, MARTENS, OLSON & BEAR, LLP
550 West C Street, Suite 1200
San Diego, CA 92101
(619) 235-8550
(619) 235-0176 (FAX)

Vicki S. Veenker (State Bar No. 158,669)
Adam P. Noah (State Bar No. 198,669)
SHEARMAN & STERLING LLP
1080 Marsh Road
Menlo Park, CA 94025
(650) 838-3600
(650) 838-3699 (FAX)

Attorneys for Plaintiffs and Counter-Defendants,
THE LARYNGEAL MASK COMPANY LTD.
and LMA NORTH AMERICA, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMBU A/S, AMBU INC., AMBU LTD., and AMBU SDN. BHD., <br><br> Defendants. | Civil Action No. 07-cv-1988-DMS (NLS) <br><br> **PLAINTIFFS' REPLY TO FIRST AMENDED COUNTERCLAIMS OF DEFENDANTS AMBU A/S, AMBU INC., AMBU LTD., AND AMBU SDN. BHD.** <br><br> **Honorable Dana M. Sabraw** |
| AMBU A/S, AMBU INC., AMBU LTD., and AMBU SDN. BHD. <br><br> Counterclaimants, <br><br> v. <br><br> THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., <br><br> Counter-Defendants. | |

Plaintiffs and Counter-Defendants The Laryngeal Mask Company Ltd. and LMA North America, Inc. (hereinafter, "Plaintiffs") hereby Reply to the First Amended Counterclaims asserted by Defendants and Counterclaimants Ambu A/S, Ambu Inc., Ambu Ltd., and Ambu Sdn. Bhd. (hereinafter, "Defendants") in the above-captioned action.

## REPLY TO AMENDED COUNTERCLAIMS

1. In response to Paragraph 1 of Defendants' Counterclaims, this paragraph needs no reply from Plaintiffs because it merely incorporates Defendants' responses and affirmative defenses to the allegations of Plaintiffs' First Amended Complaint. To the extent it purports to incorporate any other allegations or averments by Defendants, they are denied by Plaintiffs.

## The Parties

2. Plaintiffs admit the allegations of Paragraph 2 of Defendants' Counterclaims.

3. Plaintiffs admit the allegations of Paragraph 3 of Defendants' Counterclaims.

4. Plaintiffs admit the allegations of Paragraph 4 of Defendants' Counterclaims.

5. Plaintiffs admit the allegations of Paragraph 5 of Defendants' Counterclaims.

6. Plaintiffs admit the allegations of Paragraph 6 of Defendants' Counterclaims.

7. Plaintiffs admit the allegations of Paragraph 7 of Defendants' Counterclaims.

8. Plaintiffs admit the allegations of Paragraph 8 of Defendants' Counterclaims.

9. Plaintiffs admit the allegations of Paragraph 9 of Defendants' Counterclaims.

## Jurisdiction and Venue

10. In response to Paragraph 10 of Defendants' Counterclaims, Plaintiffs admit that the First and Second Counterclaims purport to allege claims arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, based upon a controversy between the parties arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.* Plaintiffs admit that this Court possesses subject matter jurisdiction over Defendants' Counterclaims.

11. Plaintiffs admit the allegations of Paragraph 11 of Defendants' Counterclaims.

12. In response to Paragraph 12 of Defendants' Counterclaims, Plaintiffs admit that venue is proper in this Court.

///

## REPLY TO COUNTERCLAIMS FOR DECLARATORY JUDGMENT

### First Counterclaim

### (Non-Infringement)

13. Plaintiffs deny the allegations of Paragraph 13 of Defendants' Counterclaims.

### Second Counterclaim

### (Invalidity)

14. Plaintiffs deny the allegations of Paragraph 14 of Defendants' Counterclaims.

## REPLY TO COUNTERCLAIMS FOR DAMAGES AND EQUITABLE RELIEF

### I. False Advertising that Ambu's Laryngeal Masks Cause Nerve Damage.

15. Plaintiffs deny the allegations of Paragraph 15 of Defendants' Counterclaims.

16. Plaintiffs deny the allegations of Paragraph 16 of Defendants' Counterclaims.

17. In response to Paragraph 17 of Defendants' Counterclaims, Plaintiffs admit that they have distributed the LMA Brochure, but deny the remaining allegations of this paragraph of Defendants' Counterclaims.

### II. LMA's False and Misleading Statements that Ambu's Customers Switched Back to LMA.

18. Plaintiffs deny the allegations of Paragraph 18 of Defendants' Counterclaims.

19. Plaintiffs deny the allegations of Paragraph 19 of Defendants' Counterclaims.

20. Plaintiffs deny the allegations of Paragraph 20 of Defendants' Counterclaims.

### Third Counterclaim

### (Violation of § 43(a) of the Lanham Act – False Advertising)

### (15 U.S.C. § 1125)

21. In response to Paragraph 21 of Defendants' Counterclaims, Plaintiffs reincorporate their responses to Paragraphs 1-12 and 15-20 of Defendants' Counterclaims as if fully set forth herein.

22. Plaintiffs deny the allegations of Paragraph 22 of Defendants' Counterclaims.

23. Plaintiffs deny the allegations of Paragraph 25 of Defendants' Counterclaims.

24. Plaintiffs deny the allegations of Paragraph 25 of Defendants' Counterclaims.

25. Plaintiffs deny the allegations of Paragraph 25 of Defendants' Counterclaims.

26. Plaintiffs deny the allegations of Paragraph 26 of Defendants' Counterclaims.

### Fourth Counterclaim

**(False Advertising Under California Business and Professions Code § 17500, et seq.)**

27. In response to Paragraph 27 of Defendants' Counterclaims, Plaintiffs reincorporate their responses to Paragraphs 1-12 and 15-26 of Defendants' Counterclaims as if fully set forth herein.

28. Plaintiffs deny the allegations of Paragraph 28 of Defendants' Counterclaims.

29. Plaintiffs deny the allegations of Paragraph 29 of Defendants' Counterclaims.

30. Plaintiffs deny the allegations of Paragraph 30 of Defendants' Counterclaims.

31. Plaintiffs deny the allegations of Paragraph 31 of Defendants' Counterclaims.

32. Plaintiffs deny the allegations of Paragraph 32 of Defendants' Counterclaims.

### Fifth Counterclaim

**(Trade Libel)**

**(Cal. Civil Code § 45)**

33. In response to Paragraph 33 of Defendants' Counterclaims, Plaintiffs reincorporate their responses to Paragraphs 1-12 and 15-32 of Defendants' Counterclaims as if fully set forth herein.

34. Plaintiffs deny the allegations of Paragraph 34 of Defendants' Counterclaims.

35. Plaintiffs deny the allegations of Paragraph 35 of Defendants' Counterclaims.

36. Plaintiffs deny the allegations of Paragraph 36 of Defendants' Counterclaims.

37. Plaintiffs deny the allegations of Paragraph 37 of Defendants' Counterclaims.

38. Plaintiffs deny the allegations of Paragraph 38 of Defendants' Counterclaims.

### Sixth Counterclaim

**(Intentional Interference with Prospective Economic Relations)**

39. In response to Paragraph 39 of Defendants' Counterclaims, Plaintiffs reincorporate their responses to Paragraphs 1-12 and 15-38 of Defendants' Counterclaims as if fully set forth herein.

40. Plaintiffs lack sufficient knowledge and information to admit or deny the allegations of Paragraph 40 of Defendants' Counterclaims, and on that basis they deny those allegations.

41. Plaintiffs deny the allegations of Paragraph 41 of Defendants' Counterclaims.

42. Plaintiffs deny the allegations of Paragraph 42 of Defendants' Counterclaims.

43. Plaintiffs deny the allegations of Paragraph 43 of Defendants' Counterclaims.

44. Plaintiffs deny the allegations of Paragraph 44 of Defendants' Counterclaims.

45. Plaintiffs deny the allegations of Paragraph 45 of Defendants' Counterclaims.

46. Plaintiffs deny the allegations of Paragraph 46 of Defendants' Counterclaims.

47. Plaintiffs deny the allegations of Paragraph 47 of Defendants' Counterclaims.

### Seventh Counterclaim

**(Unfair Competition Under California Business and Processions Code § 17200, et seq.)**

48. In response to Paragraph 48 of Defendants' Counterclaims, Plaintiffs reincorporate their responses to Paragraphs 1-12 and 15-47 of Defendants' Counterclaims as if fully set forth herein.

49. Plaintiffs deny the allegations of Paragraph 49 of Defendants' Counterclaims.

50. Plaintiffs deny the allegations of Paragraph 50 of Defendants' Counterclaims.

51. Plaintiffs deny the allegations of Paragraph 51 of Defendants' Counterclaims.

52. Plaintiffs deny the allegations of Paragraph 52 of Defendants' Counterclaims.

53. Plaintiffs deny the allegations of Paragraph 53 of Defendants' Counterclaims.

### AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

### First Affirmative Defense

**(Failure to State a Claim)**

54. Each of Defendants' Counterclaims fail to state a claim against Plaintiffs upon which relief can be granted under applicable law.

/ / /

/ / /

/ / /

### Second Affirmative Defense

### (Laches)

55. Defendants are not entitled to the relief they seek against Plaintiffs by reason of equitable principles including, but not limited to, laches.

### Third Affirmative Defense

### (Estoppel)

56. Defendants' Counterclaims are barred in whole or in part by reason of equitable principles including, but not limited to, estoppel.

### Fourth Affirmative Defense

### (Acquiescence)

57. Defendants' Counterclaims are barred in whole or in part because Defendants acquiesced in the alleged improper actions or statements of Plaintiffs.

### Fifth Affirmative Defense

### (Waiver and Forfeiture)

58. Defendants' Counterclaims are barred in whole or in part by reason of equitable principles including, but not limited to, waiver and forfeiture.

### Sixth Affirmative Defense

### (Preemption)

59. Defendants' Counterclaims are barred in whole or in part because their state law claims are preempted by federal law.

### Seventh Affirmative Defense

### (Statute of Limitations)

60. Defendants' Counterclaims are barred in whole or in part by applicable statutes of limitations.

### Eighth Affirmative Defense

### (Truth)

61. Defendants are not entitled to the relief they seek against Plaintiffs because the alleged false or disparaging statements were in fact true.

### Ninth Affirmative Defense

### (Opinion)

62. Defendants are not entitled to the relief they seek against Plaintiffs because the alleged false or disparaging statements were statements of opinion believed by Plaintiffs in good faith to be the truth.

### Tenth Affirmative Defense

### (Free Speech)

63. Defendants' Counterclaims are barred in whole or in part by the First Amendment and the state and federal constitutional protection afforded free speech.

### Eleventh Affirmative Defense

### (Fair Competition)

64. Defendants' Counterclaims are barred in whole or in part because the alleged improper actions or statements of Plaintiffs were privileged under the protections afforded fair competition.

### Twelfth Affirmative Defense

### (Privileged Comment)

65. Defendants' Counterclaims are barred in whole or in part because their subject is products in which the public and Plaintiffs have an interest and are privileged to comment on in good faith.

### Thirteenth Affirmative Defense

### (Unclean Hands)

66. Defendants are not entitled to the relief they seek against Plaintiffs because they have unclean hands.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and Counter-Defendants The Laryngeal Mask Company Ltd. and LMA North America, Inc. pray for judgment on Defendants' Counterclaims as follows:

///

///

A.  That the Court enter judgment against Defendants on their Counterclaims; that Defendants take nothing by reason of their Counterclaims; and that the Counterclaims be dismissed with prejudice;

B.  That Plaintiffs and Counter-Defendants be awarded their costs and fees incurred in defending Defendants' Counterclaims, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285, the Lanham Act and other applicable federal and state laws; and

C.  That Plaintiffs and Counter-Defendants have such other and further relief as this Court may deem just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 9, 2008

By: s/Frederick S. Berretta
John B. Sganga
Frederick S. Berretta
Joshua J. Stowell

Attorneys for Plaintiffs and Counter-Defendants,
THE LARYNGEAL MASK COMPANY LTD.
and LMA NORTH AMERICA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2008, I caused the foregoing **PLAINTIFFS' REPLY TO FIRST AMENDED COUNTERCLAIMS OF DEFENDANTS AMBU A/S, AMBU INC., AMBU LTD., AND AMBU SDN. BHD.** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the applicable registered filing users.

Darryl M. Woo
dwoo@fenwick.com
Charlene Morrow
cmorrow@fenwick.com
C.J. Alice Chuang
achuang@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco CA  94104
T:  415-875-2300
F:  415-281-1350

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Dated: September 9, 2008

Megan Placin

5842680