DARRYL M. WOO (CSB No. 100513)
CHARLENE M. MORROW (CSB No. 136411)
RYAN J. MARTON (CSB No. 223979)
C. J. ALICE CHUANG (CSB No. 228556)
DENNIS FAIGAL (CSB No. 252829)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

Attorneys for Defendants
AMBU A/S, AMBU INC., AMBU LTD., and
AMBU SDN. BHD.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMBU A/S, AMBU INC., AMBU LTD., and AMBU SDN. BHD., <br><br> Defendants. | Case No. 3:07-cv-01988-DMS-NLS <br><br> **DEFENDANTS AMBU A/S, AMBU INC., AMBU LTD., AND AMBU SDN. BHD.'S OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION TO MODIFY THE PROTECTIVE ORDER** <br><br> **Judge:** **Honorable Nita L. Stormes** |
| AMBU A/S, AMBU INC., AMBU LTD., and AMBU SDN. BHD., <br><br> Counterclaimants, <br><br> v. <br><br> THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., <br><br> Counter-Defendants. | |

| | |
|---|---|
| 1 | Defendants Ambu A/S, Ambu Inc., Ambu Ltd. and Ambu Sdn. Bhd (collectively |
| 2 | "Ambu") hereby oppose plaintiffs The Laryngeal Mask Company Ltd.'s and LMA North |
| 3 | America, Inc.'s (collectively "LMA") *Ex Parte* Motion to Modify the Protective Order. LMA's |
| 4 | request that the Court modify the Protective Order already entered in this case (Dkt. No. 74) to |
| 5 | allow Mr. Stephen Marzen full access to Ambu's competitively sensitive business information |
| 6 | produced in this case should be denied. The fervor with which LMA has pursued this issue |
| 7 | evidences how important the Court's ruling is to protecting Ambu's confidential information. |
| 8 | LMA's request is based entirely on the formality of Mr. Marzen's recent resignation from the |
| 9 | Board of Directors for two companies (Venner Capital S.A. ("Venner") and LMA International |
| 10 | N.V. ("LMA International")) that are part of the LMA's corporate family as well as his |
| 11 | resignation from LMA International's Intellectual Property Committee. Such resignations, |
| 12 | though, have not effected a substantive change to Mr. Marzen's ongoing role at LMA and should |
| 13 | not change this Court's decision regarding Mr. Marzen's access to Ambu confidential |
| 14 | information. |

## I. MR. MARZEN SHOULD NOT BE GIVEN ACCESS TO AMBU'S SENSITIVE BUSINESS INFORMATION

On August 21, 2008 this Court ruled that given Mr. Marzen's role as a member of the Venner and LMA International Board of Directors and role as the Chair of the LMA International Intellectual Property Committee, he should not be allowed access to Ambu confidential information. Transcript of August 21, 2008, Discovery Hearing at 7:6-10. That ruling was based in large part on Mr. Marzen's involvement in advising LMA on intellectual property enforcement issues. In particular, the Court was concerned with the fact that such intellectual property enforcement necessarily involves analyzing the competition in order to determine whether to sue competitors who may infringe LMA Group's patents. The Court concluded that "Mr. Marzen's advice and counsel to LMA to the Intellectual Property Committee necessarily affects licensing decisions and he is, therefore, a competitive decision maker for LMA." *Id*. at 7:18-21.

Although Mr. Marzen has resigned from the LMA International and Venner Boards and the Intellectual Property Committee, LMA lawyers have confirmed that Mr. Marzen will continue

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

advising LMA on intellectual property enforcement issues.  *See* Declaration of Ryan Marton in Support of Defendants Ambu A/S, Ambu Inc., Ambu Ltd., and Ambu Sdn. Bhd.'s Opposition to Plaintiffs' *Ex Parte* Motion to Modify the Protective Order ("Marton Decl.") ¶ 6.  On September 2, 2008, in response to LMA's request for a stipulation allowing Mr. Marzen's access to confidential Ambu information in light of Mr. Marzen's resignations, Ambu requested further information regarding Mr. Marzen's ongoing relationship with LMA including whether he would continue attending board meetings, whether he would continue to consult with LMA on intellectual property and business issues, and whether Mr. Marzen would confirm in writing that he would refrain from consulting with LMA on IP and business issues for some time period after the resolution of this current lawsuit.  Marton Decl. ¶¶ 2, 3, Exh. A.  LMA did not formally respond to this request but its lawyer did confirm that going forward Mr. Marzen would continue to advise LMA on intellectual property enforcement issues and attend LMA Board meetings where such issues are discussed.  Marton Decl. ¶ 6.  Indeed, in his supplemental declaration filed with the current motion, Mr. Marzen merely confirms that he is no longer on any LMA affiliated boards and no longer on the LMA Intellectual Property Committee.  He indicates no other changes to his ongoing role with LMA.  This is exactly the same type of advice and relationship that existed when the Court denied Mr. Marzen access to sensitive Ambu information, and raises the same risks of inadvertent disclosure of confidential business information.  Simply put, the formality of resigning from LMA Board positions does not make it any more likely Mr. Marzen can scrub his brain of confidential information prior to advising LMA.

LMA's current motion amounts to a request that the Court reconsider its order of August 21, 2008 barring  Mr. Marzen from accessing Ambu's highly confidential information (Dkt. No. 70).  As such, LMA has the burden to show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown" prior to the Court's entry of the original order.  CivLR 7.1(i)(1).  LMA has not met this burden because it has not shown facts that have sufficiently changed since the Court's entry of its order.  Although LMA has identified Mr. Marzen's resignations from the LMA International and Venner Boards and the Intellectual Property Committee, LMA simply has not shown that Mr. Marzen's role and responsibilities with

AMBU'S OPP. TO PLFS.' *EX PARTE* MTN. TO MODIFY THE PROTECTIVE ORDER           2           CASE NO. 3:07-CV-01988-DMS-NLS

1  LMA have meaningfully changed.

2　　　　LMA's current motion asserts in a conclusory fashion that Mr. Marzen has never been
3  involved with competitive licensing decisions.  However, that is not supported by the record to
4  date, which shows that Mr. Marzen has duties for LMA akin to those of in-house counsel.  He has
5  been responsible for "developing LMA's intellectual-property policies, supervising patent
6  infringement litigation, and appointing outside counsel."  *See* Marton Decl. at ¶ 4; Declaration of
7  Stephen Marzen in Support of Plaintiff's Motion to Disqualify Finnegan Henderson Farabow
8  Garrett & Dunner, LLP, ¶ 3 (Dkt. No. 17).  He has also described that his role "includes
9  identifying and suing those companies who infringe LMA Group patents."  Marton Decl. ¶ 5,
10  Exh. C.  As such, he is involved in competitive decision making including who to sue on, and
11  whether to license, the LMA patent portfolio.  There is no evidence to suggest that Mr. Marzen's
12  role with regard to this work has changed as a result of the formality that he has resigned some
13  Board positions; in fact, counsel for LMA has confirmed that Mr. Marzen will continue to attend
14  LMA Board meetings where LMA's intellectual property enforcement is to be discussed.  Marton
15  Decl. ¶ 6.  This set of facts is remarkably similar to those on which the Court originally based its
16  decision on this issue, and Ambu respectfully requests that the current protective order remain in
17  place.  *See Intel Corp. v. VIA Techs., Inc.*, 198 F.R.D. 525, 529-531 (N.D. Cal. 2000) (holding
18  that in-house counsel's "involvement in licensing through litigation constitutes competitive
19  decisionmaking . . . ").

20　　　　In addition, a review of the record shows that LMA's repeated assertions that Mr. Marzen
21  is not involved in competitive decision-making is based on its artificial definitions of competitive
22  decision-making as occurring only when products are designed or priced.  *See e.g.*, Marton Decl.
23  ¶ 5, Exh. C, ¶ 5.  There is simply no basis in the applicable caselaw for such a narrow definition
24  of competitive decision-making, nor is there any meaningful distinction between the risk of
25  misuse of confidential information in the pricing context versus the risk of misuse in making
26  competitive decisions about intellectual property or about corporate investments.  In addition,
27  there has been no showing that Mr. Marzen will cease to be involved in the venture capital
28  investments of Venner, who as Mr. Marzen notes is involved in investing "in the shares of

AMBU'S OPP. TO PLFS.' *EX PARTE* MTN. TO MODIFY THE PROTECTIVE ORDER　　　　3　　　　CASE NO. 3:07-CV-01988-DMS-NLS

1 companies that make or sell medical devices." *Id*. Certainly even LMA cannot contend that

2 making decisions about venture investment is not competitive decision-making.

3 Ambu believes that there were, and continue to be, substantial concerns about the risk of

4 Mr. Marzen's inadvertent disclosure of Ambu's highly confidential information to LMA for

5 reasons beyond his mere title as director of LMA International and Venner. Given Mr. Marzen's

6 continuing role with LMA, Ambu would suffer a significant competitive disadvantage if its

7 highly confidential information were disclosed to LMA. For example, LMA's discovery requests

8 call for the production of, *inter alia*, documents that include information on Ambu's pricing,

9 profitability, customer satisfaction, product plans, and marketing and business strategies. *See*

10 Marton Decl. ¶ 7, Exh. D. Such information is competitively sensitive, and Ambu would not

11 otherwise allow competitors to see it.

12 Ambu further maintains that the risk of disclosure outweighs the little prejudice that LMA

13 will suffer. As this Court recognized in the August 21, 2008 hearing, the fact that LMA continues

14 to be ably represented by trial counsel at Knobbe Martens Olson & Bear LLP and Shearman &

15 Sterling LLP shows that limiting Mr. Marzen's access to Ambu information would not result in

16 prejudice to LMA . *See* Transcript of August 21, 2008, Discovery Hearing at 8:16-21. Thus,

17 Ambu respectfully requests that the Court deny LMA's motion to modify the Protective Order.

## II. MR. MARZEN SHOULD NOT BE GIVEN ACCESS TO AMBU'S SENSITIVE BUSINESS INFORMATION WITHOUT FIRST PERMITTING FULL EXPLORATION OF MR. MARZEN'S ROLES

20 Should the Court be inclined to grant LMA's current motion, Ambu respectfully requests

21 it be first permitted to take the deposition of Mr. Marzen, and then to make a supplemental

22 submission, regarding his ongoing role at LMA in order for Ambu and the Court to fully evaluate

23 the propriety of Mr. Marzen's access to Ambu's confidential information.

25 / / /

26 / / /

27 / / /

28 / / /

AMBU'S OPP. TO PLFS.' *EX PARTE* MTN. TO MODIFY THE PROTECTIVE ORDER     4     CASE NO. 3:07-CV-01988-DMS-NLS

### III. CONCLUSION

For the foregoing reasons, Ambu respectfully requests the Court to deny LMA's *Ex Parte* Motion to Modify the Protective Order or, alternatively, to permit the deposition of Mr. Marzen regarding his ongoing role at LMA prior to entering a ruling on this motion.

Dated: October 3, 2008                                                  FENWICK & WEST LLP

By:      */s/ Dennis Faigal*
Attorneys for Defendants
AMBU A/S, AMBU INC., AMBU LTD., and AMBU SDN. BHD.
Email: dfaigal@fenwick.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule 5.2 on October 3, 2008.

By: ***/s/ Dennis Faigal***
Dennis Faigal
E-mail: dfaigal@fenwick.com