UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC.,<br><br>Plaintiffs,<br>v.<br>AMBU A/S, AMBU INC., AMBU LTD., and AMBU SDN. BHD,<br><br>Defendants. | Civil No.07cv1988-DMS(NLS)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER RE: DEFENDANTS' 30(b)(6) DEPOSITION OF LMA;**<br><br>[Doc. No. 96]<br><br>**DENYING DEFENDANTS' MOTION TO COMPEL CLAIM CONSTRUCTION DEPOSITION AND DOCUMENT PRODUCTION BY LMA**<br><br>[Doc. No. 101] |

Before the Court in the above-captioned matter are Plaintiffs' Motion for Protective Order Re: Ambu's 30(b)(6) Notice of Deposition of LMA [Doc. No. 96] and Defendants' Motion to Compel Claim Construction Deposition and Document Production by LMA [Doc. No. 101]. These motions involve a dispute over a Notice of Deposition regarding claims construction contentions, served by Defendants on Plaintiff LMA. The Court construes Defendants' motion to compel as an opposition to Plaintiffs' motion for a protective order. Plaintiffs filed a reply to Defendants' motion/opposition [Doc. No. 105]. For the following reasons, the Court **GRANTS** Plaintiffs' motion for a protective order and **DENIES** Defendants' motion to compel the Rule 30(b)(6) contention deposition of Plaintiff LMA.

/ / /

1  07cv1988

## BACKGROUND

The single patent remaining in dispute in this infringement action is assigned to Plaintiff The Laryngeal Mask Company, Ltd., and licensed to Plaintiff LMA North America, Inc. (collectively "Plaintiffs"). The patent, U.S. Patent No. 7,156,100, issued on January 2, 2007. (*Amended Complaint*, Doc. No. 4 ¶ 6.) The patent concerns a medical device ("laryngeal mask airway") used to maintain an open airway while a patient is under anesthesia and requires assistance breathing. Defendants Ambu Denmark, Ambu U.S., Ambu Malaysia, and Ambu China (collectively "Defendants") manufacture, import, and sell a competing product, which Plaintiffs allege infringe the '100 patent. (*Id*. ¶11.)

On June 12, 2008, the Court issued a standard Scheduling Order regulating discovery and pretrial proceedings in a patent action [Doc. No. 58]. The Scheduling Order set a claims construction hearing on the calendar of presiding District Judge Sabraw on January 26, 2009. (*See Scheduling Order* ¶ 10.) The Scheduling Order also set a time line for claims construction discovery and contentions, as well as briefing prior to the hearing, in accordance with the Court's Patent Local Rules. (*See Scheduling Order* ¶¶ 6-9.) The deadline for the identification of extrinsic evidence was June 11, 2008. The parties exchanged their preliminary claims construction contentions and responses on September 8, 2008 and September 22, 2008, respectively. The deadline for claims construction discovery was November 7, 2008. (*Id*.) Neither party identified any extrinsic evidence on which they intend to rely at the claims construction hearing in January.

The parties filed their Joint Claims Construction Hearing Statement on October 6, 2008 [Doc. No. 89]. The next day, Defendants served a Notice of Deposition pursuant to Federal Rule of Civil Procedure, Rule 30(b)(6), for Plaintiff LMA's person most knowledgeable with respect to their claims construction contentions, as well as certain infringement topics. (*See Defendants' Motion*, *Declaration of Joshua Stowell in Support*, Ex. "A.") The deposition was noticed for November 3, 2008. (*Id*.) On October 15, 2008, Plaintiffs responded to the notice by informing Defendants that they had disclosed their claims construction contentions as required by the Patent Local Rules, and additional claims construction discovery would be inefficient and burdensome, as well as discouraged by applicable case law. (*Defendants' Motion, Memorandum in Support*, 2-3; *Plaintiffs' Motion*, *Memorandum in Support*, 2-3.) Plaintiffs requested that Defendants agree to postpone the deposition until after the claims

construction hearing. (*Stowell Decl'n.*, Ex "B," 12.)  Several days later, Defendants responded, indicating their intention to proceed with the deposition on November 3, 2008, and asking that Plaintiffs' designate their witness or witnesses as soon as possible, as well as produce additional claims construction related documents prior to or at the deposition. (*Id.*, Ex. "C.")  Counsel met and conferred on October 28, 2008, but were unable to reach an amicable agreement regarding the date of the deposition and related document production. (*Id.* ¶ 8.)  The instant motions ensued.

## DISCUSSION

The Federal Rules allow for broad discovery in civil actions: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  This provision is liberally construed to provide wide-ranging discovery of information necessary for parties to evaluate and resolve their dispute. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1995).  The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995).  In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections. *DirectTV, Inc. V. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002); *Oakes*, 179 F.R.D. at 283.

Federal Rule of Civil Procedure 26(c)(1) offers parties protection during the discovery process when needed providing that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . "  The party seeking a protective order has the burden to show good cause for it; to establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981).

Plaintiffs argue that protective relief should be ordered under Rule 26(c) for three reasons: (1) in light of the disclosures made by each party pursuant to Patent L.R. 4.2, a deposition on claims construction contentions would be unduly burdensome, generate unnecessary costs, and yield no additional evidence relevant to claims construction which has not been disclosed previously; (2)

Defendants' deposition notice reveals their intention to examine opposing counsel about its legal argument underlying Plaintiffs' contentions, which is disfavored under applicable case law; and (3) to the extent that Defendants seek to depose a 30(b)(6) witness on infringement topics, the request is premature as the Court has not yet construed the claims of the patent. (*Plaintiffs' Memorandum*, 4-5.)

Defendants argue in opposition that the noticed deposition is directly related to claims construction and therefore should be allowed under Rule 26(b)(1) as a matter of right based on relevance. (*Defendants' Memorandum*, 3.) Defendants assert that Plaintiffs improperly seek to limit Defendants' claim construction discovery to documentary evidence, despite depositions being expressly named amongst the permissible methods to obtain discovery prior to claims construction. (*Id*.) To bolster their argument, Defendants cite to several cases in which the courts relied on deposition testimony of party representatives during claims construction hearings. (*Id*. at 4.) Defendants further argue that the deposition was noticed in a timely manner, in advance of the November 7, 2008 claims construction discovery deadline. (*Id*. at 5.) Finally, Defendants argue that Plaintiffs should be compelled to produce additional documents responsive to specific requests for production related to claims construction, prior to the November 7, 2008 discovery deadline. (*Id*. at 6.)

The Court finds Defendants' arguments unpersuasive. First, with respect to document production, Defendants' request to compel production was premature. Defendants filed their motion on October 31, 2008, a week in advance of the November 7, 2008 claims construction discovery deadline. At the time of filing, Plaintiffs' remaining production was not yet tardy. In addition, Plaintiffs state in their reply brief, filed on November 7, 2008, that the production is complete and all documents related to claims construction have been produced. (*Plaintiffs' Reply*, 4-5.) Second, although Defendants correctly state that the topics noticed in the deposition are generally relevant to the litigation, Defendants fail to account for the untimeliness of the request. The Patent Local Rules and this Court's Scheduling Order expressly require parties to identify any extrinsic evidence upon which they intend to rely during a claims construction hearing well in advance of the claims construction discovery deadline in order to allow the parties to conduct sufficient discovery related thereto. Therefore, although Defendants noticed the deposition prior to the claims construction discovery deadline, they only did so long after the June 11, 2008 deadline for disclosing extrinsic evidence had passed. (*Scheduling Order*,

Doc. No. 58, 10.)  Defendants offer no justification for the delay.

In addition, the Court agrees with Plaintiffs' assertion that a Rule 30(b)(6) contention deposition is not appropriate at this juncture.  Defendants failed to disclose that they intended to rely upon extrinsic evidence of any kind during the claims construction hearing, much less LMA's Rule 30(b)(6) deposition testimony, as required by the Patent Local Rules.  LMA's person most knowledgeable likely would be one of its attorneys, and the deposition, in addition to being untimely, would implicate Plaintiffs' attorney-client and work product privileges.  *See Exxon Research and Eng'g Co. v. United States*, 44 Fed. Cl. 597, 601 (Fed.Cl.1999).  To the extent the deposition noticed topics relate to infringement, the deposition is premature.  Such topics by their nature should be explored after the Court construes the claims of the patent, not before.  Finally, Defendants do not claim any prejudice which would result from quashing the deposition notice, while Plaintiffs make a sound assertion that the deposition would be costly, burdensome, and unnecessary in light of Plaintiffs' full disclosures during the claims construction discovery period.  As such, the Court finds good cause to grant Plaintiffs' motion to quash and to deny Defendants' motion to compel.

## CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for a Protective Order Re: Defendants' 30(b)(6) Notice of Deposition of LMA [Doc. No. 96] and **DENIES** Defendants' Motion to Compel Claim Construction Deposition and Document Production by LMA [Doc. No. 101]. Accordingly, the Notice of Deposition served on Plaintiff LMA by Defendants on October 7, 2008 is hereby **QUASHED**.

**IT IS SO ORDERED**.

DATED:  November 12, 2008

*Nita L. Stormes*
Hon. Nita L. Stormes
U.S. Magistrate Judge