UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., <br><br>    Plaintiffs, <br>v. <br><br>AMBU A/S, AMBU INC., AMBU LTD., and AMBU SDN. BHD, <br><br>    Defendants. | Civil No.07cv1988-DMS (NLS) <br><br> ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO MODIFY CERTAIN PRETRIAL DEADLINES <br><br> [Docket No. 207] |

On June 12, 2009, fact discovery closed in this case. The parties filed a "Joint Motion for Order Extending Date to Compel Fact Depositions and Serve Related Expert Reports" at 5:58 p.m. on June 12, 2009. The parties have previously sought to modify a deadline in this case. On April 10, 2009, the parties sought to extend the March 27, 2009 deadline to disclose the names of expert witnesses; a deadline that passed without a request for an extension being filed.

The parties state that they have been unable to schedule the deposition of fact witness Dr. Ferson during the discovery period. The parties seek leave to take the Ferson deposition on June 17, 2009 and for Ambu to produce the report of expert witness Dr. Nikolaus Gravenstein two weeks late because the Ferson deposition is necessary for Dr. Gravenstein to complete his expert analysis. Because the parties have shown good cause to allow extra time for the Ferson deposition and Gravenstein report, the Motion is Granted in Part as to those requests.

The parties also seek "to permit each side to complete the fact depositions that it has not yet

scheduled after the June 12, 2009 fact discovery cut-off deadline, provided that no side take no more than ten fact depositions (absent obtaining the appropriate leave of court.)." (Mtn at ¶ 5.)[1] Thus, the parties appear to be seeking an unlimited amount of time to conduct an undisclosed number of depositions. The parties have not identified which fact witnesses they want to depose nor have they explained why those depositions could not be scheduled during the discovery period. The parties have also not explained why they waited until after the close of business on the day the discovery period ended to file their motion for more time. Based on the record presented, the parties have not demonstrated good cause for additional time to take depositions. Accordingly, the Motion is Denied in Part, and without prejudice, as to the request for unlimited time to take an undisclosed number of depositions.[2]

For the foregoing reasons, It Is Hereby Ordered that:

1. The Motion is Granted in Part and the deposition of Dr. Ferson may be taken on June 17, 2009; the expert report of Dr. Gravenstein shall be due on or before July 3, 2009; any expert report in rebuttal to Dr. Gravenstein's report shall be due on or before July 24, 2009; and

2. The Motion is Denied in Part as to the request to allow each side an unlimited amount of time to take an undisclosed number of depositions.

**IT IS SO ORDERED**.

DATED: June 16, 2009

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

---

[1] The parties are not seeking to extend the August 14, 2009 deadline for filing dispositive motions and are not seeking to defer the December 7, 2009 trial date. (Mtn .at ¶ 6.)

[2] The parties are welcome to proceed with depositions after the close of discovery without the Court's approval, but the Court will not adjudicate any disputes arising out of untimely discovery taken without permission. Alternatively, the parties may present a new motion for additional time to complete depositions. Any such motion must include: 1) a showing of good cause to extend the discovery period; 2) the names of the witnesses sought to be deposed and 3) the date when each deposition is to take place.