John B. Sganga (State Bar No. 116,211)
Frederick S. Berretta (State Bar No. 144,757)
Joshua J. Stowell (State Bar No. 246,916)
KNOBBE, MARTENS, OLSON & BEAR, LLP
550 West C Street
Suite 1200
San Diego, CA 92101
(619) 235-8550
(619) 235-0176 (FAX)

Vicki S. Veenker (State Bar No. 158,669)
Adam P. Noah (State Bar No. 198,669)
SHEARMAN & STERLING LLP
1080 Marsh Road
Menlo Park, CA 94025
(650) 838-3600
(650) 838-3699 (FAX)

Attorneys for Plaintiffs and Counter-Defendants
THE LARYNGEAL MASK COMPANY LTD.
and LMA NORTH AMERICA, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., <br><br> Plaintiffs, <br> v. <br> AMBU A/S, AMBU INC., and AMBU LTD., <br><br> Defendants. | Civil Action No. 07 CV 1988 DMS (NLS) <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO TAKE FIVE DEPOSITIONS BEYOND THE PRESUMPTIVE LIMIT OF FEDERAL RULE OF CIVIL PROCEDURE 30(a)(2)(A)(i)** <br><br> Date: July 2, 2009 <br> Time: 2:30 p.m. <br> Courtroom F, 1st Floor <br><br> **Honorable Nita L. Stormes** |
| AMBU A/S, AMBU INC., and AMBU LTD., <br><br> Counterclaimants, <br> v. <br> THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., <br><br> Counter-Defendants. | |

**CONTAINS CONFIDENTIAL INFORMATION – FILED UNDER SEAL**

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ...................................................................................................... ii

ARGUMENT ............................................................................................................................... 1

    A.   The Six Depositions of Individuals Designated by Ambu to Testify in Response to LMA's Rule 30(b)(6) Notice Count as a Single Deposition ............................................................. 1

    B.   Even if the 30(b)(6) Depositions Are Not Counted as One; the Seven Additional Depositions Sought Are Justified Under Rule 26(b) ............................................................. 2

        1.   N.E. Nielsen, Chairman of the Board, Ambu Inc. ...................................... 3

        2.   Kurt Erling Birk, former Chief Executive Officer, Ambu A/S ................... 4

        3.   Anders Arvai, Chief Financial Officer, Ambu A/S ..................................... 5

        4.   Henrik Ankjaer, General Manager of Ambu Ltd. ........................................ 6

        5.   Daniel LeBrecque, Market Manager for Anesthesia Respiratory & Immobilization, Ambu Inc. .................................................................................................. 7

        6.   Neal Harpstrite, Regional Sales Manager East, Ambu Inc. ........................ 8

        7.   Debbie Self, Sales Representative, Ambu Inc. ............................................ 9

    C.   LMA is Not Required To Take All Ten Depositions Before Seeking Leave for Additional Depositions .................................................................................................................... 9

CONCLUSION ......................................................................................................................... 10

# TABLE OF AUTHORITIES

## CASES

*Authentec, Inc. v. Atrua Techs., Inc.*, No. C08-1423, 2008 WL 5120767 (N.D. Cal. Dec. 4, 2008) .................................................................................................................................. 10

*Cabot Corp. v. Yamulla Enters.*, 194 F.R.D. 499 (D.C. Pa. 2000) ................................................. 2

*Del Campo v. Am. Corrective Counseling Servs.*, No. C01-21151, 2007 WL 3306496 (N.D. Cal. Nov. 6, 2007) ........................................................................................................ 10

*Detoy v. City & County of San Francisco*, 196 F.R.D. 362 (N.D. Cal. 2000) ............................... 2

*Lloyd v. Valley Forge Life Ins. Co.*, No. C06-5325, 2007 WL 906150 (W.D. Wash. Mar. 23, 2007) ........................................................................................................................... 10

*Overseas Private Inv. Corp. v. Mandelbaum*, 185 F.R.D. 67 (D.D.C. 1999) ................................ 2

*Terrell v. Contra Costa County*, No. 04-17228, 2007 WL 1119331 (9th Cir. Apr. 16, 2007) ....... 3

## STATUTES

Fed. R. Civ. P. 26(b)(2) .......................................................................................................... 1, 9, 10

Fed. R. Civ. P. 26(b)(2)(C) ..................................................................................................*passim*

Fed. R. Civ. P. 30, Advisory Committee Notes (1993 Amendments) ........................................... 1

Fed. R. Civ. P. 30(a) .............................................................................................................. 1, 2, 3

Fed. R. Civ. P. 30(a)(2) .................................................................................................................. 9

Fed. R. Civ. P. 30(a)(2)(A)(i) ..................................................................................................... 1, 2

Fed. R. Civ. P. 30(b) ...................................................................................................................... 1

Fed. R. Civ. P. 30(b)(6) .........................................................................................................*passim*

Plaintiffs The Laryngeal Mask Company Ltd. and LMA North America, Inc.'s ("LMA") motion for leave to take five depositions beyond the presumptive limit of Federal Rule of Civil Procedure 30(a)(2)(A)(i) should be granted for two reasons. *First*, the fifteen depositions LMA seeks to take in total fall within the presumptive ten-deposition limit of Rule 30(a) because six of the depositions are of witnesses designated by Ambu under Rule 30(b)(6) and Rule 30(a) is clear that 30(b)(6) depositions count as a single deposition. Ambu points to no authority – and there is none – for its argument that LMA's questioning of these witnesses in their individual capacity changes that rule. *Second*, the additional depositions are warranted under Federal Rule of Civil Procedure 26(b)(2) because each of the witnesses possess information on targeted issues critical to this case and such testimony would not be duplicative of other testimony obtained in this case.

## ARGUMENT

### A. The Six Depositions of Individuals Designated by Ambu to Testify in Response to LMA's Rule 30(b)(6) Notice Count as a Single Deposition

Although LMA is seeking to depose fifteen individuals, the total number of its requested depositions should be counted as ten, because under Rule 30(a), LMA's six Rule 30(b)(6) depositions count as a single deposition. (Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Leave to Take Five Depositions Beyond the Presumptive Limit of Federal Rule of Civil Procedure 30(a)(2)(A)(i), filed June 2, 2009 ("LMA Mem.") 4-5.) That conclusion is compelled by both the advisory notes of Federal Rule 30(a), as well as case law. *See* FED. R. CIV. P. 30 Advisory Committee Notes (1993 Amendments) ("A deposition under Rule 30(b)(6) should, for purposes of this [10-deposition] limit, be treated as a single deposition even though more than one person may be designated to testify.").

Ambu does not and cannot dispute that depositions of individuals designated by a corporation to testify in response to a deposition notice under Rule 30(b)(6) should be counted as a single deposition under Rule 30(a). Instead, Ambu suggests that the rule is not applicable here because the six witnesses who it designated to testify in response to LMA's Rule 30(b) notice were also noticed by LMA to testify in their individual capacities. (Defendants' Opposition to Plaintiff's Motion for Leave to Take Five Depositions Beyond the Presumptive Limit of Federal

Rules of Civil Procedure 30(a)(2)(A)(i), filed June 18, 2009 ("Opposition") 14.) But Ambu cites no support for its made-up exception to the general rule counting Rule 30(b)(6) depositions as a single deposition.

Nor does Ambu's exception make any sense. It is well settled that parties designated to testify in response to a Rule 30(b)(6) notice may be questioned in both their official and individual capacities. *See Detoy v. City & County of San Francisco*, 196 F.R.D. 362, 366-67 (N.D. Cal. 2000) ("the description of the scope of the deposition in the notice [i]s the minimum about which the witness must be prepared to testify, not the maximum"; the scope of a Rule 30(b)(6) deposition "is determined solely by relevance under Rule 26, that is, that the evidence sought may lead to the discovery of admissible evidence."); *Cabot Corp. v. Yamulla Enters.,* 194 F.R.D. 499 (D.C. Pa. 2000) (same); *Overseas Private Inv. Corp. v. Mandelbaum*, 185 F.R.D. 67, 68 (D.D.C. 1999) (same). As one court explained, "[p]resumably, if the witness is capable of testifying on behalf of the designated entity, the witness is also capable of testifying as an individual, at the same deposition." *Detoy*, 196 F.R.D. at 367. "Nor should one witness count as two depositions for purposes of the Local Rules' limit on the number of depositions to be taken by each party. Such a rule would encourage defending counsel to take a hard line and force an opponent to expend its deposition allotment." *Id.* at 367.

Because the depositions of the six witnesses designated by Ambu to testify under Rule 30(b)(6) count as a single deposition for purposes of Rule 30(a) and because LMA was entitled to question these witnesses in their individual capacity regardless of what capacity it noticed them in (*Detoy*, 196 F.R.D. at 366), the 30(b)(6) depositions are (and should be) treated as single deposition under Rule 30(a). Thus, LMA's request to take nine depositions in addition to those taken under Rule 30(b)(6) falls squarely within the presumptive deposition limit of Rule 30(a).

**B.** **Even if the 30(b)(6) Depositions Are Not Counted as One, the Seven Additional Depositions Sought Are Justified Under Rule 26(b)**

Rule 26(b)(2)(C) requires that a moving party show: (1) the discovery sought is not "unreasonably cumulative or duplicative," (2) that it has not had "ample opportunity" to obtain the information by discovery, and (3) the likely benefit of the proposed discovery outweighs its

burden. Contrary to Ambu's contention, LMA has satisfied the requirements of Rule 26 for each additional deposition.[1]

**1. N.E. Nielsen, Chairman of the Board, Ambu Inc.**

LMA has made the requisite showing required by Rule 26(b)(2)(C) for the deposition of Mr. Nielson. (LMA Mem. 7.) *First*, contrary to Ambu's contention that Mr. Nielsen lacks first hand knowledge of communications with LMA directors relevant to the issue of willful infringement, documents that should be in Ambu's possession – but which Ambu thus far has refused to produce – clearly indicate that Mr. Nielsen has such knowledge. Those documents show that



REDACTED

REDACTED

REDACTED

LMA believes that Mr. Nielson's testimony proves Ambu's willful infringement.

*Second*, Mr. Nielsen's deposition is not cumulative as none of the witnesses whom LMA has deposed so far has had direct knowledge about Ambu's efforts to merge with LMA or has

---

[1] Ambu argues that LMA cannot offer "new" facts in its reply. (Opposition 13.) This is misguided since LMA is not offering "new" facts but rather is substantiating the facts set forth in its original papers. *See Terrell v. Contra Costa County*, No. 04-17228, 2007 WL 1119331, at *2 & n.2 (9th Cir. Apr. 16, 2007) (finding that "because the information in the Reply Brief was not *new*, the district court did not err when it relied on that information" where the alleged new information "addressed the same set of facts supplied in appellant's opposition to the motion but provides the full context") (emphasis in original).

been able to testify regarding the content of Ambu's discussions with LMA on that subject. For example, when asked about the proposed transaction between Ambu and LMA, Frank Homa, Ambu Inc.'s President and CEO, testified that he knew "no details." Stowell Dec. Ex. 3 at 12. Likewise, when Ole Kohnke, the Ambu 30(b)(6) witness designated to testify on Ambu's analysis of the patent, was asked whether he recalled LMA putting Ambu on notice of its infringement he testified that LMA never gave notice (Stowell Dec. Ex. 4 at 18) and that he never saw correspondence between Mr. Nielsen and Mr. Gaines-Cooper on these topics (*id.*).

*Finally,* no substantial burden would be imposed on Mr. Nielsen because LMA is prepared to take his deposition in Denmark. Moreover, any burden on Ambu is minimized by the fact that while Mr. Nielson sits on the boards of several Danish companies, he does not appear to have day-to-day management responsibility for any of them. In any event, the importance of Mr. Nielson's testimony outweighs any potential burden.

### 2. Kurt Erling Birk, former Chief Executive Officer, Ambu A/S

LMA has also satisfied Rule 26(b)(2)(C) for the deposition of Mr. Birk. (LMA Mem. 8.) As the former Chief Executive Officer of Ambu A/S, Mr. Birk was also involved in the acquisition communications discussed above, and in fact is a signatory to the formal offer to acquire LMA. Stowell Dec. Ex. 1. Hence, Mr. Birk likewise possesses information relevant to Ambu's willful infringement and patent valuation and for the same reasons discussed above his deposition would not duplicate other depositions. (LMA Mem. 8.) Although Ole Kohnke testified that he spoke to Mr. Birk about the acquisition discussions between LMA and Ambu, Birk's denial that LMA put Ambu on notice of infringement flatly contradicts the contemporary letter of that meeting. Stowell Dec. Ex. 32.

In addition, the record shows that Mr. Birk has knowledge and possibly made decisions on behalf of senior management concerning REDACTED As a result, Mr. Birk

has critical information showing that senior Ambu management valued the invention at issue in this case – the reinforced tip – and that the company did not want customers to know that it had removed the reinforced tip from its products. No Danish senior executive has testified on these issues and therefore the additional deposition would not be cumulative. Finally, since Mr. Birk is retired, his testimony would not interfere with any management responsibilities at Ambu.

### 3. Anders Arvai, Chief Financial Officer, Ambu A/S

LMA has satisfied Rule 26(b)(2)(C) for the deposition of Mr. Arvai. (LMA Mem. 8.) Mr. Arvai is knowledgeable about damages caused by Ambu's infringement, as well as damages purportedly caused by LMA's marketing practices. (LMA Mem. 8.) *First*, in August 2008 Ambu's analyst at Kauphthing Bank estimated Ambu's exposure in this patent infringement lawsuit at $21.2 million.[2] The Ambu analyst's valuation of the company's contingent liability was clearly based on information provided by the company. As the Chief Financial Officer of Ambu A/S, Mr. Arvai is likely the person that prepared the information that formed the basis of the analyst's report.

REDACTED

Mr. Arvai's deposition is also necessary to explain why Ambu's invoice level-sales data shows negative average sales prices on some of its laryngeal masks in the fourth quarter of 2008 and first quarter of 2009. As the Chief Financial Officer, Mr. Arvai should be able to explain this peculiarity, which is important for LMA to estimate the damages caused by Ambu's infringing conduct.

///

---

[2] Ambu's analyst values the contingent liability at 7 Danish Kroner (DKK) per share after tax. From Kaupthing Bank Equity Research, Ambu (August 27, 2008). Stowell Dec. Ex. 31 at 182. At 11.8 million Ambu shares outstanding (*see id.* at 1), the after-tax loss is DKK 82.6 million. At the exchange rate in effect at the time ($1 = DKK 5.35), the exposure in U.S. dollars is $15.5 million after tax. Because Ambu's tax rate is 27%, the equivalent pre-tax exposure is $21.2 million (=$15.5 million/.73).

Mr. Arvai's testimony on these issues – Ambu's analyst's valuation and Ambu's purported negative revenues – would not be cumulative since LMA has not yet deposed a senior financial officer and therefore no one has testified on these issues. Moreover, any burden Mr. Arvai would face from testifying at his deposition is strongly outweighed by the importance of his testimony for LMA to establish damages on its claims and defend against damages on Ambu's counterclaims, especially when Ambu has not ruled out calling him as a witness at trial.

### 4. Henrik Ankjaer, General Manager of Ambu Ltd.

LMA has made the requisite showing required by Rule 26(b)(2)(C) for the deposition of Mr. Ankjaer. (LMA Mem. 7.) Mr. Ankjaer is the General Manager of Ambu Ltd. which is the manufacturing facility in China where Ambu makes the laryngeal masks at issue in this case. LMA believes that M. Ankjaer has critical testimony that the manufacturing problems with Ambu's unreinforced laryngeal mask are the fault of Ambu's design. Indeed, documents demonstrate that Mr. Ankjaer communicated with Ambu colleagues about steps manufacturing needed to take to address the wrinkle defects. Stowell Dec. Ex. 12 and 13.

The deposition of Mr. Ankjaer would not be cumulative since no one from Ambu's China manufacturing facility has been deposed in this case. Moreover, the witnesses that LMA has deposed have not been knowledgeable about of the manufacturing steps taken to correct the wrinkle and indentation defects. Sanjay Parikh, Ambu Inc.'s V.P. of Quality Assurance and Regulatory Affairs, stated that REDACTED While Lasse Petersen, a mechanical engineer in Research & Development for Ambu A/S, REDACTED

///
///
///

### 5. Daniel LeBrecque, Market Manager for Anesthesia Respiratory & Immobilization, Ambu Inc.

LMA has satisfied the requirements of Rule 26(b)(2)(C) for the deposition of Mr. LeBrecque. (LMA Mem. 7.) Mr. LeBrecque is a key witness on the reasons why customers switched from Ambu's laryngeal masks or have chosen not to buy Ambu's laryngeal masks. John Schmitz, Ambu Inc.'s Vice President of Business Development, REDACTED

Stowell Dec. Ex. 16 at 59. The record shows that Mr. LeBrecque REDACTED

REDACTED

REDACTED

REDACTED

Contrary to Ambu's argument (Opposition 12), Mr. LeBrecque's testimony would not be cumulative of the depositions of Frank Homa, John Schmitz, and Alen Jensen. Ambu designated Frank Homa as the 30(b)(6) witness to answer questions as to "the level of sales and profits that [AMBU] claim[s] to have lost as a result of the LMA Brochure." Stowell Dec. Ex. 24. However, when asked about his survey of sales people, Mr. Homa testified REDACTED

REDACTED Similarly, Alan Jensen, an Area Vice President of Sales and Ambu Inc.'s designated 30(b)(6) deponent on customer feedback on the LMA brochure, REDACTED Stowell Dec. Ex. 25 at 162-163.

Finally, no other Ambu witness has been able to provide testimony on customer complaints about wrinkles in Ambu's unreinforced laryngeal mask or Ambu's clinical studies on its laryngeal masks. REDACTED

**6.** <u>**Neal Harpstrite, Regional Sales Manager East, Ambu Inc.**</u>

LMA has made the requisite showing required by Rule 26(b)(2)(C) for the deposition of Neal Harpstrite. (LMA Mem. 7.) The record shows REDACTED

- REDACTED
- REDACTED
- REDACTED

/ / /

Ambu's contention that Mr. Harpstrite's deposition would be cumulative of the depositions of Homa, Schmitz, and Jensen is misplaced. As noted above, Homa stated explicitly in his testimony that the sales people have information as to why Ambu lost accounts. Mr. Harpstrite's testimony is not duplicative because no other witness have testified as to the reasons customers told Ambu they were not buying its product.

### 7. Debbie Self, Sales Representative, Ambu Inc.

LMA has met the requirements of Rule 26(b)(2)(C) for the deposition of Debbie Self. (LMA Mem. 7.) The documents produced by Ambu show REDACTED Stowell Dec. Ex. 28, 29, and 30. No other witness deposed in this case has been knowledgeable about specific customer complaints of the wrinkled and dented device. Consequently, Ms. Self's testimony concerning the reactions customers to the dented Ambu products is not duplicative.

Because LMA has shown good cause and satisfied the requirements of Rule 26(b)(2)(C) for each of the witnesses whose depositions it is seeking, leave to take those depositions should be granted.[3]

### C. LMA is Not Required To Take All Ten Depositions Before Seeking Leave for Additional Depositions

Contrary to Ambu's contention, the fact that LMA has only taken nine of the ten depositions does not render its motion is premature. (Opposition 3.) Rule 30(a)(2) provides that a party must obtain leave of court to take more than ten depositions. However, neither the rule nor the advisory notes state that all ten depositions must be completed before seeking leave. Instead, Rule 30(a)(2) merely requires that the moving party satisfy the requirements of Rule

---

[3] Ambu asserts that LMA failed to meet and confer on its request for additional depositions prior to filing its motion. LMA made a good faith effort to agree informally on additional depositions. (Opposition 2) (LMA Mem. 2-3). LMA's alleged refusal to comply with Ambu's demand that it pick one Ambu Inc. witness it wanted to depose as its tenth (Opposition 2) is in no way a failure to meet and confer. Instead, Ambu's opposition demonstrates that the parties' dispute is ripe.

26(b)(2) as to why additional discovery is necessary. While some courts hold that all ten depositions should be exhausted before a party may make this showing, other courts have held that just *some* depositions must be completed to satisfy Rule 26(b)(2). *See Authentec, Inc. v. Atrua Techs., Inc.*, No. C08-1423, 2008 WL 5120767, at * 1 (N.D. Cal. Dec. 4, 2008) ("Rule 30(a)(2) contemplates that a party has already taken *at least some of its ten depositions before a motion is filed seeking leave of court.*") (emphasis added).

Ambu's reliance on *Lloyd v. Valley Forge Life Ins. Co.*, No. C06-5325, 2007 WL 906150 at *2 (W.D. Wash. Mar. 23, 2007) is wholly misplaced. *Valley Forge* was a simple contract case in which the plaintiff sought permission to take between 21 and 40 additional depositions after completing only two depositions. As a result, the plaintiff had to resort to pure "speculation" to support her request, which was denied. By contrast, LMA has completed nine of the ten depositions, seeks only five extra depositions, and has made a particularized showing as to why each deposition is necessary and not cumulative. In addition, unlike *Valley Forge*, this is a complex patent infringement dispute involving numerous counterclaims and numerous plaintiffs and defendants with millions of dollars at stake. *See Del Campo v. Am. Corrective Counseling Servs.*, No. C01-21151, 2007 WL 3306496, at *6 (N.D. Cal. Nov. 6, 2007) (finding in a complex class action that it was "prejudicial to require Plaintiffs to choose the [ ] ten depositions to take before they know whether they will be granted more"). LMA's request for additional depositions is plainly not premature.

## **CONCLUSION**

For the foregoing reasons and those in LMA's opening memorandum, the Court should grant leave to take additional depositions.

///

///

///

///

///

| | | |
|---|---|---|
| | | Respectfully submitted, |
| | | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| | Dated: June 25, 2009 | By: s/John B. Sganga |
| | | John B. Sganga |
| | | jsganga@kmob.com |
| | | Frederick S. Berretta |
| | | fred.berretta@kmob.com |
| | | Joshua J. Stowell |
| | | joshua.stowell@kmob.com |
| | | Attorneys for Plaintiffs |
| | | THE LARYNGEAL MASK COMPANY LTD. |
| | | and LMA NORTH AMERICA, INC. |

# CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2009, I caused the foregoing **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO TAKE FIVE DEPOSITIONS BEYOND THE PRESUMPTIVE LIMIT OF FEDERAL RULE OF CIVIL PROCEDURE 30(a)(2)(A)(i)** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the applicable registered filing users.

Darryl M. Woo
dwoo@fenwick.com
Patrick E. Premo
ppremo@fenwick.com
Bryan Kohm
bkohm@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco CA 94104
T: 415-875-2300

F: 415-281-1350

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Dated: June 25, 2009

_Megan Ptacin_
Megan Ptacin