UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC.,<br><br>　　　　　　Plaintiffs,<br>v.<br><br>AMBU A/S, AMBU INC., AMBU LTD., and AMBU SDN. BHD,<br><br>　　　　　　Defendants. | Civil No.07cv1988-DMS (NLS)<br><br>ORDER DENYING JOINT MOTION TO ALLOW ALL UNTIMELY FACT DISCOVERY MOTIONS TO BE FILED, MOTIONS TO COMPEL DISCOVERY, MOTIONS TO SEAL, AND MOTION FOR LEAVE TO FILE OVERSIZED BRIEF AND GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE THE MOTION TO COMPEL ON JULY 14, 2009<br><br>[Docket Nos. 234, 235, 236, 237, 242, 244 and 245 ] |

## I. INTRODUCTION

Presently before the Court are a flurry of last minute motions accompanied by a joint request to allow untimely discovery motions to be filed. For the following reasons, the Joint Motion to allow all untimely discovery requests to be filed is DENIED [Docket No. 234]; the Motion for Leave to File the Motion to Compel on July 14, 2009 is GRANTED [Docket No. 245]; the Motions to Compel Discovery and the related sealing requests [Docket Nos. 236, 237, 242, and 244] are Denied without Prejudice to refiling the motions as to the timely disputes only; and the Motion for Leave to file Excess Pages Re: Plaintiffs' Brief In Support of Plaintiffs' Motion to Compel Discovery [Docket No. 235] is DENIED.

//

//

1  07cv1988

## II. DISCUSSION

### A. The Scheduling Orders Are Clear and Unambiguous

On June 12, 2008, the Court issued a Scheduling Order Regulating Discovery and Other Pretrial Proceedings in Patent Case. [Docket No. 58, "the Scheduling Order."] The Scheduling Order provided:

> All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a).

(Scheduling Order at 8-9.) On April 13, 2009, the Court granted a Joint Motion to Modify Certain Pretrial Deadlines. [Docket No. 179, "Amended Scheduling Order."] In the Amended Scheduling Order, the Court stated:

> All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a). All fact discovery motions must be filed no later than ***July 13, 2009***; all expert discovery motions must be filed no later than ***August 31, 2009***.

(Amended Scheduling Order at 3.)[1]

### B. The Joint Motion for Leave to File All Untimely Discovery Requests is Denied

#### 1. The Discovery Motions Filed

Despite the clear language of both orders requiring that discovery disputes be brought to the attention of the Court within thirty days of the dispute arising, on July 13, 2009, the parties filed a Joint Motion seeking leave to file motions regarding all discovery disputes on July 13, 2009. (Docket No. 234.) Each side has filed a massive discovery motion. In fact, LMA has filed an Application to file an oversized brief, due to the "numerous different types of documents" it seeks to compel. [Docket No. 235.] LMA's Motion was accompanied by a Declaration with VV (48) exhibits. The Motion papers total ninety-seven pages, not including the thirty-one pages of the Memorandum of Points and Authorities, which Plaintiffs seek to file under seal, in its entirety. [Docket No. 236.] It is not clear from

---

[1] Judge Sabraw also issued an Order granting the Motion to extend deadlines. [Docket No. 180]. This order also extends fact discovery to June 12, 2009. There is no inconsistency between the two orders granting the motion to extend deadlines. There is nothing in Judge Sabraw's Order that conflicts with, or confuses, the clear direction in the Amended Scheduling Order.

the motion papers exactly what discovery LMA is seeking to compel. LMA mentions and attaches the set of eighty-three Requests for Production of Documents propounded on March 30, 2008.[2] LMA appears to also seek to compel further responses to Request for Production of Documents propounded on March 13, 2009 and May 13, 2009. LMA attached Defendants' Responses to the Third set of documents requests as Exhibit CC, but did not include the Second set of document requests.[3] The Beretta Declaration does contain responses to the first, second, and third sets of interrogatories, which may consist of 19 interrogatories. (Exs. H, L and KK) Although it is entirely unclear, it appears that LMA may be seeking to compel responses to as many as 199 Requests for Production of Documents and 19 interrogatories.

On July 14, 2009, at 4:17 in the morning, Ambu filed a Motion to Compel responses to twenty different Requests for Production of Documents; deposition witnesses for eight topics pursuant to Rule 30(b)(6), further responses to two interrogatories and further responses to six Requests for Admissions. [Docket No. 242.] This Motion was accompanied by a Declaration with ZZ (52) exhibits. At 2:23 pm on July 14, 2009, Ambu filed a Motion for leave to file the Motions due on July 13, 2009 (and the motions they wish leave to file on July 13, 2009) on July 14, 2009. [Docket No. 245.] Mr. Patrick Premo, counsel for Ambu, states that the motion could not be electronically filed by midnight due to Ambu's decision (at an unspecified time) to narrow the issues in the motion and attempt to follow the rules regarding sealing of documents. (Premo Decl. at ¶¶ 3-4). Mr. Premo also explains that they attempted to file all Fifty-two exhibits in a single document and were unsuccessful. (*Id.* at ¶ 6.) After that, Ambu tried to file the "Notice of Motion, Memorandum of Points and Authorities, and Declaration and exhibits together" but were again unsuccessful. (*Id.* at ¶ 7.) Mr. Premo argues that the untimely motion should be accepted because it was ultimately filed prior to the start of business on July 14, 2009, nobody has been prejudiced, and LMA does not oppose the motion. (*Id.* at ¶ 9.)

//

---

[2] On January 27, 2009, the Court Granted in Part LMA's Motion to Compel Further Responses to many of these requests and required production by February 20, 2009. (Docket No. 148.) The Order granted the motion as to thirty-four document requests and denied the motion as to ten document requests.

[3] The Court's courtesy copy contains no Exhibit CC, but the exhibit was e-filed.

## 2. The Parties' Failure to Comprehend the Orders and the Burden on the Court

The parties do not claim that the Scheduling Order or the Amended Scheduling Order was unclear. Instead, the parties claim that they both understood that "no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred" to mean "disputes concerning fact discovery must be brought to the attention of the court within 30 days following the completion of fact discovery." (Jt. Mtn. at 1.) The parties do not explain how the language of the Scheduling Order or the Amended Scheduling Order is susceptible to this wholly inconsistent interpretation. Nonetheless, the parties are asking the Court not to enforce the deadline in the Scheduling Order.

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), *quoting Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Maine 1985). Rather, it is "a first step of prime importance in the Court's effort to undertake to effectively and expeditiously manage the case and to control its docket." *Gestetner Corp.*, 108 F.R.D. at 141; *see also Hernandez v. Mario's Auto Sales, Inc.*, – F.Supp. – 2009 WL 150941 (S.D. Tex. Jan. 21, 2009.)(noting that courts have an inherent power to control their dockets and ensure cases proceed in a timely and orderly fashion.) Moreover, "the flouting of discovery deadlines causes substantial harm to the judicial system. . . . Adherence to reasonable deadlines is therefore critical to maintaining integrity in court proceedings." *Rouse v. Farmers State Bank of Jewell, Iowa*, 866 F.Supp 1191, 1199 (N.D. Iowa 1994).

The parties argue that the motion should be granted because they will not be prejudiced by the filing of "such motions" on July 13, 2009. (Jt. Mtn. at 2.) The parties apparently fail to comprehend that the Court will be prejudiced by the filing of untimely and lengthy motions thirty days after the close of fact discovery. The Court requires all discovery disputes to be brought to its attention within thirty days of the event giving rise to the dispute for two reasons. First, early attention to the discovery disputes increases the chances that the parties can resolve them. The deadline was created to require the parties to work diligently and conscientiously to resolve each dispute as it arises and to prevent parties from allowing the disputes to multiply and fester. After discovery has closed, and the disputes have sat neglected for months (or years), it is more difficult for the parties to reach agreement and more difficult

for the Court to resolve the disputes. Second, this requirement also safeguards the efficient management of the courts' docket and the Court's ability to "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In fact, the purpose of the requirement is to prevent exactly what the parties are attempting here: a failure to timely seek to resolve discovery disputes followed by a last minute dumping of disputes upon the Court when there is insufficient time to resolve the disputes without disrupting the trial schedule.

In this case, expert discovery is set to close on July 31, 2009; all pretrial motions must be filed no later than August 14, 2009; the parties must file Memoranda of Contentions of Law and Fact on October 2, 2009; and a pre-trial conference is set on in front of Judge Sabraw on October 30, 2009. The parties' extensive and tardy fact discovery motions will not be fully briefed until August 3, 2009 and are not scheduled for hearing until August 13, 2009. Therefore, it would be extremely difficult, if not impossible, for the Court to resolve the discovery disputes prior to the deadline for filing pre-trial motions. In the ordinary course, motions filed on the August 14, 2009 deadline will not be heard until September 11, 2009, which allows under a month for resolution of any motions prior to the filing of the Memoranda of Contentions of Law and Fact. Thus, delaying the filing of accumulated discovery disputes until after the close of discovery necessarily delays the court's resolution of those disputes prior to deadlines set on the district judge's calendar for dispositive motions, pretrial conference submissions and the pretrial conference itself. Were the court to allow that scenario in the thousands of civil cases currently pending, the system would come to a grinding halt.

Accordingly, the Motion for leave to file all tardy discovery disputes thirty days after the close of discovery is DENIED.

**C.     The Motions to Compel Discovery Are Denied Without Prejudice**

Because the motions filed appear to encompass every discovery dispute each side could unearth at the last possible moment, the motions are denied without prejudice. The Court will not cull through the almost foot high stack of documents to attempt to locate any timely disputes contained therein. No later than **July 24, 2009,** each side may file a Motion to Compel Discovery as to any disputes that are not time barred. The parties have been on notice since June 12, 2008 that discovery disputes "shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the

event giving rise to the discovery dispute occurred." (Scheduling Order.) Accordingly, only those disputes for which the event giving rise to the dispute occurred within thirty days of the July 13, 2009 deadline (or June 12, 2009) are timely. The event giving rise to the dispute is the production of discovery responses or other event which caused, or should have caused, the propounding party to learn of a deficiency in the responses.

In light of the lack of prejudice, and LMA's non-opposition, Ambu's late filing of the motion to compel is excused. Ambu shall have the same rights as LMA to file a motion to compel discovery as to timely disputes.

If the parties choose to file new motions to compel, the motions must contain the following information: The exact discovery sought, including the number of the Request for Production of Documents, Interrogatory, Request for Admission or other type of discovery sought; the date the discovery was propounded; the date and substance of the response to the discovery; why the discovery sought is relevant, and why the discovery produced is inadequate. The parties shall not be granted leave to file oversized briefs, but the text of the discovery sought and the responses provided may be submitted as an exhibit to a declaration. Any discovery that is not specifically sought and addressed in the motion papers will not be granted. Any request to seal must seek to seal only those documents or portions of documents that reveal confidential information. Finally, no further extensions will be granted and the parties are urged to start the filing process well in advance of the deadline.

## III. CONCLUSION

For the Foregoing Reasons, It Is Hereby Ordered that:

1. The Joint Motion seeking leave to file motions regarding all discovery disputes on July 13, 2009 [Docket No. 234] is DENIED;
2. Defendants' Motion for Leave to File the Motion to Compel on July 14, 2009 [Docket No. 245] is GRANTED;
3. Plaintiff's Motion for Leave to File an Oversized Brief [Docket No. 235] is DENIED;
4. Plaintiff's Motion to Compel Discovery [Docket No. 237] and Defendants' Motion to Compel Discovery [Docket No. 242] are Denied without Prejudice;

5. The parties may each re-file, no later than **July 24, 2009**, a Motion to Compel Discovery as to any discovery disputes that are not time-barred;

6. Plaintiff's Motion to file the entire memorandum of points and authorities under seal [Docket No. 236] is DENIED; and

7. Defendants' Motion to file documents under Seal [Docket Number 244] is DENIED without Prejudice.

IT IS SO ORDERED.

DATED: July 17, 2009

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court