UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMBU A/S, AMBU INC., and AMBU LTD., <br><br> Defendants. | Civil No. 3:07-CV-01988 DMS (NLS) <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE FIVE DEPOSITIONS BEYOND THE PRESUMPTIVE LIMIT OF FEDERAL RULE OF CIVIL PROCEDURE 30(a)(2)(A)(i)** <br><br> [Docket. No. 203] |

Before the Court in the above-captioned matter is Plaintiffs' Motion for Leave to Take Five Depositions Beyond the Presumptive Limit of Federal Rule of Civil Procedure 30(a)(2)(A)(i). [Doc. No. 203]. For the following reasons, the Court GRANTS Plaintiffs' Motion for Leave to Take Five Depositions Beyond the Presumptive Limit of Federal Rule of Civil Procedure 30(a)(2)(A)(i).

**I. BACKGROUND**

On October 15, 2007, Plaintiffs The Laryngeal Mask Company Ltd. and LMA North America, Inc. (collectively, "LMA") commenced this patent infringement suit against Defendants Ambu A/S, Ambu Inc. and Ambu Ltd. (collectively, "Ambu"). [Doc. No. 1].

On May 28, 2008, the parties submitted a joint Rule 26(f) report, wherein LMA requested to take more than ten fact depositions and Ambu requested the Court apply the Rule 30(a)(2)(A)(i) presumptive limit of ten depositions. On June 12, 2008, the Court issued a scheduling order that did not allow for additional depositions. [Doc. No. 58].

On March 20, 2009, LMA served a Rule 30(b)(6) notice of deposition. On May 6, 2009, LMA

served deposition notices for seven individuals: (1) Henrik Wendler, (2) Watson Wang,[1] (3) Ole Kohnke, (4) Alan Jensen, (5) Sanjay Parikh, (6) Lasse Petersen and (7) Frank Homa. *Memo. of P. & A*. at 2.

From May 21, 2009 to June 1, 2009, LMA and Ambu conducted meet and confer efforts regarding LMA's request to schedule and conduct the depositions of additional fact witnesses. Specifically, on May 26, 2009 LMA sent a request to depose the following: (1) Henrik Ankjaer, (2) Daniel Lebrecque, (3) Neal Harpstrite, (4) Debbie Self, (5) John Schmitz, (6) N.E. Nielsen, (7) Kurt Erling Birk (or Lars Rønn if Mr. Birk is not available), and (8) Anders Arvai. *Id.* at 2-3. The parties were unable to come to an agreement regarding the additional deposition requests, with the exception of John Schmitz, whom Ambu agreed to produce because Ambu also designated him as a 30(b)(6) corporate representative.

At the time LMA filed the present Motion, Ambu agreed to eight of the depositions originally requested by LMA.[2] *Id.* at 1. LMA has conducted the following depositions to date: (1) Ambu's 30(b)(6) Witnesses, (2) Jens Frimann, (3) Frank Homa, (4) Allen Jensen, (5) Ole Kohnke, (6) Sanjay Parikh, (7) Lasse Petersen, (8) John Schmitz and (9) Henrik Wendler.[3,4] Based on LMA's May 26 request, it appears LMA currently seeks to depose seven additional people, or six depositions beyond the presumptive limit.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 30(a)(2) presumptively limits a party to ten depositions. The

---

[1] LMA has not taken Watson Wang's deposition.

[2] At the time LMA filed the motion, it appears the agreed upon persons were as follows: (1) Ambu's 30(b)(6) Witnesses, (2) Henrik Wendler, (3) Lasse Petersen, (4) Jens Frimann, (5) John Schmitz, (6) Alan Jensen and (7) Ole Kohnke. *Memo. of P. & A*. at 1. The papers are unclear as to the eighth agreed upon person at the time.

[3] LMA presumably requested to depose Frimann in an individual capacity, but the Court could not locate a formal notice in the papers submitted. *See Decl. of P. Premo* at 1 ("Counsel for LMA indicated that they were no longer interested in taking the deposition of Peer Hoffman, but wanted to depose Jens Frimann").

[4] The following persons have been identified as Ambu's 30(b)(6) witnesses: (1) John Schmitz, (2) Allen Jensen, (3) Frank Homa (4) Henrik Wendler, (5) Jens Frimann. *Plaintiffs' Exhibit 4*, at 49, *Decl. of P. Premo* at 4-5.

Notes of Advisory Committee explain that "[a] deposition under Rule 30(b)(6) should, for purposes of this limit, be treated as a single deposition even though more than one person may be designated to testify." Fed. R. Civ. P. 30 Advisory Committee's Notes (1993 Amendments).

If parties do not stipulate to more depositions than the presumptive limit allows, a party must obtain leave of court and the court "must grant leave to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2)(A)(i). Rule 26(b)(2)(C) states:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

### III. DISCUSSION

**A. The Motion is Not Premature**

As a threshold matter, Ambu argues that LMA's request for additional depositions is premature because LMA has only completed nine out of ten depositions. Ambu argues that LMA cannot show it needs more depositions until it takes all ten depositions. *Defs.' Opp. To Plaintiffs' Mtn.* at 3. Ambu relies upon *Lloyd v. Valley Forge Life Ins. Co.*, 2007 WL 906150 (W.D.Wash. March 23, 2007) for the proposition that Rule 30 "clearly contemplates" that a party has already taken ten depositions prior to seeking leave for any additional depositions. The *Lloyd* court relied upon *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1999) as support for an exhaustion requirement. In *Archer*, Aon had taken none of the twenty depositions the court had allowed in the pretrial scheduling order before requesting additional depositions. The *Archer* court found that, in those circumstances, Aon should exhaust its allotment before seeking additional depositions. The *Archer* Court did not hold that exhaustion is always required before seeking additional depositions. The *Lloyd* court also relied upon *Whittingham v. Amherst College*, 163 F.R.D. 170, 171 (D. Mass. 1995) for an

exhaustion requirement. The *Whittingham* court, however, found that Rule 26 "appears to assume that discovery has at least commenced" and then found that "[a]ny ambiguity is clarified" by a Local Rule of the District of Massachusetts requiring exhaustion prior to filing a motion for any additional discovery.

Rule 26 requires a showing that the discovery sought would not be unduly burdensome or duplicative. The more depositions that remain untaken, the harder it will be for a party to show that additional depositions would not be cumulative. The Court can perceive no reason, however, for establishing an exhaustion requirement prior to filing a motion for leave to take additional depositions. Accordingly, the Court respectfully declines to adopt a rule requiring exhaustion of all allotted depositions prior to the filing of a motion for leave to exceed the limits imposed. *See Del Campo v. American Corrective Counseling Services Inc.*, 2007 WL 3306496, *6 (N. D. Cal. Nov. 6, 2007) (noting that reliance on *Archer* for an exhaustion requirement was misplaced); *see also Genentech, Inc. v. Insmed Incorporation*, 442 F.Supp.2d 838, 848 (N.D. Cal. 2006) (allowing five additional depositions where party had already taken nine depositions).

**B. It is Unclear Whether the Requested Depositions Put LMA Over the Limit**[5]

Although the present motion asks leave of court to take five additional depositions beyond the presumptive limit (or fifteen depositions total), LMA contends it is actually only asking for ten depositions total under Rule 30(a) because the depositions of Ambu's six corporate representatives should be counted as a single deposition per Rule 30(b)(6). *Memo of P. & A.* at 4-5. Ambu argues that LMA is requesting additional depositions beyond the presumptive limit under Rule 30(a) because LMA deposed many of the 30(b)(6) witnesses in their individual capacities. *Defs.' Opp. to Plaintiffs' Mtn.* at 14. As proof, Ambu cites LMA's letter, which states that the witnesses Ambu tendered were testifying in response to "a single Rule 30(b)(6) deposition notice as well as individual notices." *Id. See also Decl. of P. Premo* at 4-5 (stating that all six were deposed in their individual capacities).

When a party deposes a 30(b)(6) corporate designee witness and the witness also answers questions in his or her individual capacity, the deposition is treated as a single deposition under Rule

---

[5]LMA claims Ambu designated six individuals to testify in response to the 30(b)(6) notice, but LMA cites to *Plaintiff's Exhibit* 4, which only lists three individuals. The Court was able to locate two more designees, but cannot solve the mystery of the sixth witness.

30(a). *Detoy v. City and County of San Francisco,* 196 F.R.D. 362, 366-67 (N.D. Cal. 2000). The *Detoy* opinion held that a party may question a witness who is testifying in response to a 30(b)(6) notice on matters outside the scope of the deposition notice. The *Detoy* court reasoned that "[p]resumably, if the witness is capable of testifying on behalf of the designated entity, the witness is also capable of testifying as an individual, at the same deposition." *Id.* The *Detoy* court concluded that "[n]or should one witness count as two depositions."[6] *Id.* at 367.

LMA has taken eight individual depositions and the deposition of Ambu, by way of five or six designated witnesses. Even though five or six witnesses answered questions in their individual capacities, their depositions do not count toward the presumptive limit. If there are only five corporate designees, then LMA will have taken four depositions: Ambu's 30(b)(6) deposition, Ole Kohnke, Sanjay Parikh and Lasse Peterson, and thus LMA's request for seven additional depositions would put LMA over the limit. If there are six 30(b)(6) corporate designees, then LMA's request for additional depositions will not put them over the limit. Nonetheless, in an excess of caution, this Court turns to the merits of LMA's request for leave to take additional depositions beyond the presumptive limit of Rule 30(a)(2)(A)(i).

**C. Additional Depositions**

LMA asserts that its request to take five depositions beyond the presumptive limit is justified under the principles enumerated in Rule 26(b)(2). Specifically, LMA argues the additional depositions are necessary to establish elements of its claims and to establish defenses to Ambu's counterclaim for false advertising. *Memo of P. & A.* at 6. Ambu argues LMA should not be allowed to take additional depositions because a party seeking leave to take more depositions than are permitted under Rule 30(a) "must make a particularized showing of why the discovery is necessary." *Defs.' Opp. To Plaintiffs' Mtn.* at 2, citing *Bell v. Fowler*, 99 F.3d 262, 271 (8th Cir. 1996) and *Brooks v. Motsenbocker Adv. Devs., Inc.*, No. 07-cv-773, 2008 WL 4480376 (S.D. Cal. Sep. 29, 2008).

//

---

[6] The Court does not rule out the possibility that circumstances could exist where the individual questions were sufficiently burdensome to count as a separate deposition. On the record presented, however, Ambu has not made a showing of burden that would warrant such double-counting.

1. No Particularized Showing is Required

Ambu's reliance on *Bell v. Fowler*, 99 F.3d 262, 271 (8th Cir. 1996), is misplaced. *Bell* does not stand for the proposition that a party must make a particularized showing as to why the additional depositions are necessary.[7] The *Bell* court merely denied plaintiff leave to take additional depositions where the plaintiff "presented no good reason why the additional depositions were necessary." *Id.* at 271. Ambu's reliance on the September 29, 2008 Order in *Brooks v. Motsenbocker Adv. Devs., Inc.*, is similarly misplaced. No. 07-cv-773, 2008 WL 4480376 (S.D. Cal. Sep. 29, 2008). In *Brooks*, plaintiff's counsel created a troublesome track record: he unnecessarily multiplied the discovery proceedings, grossly mischaracterized the factual record, and accused his adversary of stonewalling and thwarting discovery without any evidence to support those accusations. *Brooks v. Motsenbocker,* 07-cv-773 (Feb. 2, 2009 Order). In an effort to curb counsel's problematic discovery actions, this Court required counsel to make a particularized showing of need if he wished to seek leave of court to take additional depositions. As such, the *Brooks* Order only applies to the particular situation of the *Brooks* case.

This Court declines to adopt a requirement that a party seeking leave of court to take additional depositions is required to make a "particularized showing." The plain language of the Rules and the Advisory Committee Notes do not require a particularized showing. Rule 30(a) only requires that the court "must grant leave to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2)(A)(i). Rule 26(b)(2) requires that the court apply a benefits versus burden approach and ensure that the discovery is not unreasonably cumulative or duplicative. Rule 26(b) is liberally interpreted to permit a wide range of discovery of information that may reasonably be calculated to lead to discovery of admissible evidence. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998). Under the liberal discovery principles of the Federal Rules, the party opposing discovery "must carry a heavy burden" of showing why the discovery should not be had. *WebSideStory Inc.*, *v. NetRatings, Inc.*, 2007 WL 1120567, *1-2 (S.D. Cal. Apr. 6, 2007). When assessing whether to limit discovery under Rule 26,

---

[7]The "particularized showing" language appears in *Archer Daniels Midland Co. v. Aon Risk Services, Inc.* 187 F.R.D. 578, 586-87 (D. Minn. 1999). The *Archer* court does not explain why a particularized showing is required. The court merely states that "[i]n practical terms," a party "must make a particularized showing of why the discovery is necessary" and cites to *Bell v. Fowler*, 99 F.3d 262, 271 (8th Cir. 1996).

a court will generally not limit discovery simply because it may be somewhat cumulative and duplicative. Rather, the court must find that the discovery was "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C). The Court finds no good cause to depart from the liberal policy in favor of discovery.

### 2. LMA Has Made a Particularized Showing

Moreover, even if a particularized showing were required, LMA has met that standard.[8] LMA's request for leave to go beyond the number of depositions permitted by Rule 30(a)(2)(A)(i) is warranted and consistent with Rule 26(b). This is a complex case, involving a number of corporate plaintiffs and defendants, as well as complicated factual and legal issues surrounding the patent infringement claim and the false advertising counterclaim. The additional depositions sought are not unreasonably cumulative or duplicative and the benefits of taking the additional depositions outweigh the burden or expense.

The depositions of N.E Nielsen, Chairman of the Board of Ambu A/S, and Kirk Erling Birk, former Chief Executive Officer of Ambu A/S, will not be unreasonably cumulative or duplicative because LMA has not yet deposed any witnesses with direct knowledge regarding Ambu's efforts to merge with LMA, or any witnesses that were directly involved in the acquisition discussions and the acquisition information is relevant to LMA's claim of willful infringement. In order to avoid undue burden to Ambu, N.E. Nielsen's deposition shall be taken in Denmark. LMA may depose Lars Rønn instead of Mr. Birk, if Mr. Birk cannot be made available. LMA asserts that Mr. Rønn, the current Executive Vice President for sales and marketing of Ambu A/S, possesses much of the same information as Mr. Birk. Any deposition of Mr. Rønn would take place in Denmark.

The deposition of Anders Arvai, Chief Financial Officer of Ambu A/S, will not be unreasonably cumulative or duplicative because Mr. Arvai will be the first senior level financial officer to be deposed.

---

[8]Ambu argued in its Opposition papers that LMA should not be permitted to correct its failing to make the "requisite showing" in its reply brief because doing so would impermissibly allow LMA to introduce new facts. *Defs.' Opp. To Plaintiffs' Mtn.* at 13. LMA, however, is not offering "new" facts, it is substantiating the facts set forth in its original papers. *See Terrell v. Contra Costa County,*, No. 04-17228, 2007 WL 1119331, *2, fn.2 (9th Cir. Apr. 16, 2007); *Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996). LMA stated specific facts as to why each deposition sought is justified under Rule 26. *Memo of P. & A.* at 7-8.

Mr. Arvai has knowledge about estimated damages related to LMA's marketing practices, Ambu analyst's valuation of liability, and specific information related to invoice level-sales data that shows negative average sales prices in 2008 and 2009. Because Anders Arvai resides in Denmark, LMA shall take Anders Arvai's deposition in Denmark.

The deposition of Henrik Ankjaer, General Manager of Ambu Ltd., will not be unreasonably cumulative or duplicative because Mr. Ankjaer will be the first witness from Ambu's China manufacturing facility to be deposed and has knowledge about alleged wrinkle and indentation manufacturing defects.[9]

The depositions of Daniel LeBrecque, Market Manager for Anesthesia Respiratory & Immobilization, Ambu, Inc. and Neal Harpstrite, Regional Sales Manager East of Ambu. Inc., will not be unreasonably cumulative or duplicative because they have information that LMA has not been able to obtain from other witnesses regarding reasons why customers switched, or chose not to purchase, Ambu's products.

The deposition of Debbie Self will not be unreasonably cumulative or duplicative because no other witness has knowledge about specific customer complaints of the alleged wrinkled and dented device defects.

### IV. CONCLUSION

For the foregoing reasons, It Is Hereby Ordered that: Plaintiffs' request for leave to take the following additional depositions: (1) Henrik Ankjaer, (2) Daniel Lebrecque, (3) Neal Harpstrite, (4) Debbie Self, (5) N.E. Nielsen, (6) Kurt Erling Birk, and (7) Anders Arvai is GRANTED.

**IT IS SO ORDERED**.

DATED: July 17, 2009

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

---

[9]The parties did not fully brief any issues relating to special difficulties with taking a deposition in China. The parties shall, no later than July 24, 2009, meet and confer to resolve any disputes about this deposition. If, after lead trial counsel meet and confer in person, the parties cannot resolve any disputes, LMA may, no later than July 31, 2009, file a motion to compel the deposition of Mr. Ankjaer.