John B. Sganga (State Bar No. 116,211)
Frederick S. Berretta (State Bar No. 144,757)
Joshua J. Stowell (State Bar No. 246,916)
KNOBBE, MARTENS, OLSON & BEAR, LLP
550 West C Street
Suite 1200
San Diego, CA  92101
(619) 235-8550
(619) 235-0176 (FAX)

Vicki S. Veenker (State Bar No. 158,669)
Adam P. Noah (State Bar No. 198,669)
SHEARMAN & STERLING LLP
1080 Marsh Road
Menlo Park, CA  94025
(650) 838-3600
(650) 838-3699 (FAX)

Attorneys for Plaintiffs and Counter-Defendants
THE LARYNGEAL MASK COMPANY LTD.
and LMA NORTH AMERICA, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMBU A/S, AMBU INC., and AMBU LTD., <br><br> Defendants. | Civil Action No. 07 CV 1988 DMS (NLS) <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR ENTRY OF JUDGMENT ON LMA'S CLAIM UNDER F.R.C.P. 54(b); AND STAY OF AMBU'S FALSE-ADVERTISING COUNTERCLAIM PENDING APPEAL** |
| AMBU A/S, AMBU INC., and AMBU LTD., <br><br> Counterclaimants, <br><br> v. <br><br> THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., <br><br> Counter-Defendants. | Date:      August 21, 2009 <br> Time:      1:30 p.m. <br> Courtroom 10, 2nd Floor <br><br> **Honorable Dana M. Sabraw** |

# TABLE OF CONTENTS

Page Nos.

I.      INTRODUCTION ...................................................................................................1

II.     LMA'S PATENT CLAIM IS RIPE FOR ENTRY OF FINAL
        JUDGMENT  UNDER RULE 54(B) ..................................................................2

III.    AMBU'S INVALIDITY COUNTERCLAIM SHOULD BE
        DISMISSED WITHOUT PREJUDICE ...........................................................4

IV.     AMBU'S FALSE-ADVERTISING COUNTERCLAIM IS A
        SEPARATE CLAIM FOR PURPOSES OF RULE 54(B) AND
        SHOULD BE STAYED PENDING APPEAL OF LMA'S
        PATENT CLAIM ...............................................................................................9

V.      CONCLUSION..................................................................................................11

**TABLE OF AUTHORITIES**

Page Nos.

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,
  239 F.3d 1343 (Fed. Cir. 2001) ........................................................................... 7

*Amgen, Inc. v. Ariad Pharmaceuticals, Inc., C.A.*,
  No. 06-259-MPT, 2008 WL 4487910 (D. Del. Oct. 3, 2008) ......................................... 8

*Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*,
  796 F.2d 443 (Fed. Cir. 1986) .......................................................................... 8

*Cardinal Chemical Co. v. Morton Int'l*,
  508 U.S. 83 (1993)........................................................................................ 6

*CAT Tech LLC v. Tubemaster, Inc.*,
  528 F.3d 871 (Fed. Cir. 2008) .......................................................................... 5

*Doe v. United States*,
  513 F.3d 1348 (Fed. Cir. 2008) ......................................................................... 2

*James v. Price Stern Sloan*,
  283 F.3d 1064 (9th Cir. 2002) .......................................................................... 2

*Lemelson v. Gen. Mills, Inc.*,
  968 F.2d 1202 (Fed. Cir. 1992) ......................................................................... 7

*Liquid Dynamics Corp. v. Vaughan Co.*,
  355 F.3d 1361 (Fed. Cir. 2004) ...................................................................... 5, 6

*Mangosoft, Inc. v. Oracle Corp.*,
  482 F. Supp. 2d 179 (D.N.H. 2007)..................................................................... 8

*Markman v. Westview Instruments, Inc.*,
  52 F.3d 967 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996) ............................................. 7

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118, 127 S. Ct. 764 (2007)..................................................................... 5

*Nestier Corp. v. Menasha Corp.-Lewisystems Div.*,
  739 F.2d 1576 (Fed. Cir. 1984) ......................................................................... 6

*Nystrom v. TREX Co.*,
  339 F.3d 1347 (2003) .................................................................................. 2, 5

*Phonometrics, Inc. v. N. Telecom Inc.*,
  133 F.3d 1459 (Fed. Cir. 1988) ...................................................................... 5, 6, 8

**TABLE OF AUTHORITIES**
*(cont'd)*

Page Nos.

*SanDisk Corp. v. STMicroelectronics, Inc.*,
   480 F.3d 1372 (Fed. Cir. 2007) ........................................................................... 5

*SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*,
   859 F.2d 878 (Fed. Cir. 1988) ............................................................................ 7

*Sterner Lighting, Inc. v. Allied Elec. Supply, Inc.*,
   431 F.2d 539 (5th Cir. 1970) ............................................................................. 8

*White v. Dunbar*,
   119 U.S. 47, 30 L. Ed. 303, 7 S. Ct. 72 (1886) .................................................. 8

*Wilton v. Seven Falls Co.*,
   515 U.S. 277, 115 S. Ct. 2137 (1995) ............................................................ 4, 5

**OTHER AUTHORITIES**

28 U.S.C. § 1291 ...................................................................................................... 3

Fed. R. Civ. P. 54(b) ............................................................................................... 1

10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE,
   FEDERAL PRACTICE AND PROCEDURE § 2761, at 591 (3d ed. 1998) .................... 2, 4, 9

10 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 54.22[2][a], at 54-
   38 (3d ed. 2009) .............................................................................................. 9

# I. **INTRODUCTION**

Plaintiffs and Counter-Defendants The Laryngeal Mask Company Ltd. and LMA North America, Inc. (collectively, "LMA") respectfully ask the Court to enter final judgment on LMA's patent claim under Federal Rule of Civil Procedure 54(b). Entry of final judgment will allow LMA to take an immediate appeal of the Court's Order Granting Defendants' Motion for Partial Summary Judgment of Non-Infringement (June 25, 2009) (Dkt. #184) and the underlying Order Construing Patent Claims (Mar. 17, 2009) (Dkt.# 171). To facilitate an immediate appeal, LMA is prepared to dismiss its one remaining patent claim without prejudice now and not prosecute it if the Federal Circuit affirms.

Entry of final judgment under Rule 54(b) will facilitate prompt resolution of LMA's patent claim and conserve the resources of the Court and the parties. If the Federal Circuit affirms the judgment, then LMA's patent claim will have been fully and finally resolved without the need to resolve any summary judgment motions on invalidity, and without the need to try any disputed factual issues on LMA's remaining patent claim or on the validity of the patent. Conversely, if the Federal Circuit does not affirm, then further proceedings on infringement and validity can be held in this Court with a definitive claim construction ruling. Absent the Federal Circuit's guidance, this Court might have to conduct two trials – one trial based on the current claim construction and non-infringement ruling, and another trial based on the Federal Circuit's rulings. Entry of final judgment on LMA's patent claim under Rule 54(b) would avoid duplicate trials, save the time and resources of this Court and the parties, and serve Rule 1 by "secur[ing] the just, speedy, and inexpensive determination" of this action.

The counterclaims of Defendant and Counterclaimants Ambu A/S, Ambu Inc., and Ambu Ltd. (collectively, "Ambu") provide no just reason to delay the entry of final judgment on LMA's patent claim. Ambu's counterclaim for a declaratory judgment of patent invalidity lies in the discretion of this Court. Ambu has removed the patented feature on all of its products and decided to do so well before LMA commenced this action. Accordingly, it is within this Court's discretion to decline to entertain a declaratory judgment action on an issue of concern only to "those with 'an academic interest in the law of patents.'" 10B CHARLES ALAN WRIGHT, ARTHUR

Plaintiffs' MPA ISO of Mtn. for Entry of Judgment
Case No. 07cv1988

1   R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2761, at 591 (3d ed.

2   1998) (citation omitted) [hereinafter WRIGHT & MILLER].

3         Ambu's false-advertising counterclaim likewise provides no just reason to delay entry of

4   final judgment on LMA's patent claim.  Ambu's false-advertising claim may be enforced

5   separately from LMA's patent claim and is therefore a separate claim that may be decided

6   separately under Rule 54(b).  LMA NA is also prepared to cease distribution of the remaining

7   copies of the LMA Brochure during the pendency of the appeal.   Further, authoritative

8   resolution of LMA's patent claim logically precedes adjudication of Ambu's false-advertising

9   claim because Ambu cannot claim damages for sales lost because of LMA's advertising if the

10   products it would have sold infringed LMA's patent.

11   **II.  LMA'S PATENT CLAIM IS RIPE FOR ENTRY OF FINAL JUDGMENT**

12   **UNDER RULE 54(B)**

13         Rules 41(a)(2) and 54(b) authorize this Court to dismiss without prejudice LMA's

14   remaining unresolved patent claim (against Ambu's AuraFlex™) and direct the immediate entry

15   of final judgment on LMA's entire patent claim. In *Doe v. United States*, 513 F.3d 1348 (Fed.

16   Cir. 2008), the Federal Circuit held a claimant could voluntarily dismiss a portion of a claim and

17   appeal immediately from a final judgment. In *Doe*, the Federal Circuit held that a judgment for

18   *un*scheduled overtime pay was final and appealable even though a portion of the claim for

19   *scheduled* overtime had been dismissed voluntarily and without prejudice. *See id.* at 1352. The

20   Federal Circuit reasoned (513 F.3d at 1354):

21         The appellants have explained that their remaining claim is of minor significance and is
         not worth taking through trial, and in their reply brief in this court they expressed their
22         intention to drop that claim in the event that the trial court's judgment on the other
         claims is affirmed. Thus, treating the trial court's judgment as an appealable final
23         judgment would not be inconsistent with the federal policy against piecemeal litigation.
         Additionally, by allowing their claim as to scheduled overtime to be dismissed without
24         prejudice, the appellants have run the risk that all or part of that claim will be barred by
         the statute of limitations if they seek to assert it at a later date. We therefore follow the
25         court's approach set out in this court's decision in *Nystrom* [*v. TREX Co.*, 339 F.3d 1347
         (2003),] and hold that we have jurisdiction over this appeal.
26

27         In *Doe*, the Federal Circuit quoted with approval (513 F.3d at 1353) the Ninth Circuit's

28   similar decision in *James v. Price Stern Sloan*, 283 F.3d 1064 (9th Cir. 2002). In *James*, the

1   Ninth Circuit reasoned (*id.* at 1070):

2           We therefore hold that when a party that has suffered an adverse partial judgment
3   subsequently dismisses remaining claims without prejudice with the approval of the
    district court, and the record reveals no evidence of intent to manipulate our appellate
4   jurisdiction, the judgment entered after the district court grants the motion to dismiss is
    final and appealable under 28 U.S.C. § 1291.

5

6           Voluntary dismissal of LMA's claim against the AuraFlex™ and entry of final judgment

7   on LMA's patent claim follows *a fortiori* from *Doe* and *James*. This Court granted "summary

8   judgment of non-infringement on the Aura40™, AuraOnce™, and AuraStraight™ products."

9   Dkt. #224, at 9. Those three product families account for three of the four product families

10  accused by LMA's patent-infringement claim. *See* First Amended Complaint ¶ 20, Dkt. #4, at 4

11  (only other accused product is the AuraFlex™).

12          Both parties agree that the accused product family that remains unadjudicated – the

13  AuraFlex™ – represents a small subset of Ambu's laryngeal mask sales. According to Ambu,

14  the AuraFlex™ represents no more than about 2% of LMA's damages. *See* Defendants'

15  Memorandum in Opposition to Plaintiffs' Motion for an Order Extending Date to Serve

16  Rebuttal Expert Report of Dr. Jacob Jacoby 2 (July 15, 2009) (Dkt. #246) (LMA "recently lost

17  summary judgment removing about 98% of the value of the accused products from its patent

18  case"); *see also* Ambu A/S Company Announcement No. 8 – 2008/09 (July 1, 2009), at 1

19  ("What is left in the lawsuit now is the alleged infringement on one product family AuraFlex

20  with an insignificant potential liable turnover and the counterclaims for false advertising and

21  unfair competition that Ambu filed against LMA August 25 2008.");[1] LMA International N.V.

22  Announcement to the Singapore Exchange (July 2, 2009), at 1 ("These three product families

23  [AuraOnce™, Aura40™, and AuraStraight™] constitute the majority of LMA's damages claim

24  against Ambu in the United States.").[2]

25  _____

26  [1]    Announcement     available     at:     http://www.ambu.com/COM/News       -
27  Events/NewsShow.aspx?M=News&PID=31&NewsID=491.

28  [2]    Announcement     available     at:     http://www.sgx.com/wps/portal/marketplace/mp-
    en/listed_companies_info/company_announcements/!ut/p/c5/04_SB8K8xLLM9MSSzPy8xBz9

1    Because LMA's remaining infringement claim against the AuraFlex™ represents only a

2    minor portion of the patent damages, a separate trial on that claim would not be an efficient use

3    of the Court's time and resources. The same cost/benefit analysis applies to the parties.

4    Accordingly, if it is permitted to appeal immediately as of right under Rule 54(b), LMA is

5    prepared to voluntarily dismiss without prejudice its infringement claim against the AuraFlex™.

6    In addition, LMA is prepared not to prosecute its infringement claim against the AuraFlex™ if

7    final judgment of non-infringement on the Aura40™, AuraOnce™, and AuraStraight™ is

8    affirmed.

9    **III.  <u>AMBU'S INVALIDITY COUNTERCLAIM SHOULD BE DISMISSED</u>**

10   **<u>WITHOUT PREJUDICE</u>**

11   Ambu's counterclaim for a declaratory judgment of invalidity provides no just reason to

12   delay entry of final judgment on LMA's patent claim and should be dismissed without

13   prejudice.

14   It is firmly settled that this Court "is authorized, in the sound exercise of its discretion, to

15   stay *or to dismiss* an action seeking a declaratory judgment." *Wilton v. Seven Falls Co.*, 515

16   U.S. 277, 115 S. Ct. 2137, 2143 (1995) (emphasis added). As the Supreme Court explained in

17   *Wilton* (*id.*):

18   We agree, for all practical purposes, with Professor Borchard, who observed half
     a century ago that "[t]here is . . . nothing automatic or obligatory about the assumption of
19   'jurisdiction' by a federal court" to hear a declaratory judgment action. Borchard,
     Declaratory Judgments, at 313. By the Declaratory Judgment Act, Congress sought to
20   place a remedial arrow in the district court's quiver; it created an opportunity, rather than
     a duty, to grant a new form of relief to qualifying litigants. Consistent with the
21   nonobligatory nature of the remedy, a district court is authorized, in the sound exercise
     of its discretion, to stay or to dismiss an action seeking a declaratory judgment before
22   trial or after all arguments have drawn to a close. In the declaratory judgment context,
     the normal principle that federal courts should adjudicate claims within their jurisdiction
23   yields to considerations of practicality and wise judicial administration.

24   The Court's "discretion whether to entertain a declaratory-judgment action . . . is as true in

25   patent litigation as in other cases." 10B WRIGHT & MILLER, *supra* p. 2, § 2761, at 597. Review

26   _____

27   CP0os3gTn1DXUFNLYwMLtwA3AyMvZ3Mf09AAA_dAc6B8JE55A3czArq99KPSc_KTgP

28   b4eeTnpuoX5EZUOjoqKgIAFOdGOQ!!/dl3/d3/L2dBISEvZ0FBIS9nQSEh/.

1   of a stay by the Federal Circuit would be limited to abuse of this Court's discretion. *See Wilton*,

2   115 S. Ct. at 2143-44; *Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1371 (Fed. Cir.

3   2004) ("A district court judge faced with an invalidity counterclaim challenging a patent that it

4   concludes was not infringed may either hear the claim or dismiss it without prejudice, subject to

5   review only for abuse of discretion.").[3]

6           In this case, "considerations of practicality and wise judicial administration" (*Wilton*,

7   115 S. Ct. at 2143) suggest that Ambu's invalidity counterclaim be dismissed without prejudice

8   to permit entry of final judgment and immediate appeal of the patent claim.   Determination of

9   Ambu's counterclaim would represent a gross waste of scarce judicial resources without any

10  concomitant benefit to the parties, for four reasons.

11          *First*, adjudication of Ambu's invalidity counterclaim is unnecessary in light of the

12  Court's non-infringement order.   This Court has ordered that three of Ambu's four product

13  families do not infringe.  LMA is prepared to tie infringement of the fourth product family to the

14  appeal on the other three families. Because the Court's non-infringement determination will, if

15  affirmed, dispose of LMA's patent claim in its entirety, Ambu's invalidity counterclaim has no

16  independent significance.

17          The Federal Circuit has expressly authorized district courts to "dismiss[] [an invalidity]

18  counterclaim without prejudice (either with or without a finding that the counterclaim was

19  moot) following the grant of summary judgment of non-infringement." *Nystrom*, 339 F.3d at

20  1351; *see also id.* ("'We have previously held that a district court has discretion to dismiss a

21  counterclaim alleging that a patent is invalid as moot where it finds no infringement.'

22  *Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998) (citing *Nestier*

23

24

25  ───────────────

26  [3] Although *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 S. Ct. 764, (2007), rejected
    the reasonable-apprehension-of-suit test, *see* 127 S. Ct. at 770-77; *SanDisk Corp. v.*
    *STMicroelectronics, Inc.*, 480 F.3d 1372, 1380 (Fed. Cir. 2007), it did not cabin the district
27  court's discretion whether to dismiss declaratory judgment actions and did not change the
    requirement that the declaratory-judgment plaintiff must be engaged in potentially infringing
28  activity, *see CAT Tech LLC v. Tubemaster, Inc.*, 528 F.3d 871, 880 (Fed. Cir. 2008).

1     *Corp. v. Menasha Corp.-Lewisystems Div.*, 739 F.2d 1576, 1580-81 (Fed. Cir. 1984)).).[4]  The

2     same result should apply here.

3         *Second*, Ambu's pre-suit decision to abandon the patented feature likewise makes

4     adjudication of Ambu's invalidity counterclaim unnecessary. The patent-in-suit issued on

5     January 2, 2007. *See* U.S. Patent No. 7,156,100 (issued Jan. 2, 2007).  Soon thereafter – and

6     well before LMA would file this action (on October 15, 2007) – Ambu commenced a program

7     to remove reinforcement from the cuffs of its laryngeal masks.  Ambu launched its unreinforced

8     products commercially in March 2008 and ceased selling reinforced products by March 2009.

9     On May 7, 2009, Two months after removing the patented feature from its products, Ambu

10    announced that fact in a formal securities release:

> During the entire process, Ambu has maintained that its laryngeal mask does not violate LMA's patent and decided early in the process to remove the reinforcement from its products to protect its business and minimise the potential exposure resulting from the court case.

14    Ambu A/S Company Announcement No. 6 – 2008/09, at 11 (May 7, 2009).[5]  Ambu's

15    abandonment of the patented feature counsels against deciding Ambu's invalidity counterclaim.

16       *Third*, while determination of Ambu's invalidity counterclaim would provide no benefit

17    to the parties, it would represent a gross imposition on this Court and a waste of scarce judicial

18    resources. When the parties met and conferred on LMA's request that Ambu stipulate to entry

19    of judgment under Rule 54(b) and stay proceedings on Ambu's false-advertising counterclaim,

20    Ambu stated that it wanted to proceed on its invalidity counterclaim because it might moot any

21    appeal on non-infringement. Although Ambu's concern for the workload of the appellate court

---

[4] In *Phonometrics*, the Federal Circuit explained that "[t]he Supreme Court's decision in *Cardinal Chemical Co. v. Morton Int'l*, 508 U.S. 83 (1993), does not preclude this discretionary action [dismissal of invalidity and unenforceability counterclaims] by the district court. *Cardinal Chemical* simply prohibits us, as an intermediate appellate court, from vacating a judgment of invalidity when we conclude that a patent has not been infringed, and therefore has no bearing on the district court's actions in this case." 133 F.3d at 1468; *accord Liquid Dynamics Corp.*, 355 F.3d at 1371.

[5] Full Report available for download at: http://www.ambu.com/COM/News_-_Events/NewsShow.aspx?M=News&PID=228&NewsID=467.

1   is commendable, it ignores the far greater amount of work that would have to be undertaken by

2   this Court to hear and decide any dispositive motions on invalidity and false-advertising; and try

3   any disputed factual issues that remain after dispositive motions. Ambu's approach would

4   impose an enormous amount of work on this Court, even though that work would be wasted if

5   the Federal Circuit affirmed a final judgment under Rule 54(b). The wastefulness of Ambu's

6   approach becomes even more obvious when one considers that the Federal Circuit's claim

7   construction might affect the invalidity analysis.

8           *Fourth*, even if the Court had time on its hands, adjudication of Ambu's invalidity

9   counterclaim would not be a sound investment of that time because the Federal Circuit may

10  modify the Court's claim construction and thereby affect the invalidity analysis. As the Federal

11  Circuit explained in *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en

12  banc), *aff'd*, 517 U.S. 370 (1996), courts have complete discretion to construe claims regardless

13  of the constructions proposed by the parties and their experts. *See id.* at 983 ("[T]he court has

14  complete discretion to adopt the expert legal opinion as its own, to find guidance from it, or to

15  ignore it entirely, or even to exclude it."). Claim construction is a question of law, (*see* 517 U.S.

16  at 372) and the Federal Circuit's review is *de novo*.

17          If the Federal Circuit modifies the Court's claim construction, then the invalidity

18  analysis may be modified as well. As the Federal Circuit explained in *Amazon.com, Inc. v.*

19  *Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001):

20              Conceptually, the first step of an invalidity analysis based on anticipation and/or
            obviousness in view of prior art references is no different from that of an infringement
21          analysis. "It is elementary in patent law that, in determining whether a patent is valid
            and, if valid, infringed, the first step is to determine the meaning and scope of each claim
22          in suit." *Lemelson v. Gen. Mills, Inc.*, 968 F.2d 1202, 1206, 23 U.S.P.Q.2D (BNA) 1284,
            1287 (Fed. Cir. 1992). "A claim must be construed before determining its validity just as
23          it is first construed before deciding infringement." *Markman v. Westview Instruments,*
            *Inc.*, 52 F.3d 967, 996 n.7, 34 U.S.P.Q.2D (BNA) 1321, 1344 n.7 (Fed. Cir. 1995)
24          (Mayer, J., concurring), *aff'd*, 517 U.S. 370, 134 L. Ed. 2d 577, 116 S. Ct. 1384 (1996).

25              Only when a claim is properly understood can a determination be made whether
            the claim "reads on" an accused device or method, or whether the prior art anticipates
26          and/or renders obvious the claimed invention. *See id.* Because the claims of a patent
            measure the invention at issue, the claims must be interpreted and given the same
27          meaning for purposes of both validity and infringement analyses. *See SmithKline*
            *Diagnostics, Inc. v. Helena Labs. Corp.*, 859 F.2d 878, 882, 8 U.S.P.Q.2D (BNA) 1468,
28          1471 (Fed. Cir. 1988). "A patent may not, like a 'nose of wax,' be twisted one way to

-7-

avoid anticipation and another to find infringement." *Sterner Lighting, Inc. v. Allied Elec. Supply, Inc.*, 431 F.2d 539, 544 (5th Cir. 1970) (citing *White v. Dunbar*, 119 U.S. 47, 51, 30 L. Ed. 303, 7 S. Ct. 72 (1886)). The court must properly interpret the claims, because an improper claim construction may distort the infringement and validity analyses. *See Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 450, 230 U.S.P.Q. (BNA) 416, 421 (Fed. Cir. 1986).

Thus, if the Federal Circuit modifies the Court's claim constructions, it may modify the Court's application of those same terms to Ambu's invalidity counterclaim.

To avoid issuing invalidity determinations based on claim constructions that may be modified on appeal, courts frequently dismiss invalidity counterclaims without prejudice to permit immediate appeal of non-infringement judgments and the claim constructions that underlie them. *See, e.g., Phonometrics*, 133 F.3d at 1468 ("Where, as here, noninfringement is clear and invalidity is not plainly evident it is appropriate to treat only the infringement issue.") (internal quotation omitted); *Mangosoft, Inc. v. Oracle Corp.*, 482 F. Supp. 2d 179, 181, 182 (D.N.H. 2007) ("[T]he most prudent way to resolve this matter, and the most cost-effective way for the parties, is to dismiss Oracle's counterclaim, without prejudice." "By allowing Mangosoft to promptly obtain the definitive ruling it seeks, this court will avoid dedicating time and resources to resolve Oracle's invalidity counter-claim based on what might prove to be an erroneous construction of the patent."); *Amgen, Inc. v. Ariad Pharmaceuticals, Inc.*, C.A. No. 06-259-MPT, 2008 WL 4487910 (D. Del. Oct. 3, 2008) ("Here, the court determines that considerations of judicial economy and reduction of litigation expenses are better served by permitting ARIAD to seek review of the court's claim construction and non infringement orders at this time and that there is no just reason for delay of such review. If the court were to conduct a trial on Amgen's claims based on the court's current claim construction, modification of that claim construction on subsequent appeal could result in a second trial of the same issues based on that modification. Therefore, the court determines that appellate review at this stage of the litigation is the most efficient course.") (footnote with additional quotations omitted).

/ / /

/ / /

/ / /

**IV.  AMBU'S FALSE-ADVERTISING COUNTERCLAIM IS A SEPARATE CLAIM FOR PURPOSES OF RULE 54(B) AND SHOULD BE STAYED PENDING APPEAL OF LMA'S PATENT CLAIM**

Ambu's false-advertising counterclaim is a separate claim for purposes of Rule 54(b). Accordingly, the Court may enter final judgment on LMA's patent claim now regardless of how it decides to proceed with Ambu's false-advertising counterclaim. Although the Court could decide Ambu's false-advertising counterclaim while the Federal Circuit hears the appeal of LMA's patent claim, considerations of judicial economy and the absence of urgency on Ambu's counterclaim suggest a stay pending appeal.

Ambu's false-advertising counterclaim is a separate claim within the meaning of Rule 54(b) and may therefore be determined separately from LMA's patent claim. To determine whether an action presents multiple claims, courts generally apply a separate-enforcement test. If claims could have been separately enforced, then they are separate claims for purposes of Rule 54(b) and eligible for the entry of separate final judgments. *See* 10 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 54.22[2][a], at 54-38 (3d ed. 2009) ("If the adjudication would be final in such a hypothetical independent action, it is final for the purposes of certification under Rule 54(b)."); 10 WRIGHT & MILLER, *supra* p. 2, § 2657, at 74 (1998) ("a final judgment may be rendered under Rule 54(b) on one or more but fewer than all of the claims since each plaintiff could have enforced his claim or his rights as to each defendant separately").

Ambu could have prosecuted its false-advertising counterclaim separately from LMA's patent claim. As the Court is aware from Ambu's motion to amend its pleading, Ambu sent LMA a cease-and-desist letter on November 15, 2004 (*see* Dkt. #64-4, Ex. 5), more than two years before U.S. Patent No. 7,156,100 issued on January 2, 2007. Ambu's false-advertising counterclaim is plainly a separate claim from LMA's patent claim for purposes of Rule 54(b). It follows that this Court may enter final judgment on the patent claim without delaying appeal for the false-advertising claim.

Not only does Rule 54(b) not require the Court to hold LMA's patent claim for Ambu's false-advertising claim, but no other consideration provides a just reason to delay entry of final

judgment on the patent claim.  To the contrary, LMA's patent claim should be resolved *before* Ambu's false-advertising claim. If Ambu's products infringe LMA's valid patent, then certain of the sales that it allegedly lost due to LMA's advertising between January 2, 2007 and sometime in March 2009 were not ones that Ambu was legally permitted to make. Since the measure of Ambu's false-advertising damages depends on the merits of LMA's patent claim, LMA's patent claim should be immediately appealed and Ambu's false-advertising counterclaim should be stayed pending appeal.

A stay of the false-advertising counterclaim would not prejudice Ambu because the counterclaim is about money and Ambu has delayed prosecuting it for years. Although the LMA Brochure of which Ambu complains is still available for distribution, it was printed in only one print-run in 2005, has not been reprinted since that time, only a small inventory still exists, and it has not been in widespread use for years. For those reasons, LMA NA is prepared to cease distribution of the remaining copies of the LMA Brochure during the pendency of the appeal.

For its part, Ambu cannot claim prejudice from any delay in seeking damages because it delayed bringing its claim for almost four years, from November 15, 2004, when Ambu sent LMA a cease-and-desist letter (*see* Dkt. #64-4, Ex. 5) to July 11, 2008, when Ambu moved to amend its pleadings and add the counterclaim (*see* Dkt. #63). Although this Court permitted Ambu to add the counterclaim, it found as a fact that Ambu had engaged in "undue delay." Order Granting Defendants' Motion for Leave to Amend 3 (Aug. 25, 2008) ("Accordingly, the Court finds there has been undue delay in asserting the proposed counterclaims."), Dkt. #71.

In light of Ambu's considered decision to sit on its alleged rights for almost four years, Ambu may claim no prejudice from a stay of its damages claim pending appeal.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V. <u>CONCLUSION</u>

For the foregoing reasons, LMA respectfully requests that the Court

(1)     dismiss LMA's last remaining patent claim (against the AuraFlex™) without prejudice under Rule 41(a)(2);

(2)     dismiss Ambu's invalidity counterclaim without prejudice in the exercise of its discretion under the Declaratory Judgment Act;

(3)     direct entry of final judgment on LMA's patent claim under Rule 54(b) and expressly determine that there is no just reason for delay; and

(4)     stay all other proceedings pending appeal.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  July 20, 2009                     By:  s/Frederick S. Berretta
                                                                John B. Sganga
                                                                jsganga@kmob.com
                                                                Frederick S. Berretta
                                                                fred.berretta@kmob.com
                                                                Joshua J. Stowell
                                                                joshua.stowell@kmob.com

                                                          Attorneys for Plaintiffs
                                                          THE LARYNGEAL MASK COMPANY LTD.
                                                          and LMA NORTH AMERICA, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2009, I caused the foregoing **PLAINTIFFS'
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR
MOTION FOR ENTRY OF JUDGMENT ON LMA'S CLAIM UNDER F.R.C.P. 54(b)
and STAY OF AMBU'S FALSE-ADVERTISING COUNTERCLAIM PENDING
APPEAL** to be electronically filed with the Clerk of the Court using the CM/ECF system
which will send electronic notification of such filing to the applicable registered filing users.

Darryl M. Woo
dwoo@fenwick.com
Patrick E. Premo
ppremo@fenwick.com
Bryan Kohm
bkohm@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco CA  94104
T:  415-875-2300
F:  415-281-1350

I declare that I am employed in the office of a member of the bar of this Court at
whose direction the service was made.

Dated: July 20, 2009

Lux Wright

7487481
071709

-1-                                                                        Case No. 07cv1988