# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>AMBU A/S, AMBU, INC., AMBU LTD., and AMBU SDN, BHD.<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | CASE NO. 07-CV-1988-DMS (NLS)<br><br>**ORDER DENYING PLAINTIFFS'** *EX PARTE* **MOTION FOR AN ORDER CONTINUING CERTAIN PRETRIAL DEADLINES** |

Pending before the Court is Plaintiffs' *ex parte* motion for an order continuing certain pretrial deadlines filed by Plaintiffs. (Doc. 252.) Plaintiffs seek to continue the deadlines for the close of expert discovery, the filing of expert discovery motions, and the filing of motions other than motions *in limine*. Plaintiffs argue that a continuance is warranted in light of their pending motion for entry of judgment on its patent claim pursuant to Fed. R. Civ. P. 54(b) and stay of Defendants' false advertising counterclaim. Plaintiffs seek an immediate appeal of this Court's Orders: (1) Granting Defendant's Motion for a Partial Summary Judgment of Non-infringement; and (2) Construing Patent Claims. The Rule 54(b) motion is scheduled to be heard on August 21, 2009.

Plaintiffs argue the Rule 54(b) motion will conserve judicial and party resources by facilitating an immediate appeal and a stay. According to Plaintiffs, the parties will expend significant resources

1 to comply with the current pre-trial scheduling order, and a continuance of those deadlines is therefore warranted to conserve those resources pending a definitive claim construction ruling from the Federal Circuit following appeal of the Court's Orders.

Defendants contend that a continuance is unwarranted. Defendants argue Plaintiffs could have avoided the need for the continuance had they shown diligence in filing their Rule 54(b) motion. Defendants further argue that the requested continuance will not appreciably conserve resources because a continuance will only serve to disrupt the schedules of counsel and experts. They represent that completion of all depositions will require at least three weeks' time, with expert depositions concluding in the second week of August. (Kohm. Decl. ¶ 3.) According to Defendants, if the Court granted the continuance and adopted Plaintiffs' proposed deadline, the parties would have only one week to complete all remaining depositions following the hearing on the Rule 54(b) motion.

The Court agrees. Plaintiffs' *ex parte* motion seeks, in essence, to modify an existing scheduling order. A district court's pretrial scheduling order shall not be modified absent a showing of "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 amendment)). The focus of the inquiry is on the moving party's reasons for seeking modification; if the moving party is not diligent, the inquiry ends. *Id.* Plaintiffs fail to show diligence or that the current scheduling order cannot be met. Accordingly, the motion is denied.

**IT IS SO ORDERED.**

DATED: July 27, 2009

_____
HON. DANA M. SABRAW
United States District Judge