1  DARRYL M. WOO (CSB NO. 100513)
   dwoo@fenwick.com
2  CHARLENE M. MORROW (CSB NO. 136411)
   cmorrow@fenwick.com
3  PATRICK E. PREMO (CSB NO. 184915)
   ppremo@fenwick.com
4  BRYAN A. KOHM (CSB NO. 233276)
   bkohm@fenwick.com
5  FENWICK & WEST LLP
   555 California Street, 12th Floor
6  San Francisco, CA 94104
   Telephone: (415) 875-2300
7  Facsimile:  (415) 281-1350

8  Attorneys for Defendants and Counterclaimants
   AMBU A/S, AMBU INC., and AMBU LTD.

9

10                UNITED STATES DISTRICT COURT

11              SOUTHERN DISTRICT OF CALIFORNIA

12

13 THE LARYNGEAL MASK COMPANY LTD.        Case No. 3:07-cv-01988 DMS (NLS)
   and LMA NORTH AMERICA, INC.,
14                                         Jury Trial Demanded
                    Plaintiffs,
15                                         MEMORANDUM OF POINTS AND
        v.                                 AUTHORITIES IN SUPPORT OF MOTION
16                                         FOR RECONSIDERATION OF ORDER
   AMBU A/S, AMBU INC., and AMBU LTD.,     GRANTING PLAINTIFFS' MOTION FOR
17                                         LEAVE TO TAKE FIVE DEPOSITIONS
                    Defendants,            BEYOND THE PRESUMPTIVE LIMIT OF
18                                         F.R.C.P. 30(a)(2)(A)(i)
19
                                           Date:    September 15, 2009
20                                         Time:    2:00 p.m.
                                           Courtroom:F, 1st Floor
21
                                           The Honorable Nita Stormes
22

23
   ─────────────────────────────────
24 AND RELATED COUNTERCLAIMS.

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

## TABLE OF CONTENTS

2

**Page**

3    I.    INTRODUCTION .......................................................................................................... 1

4    II.   BACKGROUND ............................................................................................................ 1

5    III.  ARGUMENT ................................................................................................................. 2

6          A.    The Depositions of Nielsen, Ronn, Arvai and Ankjaer Relate Only to
                 LMA's Patent Claim ............................................................................................ 3

7

8          B.    The Burdens to Ambu of Providing the Foreign Resident Witnesses for
                 Testimony Relating to LMA's Remaining Patent Infringement Claim
                 Greatly Outweigh Any Benefits........................................................................... 4

9

10   IV.   CONCLUSION.............................................................................................................. 8

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

**Page**

3

4

<u>**CASES**</u>

5

*Abarca v. Merck & Co.*,
  1:07cv038, 2009 U.S. Dist. LEXIS 71300 (E.D. Cal. July 31, 2009) ..................................... 5

6

*Berning v. UAW Local 2209*,
  242 F.R.D. 510, 514 (N.D. Ind. 2007) ................................................................................. 7

7

8

*Clark v. Mason*,
  C04-1647, 2006 U.S. Dist. LEXIS 59425 (W.D. Wash. Aug. 22, 2006) ................................ 4

9

*In re Seagate Technology, LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) ......................................................................................... 6, 7

10

*Mulvey v. Chrysler Corporation*,
  106 F.R.D. 364 (D.R.I. 1985) .............................................................................................. 7

11

*Siegel v. Truett-McConnell College, Inc.*,
  13 F. Supp. 2d 1335 (N.D. Ga. 1994) ................................................................................. 5

12

13

*Smith v. Ardew Wood Prods.*,
  C07-5641, 2008 U.S. Dist. LEXIS 93855 (W.D. Wash. Nov. 6, 2008) .................................. 5

14

<u>**RULES**</u>

15

Federal Rule of Civil Procedure 26(b)(2) ........................................................................................ 5

16

Federal Rule of Civil Procedure 26(b)(2)(C)(iii) ....................................................................... 2, 3, 4

17

Federal Rule of Civil Procedure 30 ................................................................................................. 5

Federal Rule of Civil Procedure 30(a)(2)(A) .................................................................................... 5

18

Federal Rule of Civil Procedure 30(a)(2)(A)(i) ............................................................................. 1, 2

19

Federal Rule of Civil Procedure 54(b) ......................................................................................... 2, 5

20

Local Rule 5.2 ................................................................................................................................. 9

Local Rule 7.1(i) ............................................................................................................................ 3

21

22

23

24

25

26

27

28

**I.    INTRODUCTION**

Ambu A/S, Ambu Inc., and Ambu Ltd. (collectively, "Ambu") respectfully submit this motion requesting that the Court reconsider, in part, its Order Granting Plaintiffs' Motion for Leave to Take Five Depositions Beyond the Presumptive Limit of Federal Rule of Civil Procedure 30(a)(2)(A)(i) ("Depositions Order").  [Dkt. 249.]  This motion is based on the intervening fact that since this discovery motion was originally briefed, the Court significantly narrowed the scope of the patent infringement claims in this case by the Order Granting Defendants' Motion for Partial Summary Judgment of Non-Infringement. [Dkt. No. 224.]  In light of this order, which has by LMA's own admission eliminated nearly all of its claim for patent damages, Ambu asks the Court to reconsider the Depositions Order as it relates to the witnesses residing in China and Denmark – Messrs. N.E. Nielsen, Lars Ronn, Anders Arvai and Henrik Ankjaer.[1]  Those depositions relate only to LMA's patent infringement claims against Ambu, and in light of the change in case scope, the expense of conducting those depositions now far exceeds any possible limited benefit that LMA may obtain from them, as well as approaches the amounts of LMA's claimed damages on the remaining product – the AuraFlex – because of its relatively low sales volume due to its special-use nature.  Ambu thus respectfully requests that the Court reconsider the Depositions Order as to these witnesses, and order that Ambu not provide them.

**II.    BACKGROUND**

In the Depositions Order, the Court ordered the depositions of four executive level Ambu individuals who reside abroad – specifically, Messrs. N.E. Nielsen (Chairman of the Board, Ambu A/S), Lars Ronn (Executive Vice President of Sales and Marketing, Ambu A/S) and Anders Arvai (Chief Financial Officer, Ambu A/S), all of whom reside in Denmark, and Henrik Ankjaer (General Manager, Ambu Ltd.), who resides in China.  [Dkt. 249.]  As more fully explained below, the basis for ordering these depositions was their purported relevance, but only to LMA's patent claims.

---

[1] Ambu is not seeking reconsideration of the remainder of the Depositions Order as it relates to witnesses relevant to Ambu's unfair competition and false advertising counterclaims.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    At the time briefing closed as to LMA's motion seeking the additional depositions, all of

2    the accused devices remained at issue and LMA was seeking tens of millions of dollars in

3    damages as to that collective whole. [Declaration of Darryl M. Woo in Support of Motion for

4    Reconsideration of Order Granting Plaintiffs' Motion for Leave to Take Five Depositions Beyond

5    the Presumptive Limit of Federal Rule of Civil Procedure 30(a)(2)(A)(i) ("Woo Decl.), ¶ 2, Ex.

6    A, Expert Report of Creighton Hoffman Regarding Damages ("Hoffman Report").] After the

7    close of briefing on the motion resulting in the Depositions Order on June 25, 2009, the Court

8    GRANTED summary judgment to Ambu on all but one of its products – the Ambu AuraFlex

9    device (the AuraFlex was not a part of that summary judgment motion). [Dkt. 224.]

10    Thus, only the one AuraFlex product remains at issue and, more significantly, the three

11    product lines as to which summary judgment of non-infringement was granted accounted for

12    nearly all of Ambu's sales of the devices accused of infringement in the litigation by LMA.

13    [Woo Decl. ¶ 2.] Both the scope of this case and of LMA's damages claim have been drastically

14    reduced as a result. Indeed, LMA's own expert report acknowledges that Ambu's total revenue

15    from sales of the remaining accused AuraFlex device is under $150,000. [Woo Decl. ¶ 2, Ex. A,

16    Hoffman Report, at Ex. G.] LMA also has acknowledged the AuraFlex's relatively low

17    significance in its pending motion for entry of judgment pursuant to Federal Rule of Civil

18    Procedure 54(b), wherein LMA offers to abandon (conditionally) its claim for patent infringement

19    relating to the AuraFlex if given the opportunity to seek an immediate appeal of the summary

20    judgment order. [Dkt. 251-2.]

21    **III.    ARGUMENT**

22    Ambu seeks reconsideration of the Depositions Order because it was decided under

23    substantially different factual circumstances than presently exist. The changed circumstances, the

24    summary judgment dismissal of LMA's patent claims against three of the four accused products

25    and the elimination of nearly all of LMA's claimed damages, make it such that LMA cannot at

26    this time show that the "burden or expense of the proposed" depositions outweighs their likely

27    benefit as required under Federal Rule of Civil Procedure 26(b)(2)(C)(iii).

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Local Rule 7.1(i) provides that a party may file a motion asking the Court to reconsider a

2    prior order where "new or different facts and circumstances are claimed to exist which did not

3    exist, or were not shown."  Pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)(iii), a court

4    should not allow discovery if the "burden or expense of the proposed discovery outweighs its

5    likely benefit, considering the needs of the case, the amount in controversy, the parties' resources,

6    the importance of the issues at stake in the action, and the importance of the discovery in

7    resolving the issues."

8        In light of the new circumstances resulting from the summary judgment order, Ambu

9    respectfully submits that LMA is now not able to meet the requirements of Rule 26(b)(2)(C)(iii).

10   Specifically, because the disputed depositions relate exclusively to LMA's patent claims, and

11   because any information obtained from conducting the depositions would not materially impact

12   LMA's remaining patent claim against the AuraFlex, the burden of those depositions on Ambu,

13   including eight days of time of Ambu's senior-most executives and over $80,000 in fees and

14   expenses, far outweighs any limited benefit that LMA may obtain from those depositions.

15   Indeed, the cost to Ambu of preparing and defending the depositions would exceed half of the

16   total sales of the accused AuraFlex device.  As such, even if this were the only factor (which, as

17   Ambu will show below, it is not), given the large expense when compared to the remaining

18   amount in controversy, LMA is unable to show that the depositions of the individuals residing in

19   Denmark and China comply with the requirements of Rule 26(b)(2)(C)(iii).

20   **A.    THE DEPOSITIONS OF NIELSEN, RONN, ARVAI AND ANKJAER RELATE ONLY TO
21        LMA'S PATENT CLAIM**

22       The depositions of Messrs. Nielsen, Ronn, Arvai and Ankjaer relate only to LMA's

23   remaining claim for patent infringement, and not to Ambu's unfair competition and false

24   advertising counterclaims.

25       In the Depositions Order, the Court found that the depositions of Messrs. Nielsen and

26   Ronn were relevant and proper because of their knowledge concerning the acquisition discussions

27   between Ambu and LMA, which were found to be "relevant to LMA's claim of willful

28   infringement."  [Dkt. 249 at 7.]  The deposition of Henrik Ankjaer was held to be proper because

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    of Mr. Ankjaer's "knowledge about alleged wrinkle and indentation manufacturing defects." [*Id.*

2    at 8.] This information is relevant, if at all, only to the issue of patent damages. [Woo Decl. ¶ 3.]

3    The willfulness claim is obviously only relevant to LMA's patent infringement claim, and the

4    wrinkle and indentation defects relate to a manufacturing irregularity that occurred after Ambu

5    removed the reinforced tip – the alleged patented improvement – from its laryngeal masks. [Woo

6    Decl. ¶ 3.] There can be no reasonable dispute, therefore, that the depositions of Nielsen, Ronn

7    and Ankjaer relate exclusively to LMA's remaining patent infringement claim.

8        As to Anders Arvai, the Court found that his deposition was proper because of his

9    knowledge of Ambu's "estimated damages related to LMA's marketing practices, Ambu

10   analyst's valuation of liability, and specific information related to invoice level-sales data that

11   shows negative average sales prices in 2008 and 2009." [Dkt. 249 at 7-8.] Mr. Arvai is the Chief

12   Financial Officer of Ambu A/S, not of Ambu, Inc., and though these Ambu entities collectively

13   are counterclaimants, no damages are being sought for any harm to Ambu A/S for the unfair

14   competition and false advertising counterclaims. [Woo Decl. ¶ 4, Ex. B, Report of Ryan

15   Sullivan, Ph.D.] Thus, LMA's bases for seeking Mr. Arvai's deposition, as articulated by the

16   Court, relate only to asserted damages on LMA's patent claim.

17       **B.    THE BURDENS TO AMBU OF PROVIDING THE FOREIGN RESIDENT WITNESSES
              FOR TESTIMONY RELATING TO LMA'S REMAINING PATENT INFRINGEMENT
18            CLAIM GREATLY OUTWEIGH ANY BENEFITS**

19       Because the amount in controversy of LMA's patent claim has been dramatically reduced,

20   and given the great expense to Ambu of providing for deposition foreign residents Messrs.

21   Nielsen, Ronn, Arvai and Ankjaer, a balancing of the burden against the benefits under these new

22   circumstances now tips heavily in favor of *denying* LMA's request for additional depositions.

23   Fed. R. Civ. P. 26(b)(2)(C)(iii).

24       Sister district courts have routinely denied litigants' attempts to take depositions where the

25   burden or expense of the depositions outweighs their likely benefit. *See, e.g., Clark v. Mason*,

26   C04-1647, 2006 U.S. Dist. LEXIS 59425 at *6 (W.D. Wash. Aug. 22, 2006) (denying plaintiff's

27   request to conduct additional depositions and noting the extra "burden that additional depositions

28   would create for defendants, who would bear the complete costs of such depositions as well as

spend significant time scheduling and arranging for them"); *see also Abarca v. Merck & Co.*,

1:07cv038, 2009 U.S. Dist. LEXIS 71300 (E.D. Cal. July 31, 2009) (granting defendant's motion

for a protective order vacating the deposition notice of defendant's Chairman where defendant

argued that plaintiffs could not reasonably require the Chairman to take an estimated two days to

prepare and provide testimony that was unlikely to be of any value). "It is important for all

parties to understand that prior to taking any deposition they must always assess whether or not a

deposition of that witness is truly necessary, based in part upon the time and expense that even a

single deposition incurs for all parties involved." *Smith v. Ardew Wood Prods.,* C07-5641, 2008

U.S. Dist. LEXIS 93855 at *4 (W.D. Wash. Nov. 6, 2008) (denying party's request to conduct

additional depositions beyond the presumptive limit of ten where the party did not make a

particularized showing of why the additional depositions were necessary). Rule 30(a)(2)(A) is

intended to control discovery, with its attendant costs and potential for delay, by establishing a

default limit on the number of depositions. The Advisory Committee Notes to the 1993

Amendments to Rule 30(a)(2)(A) state that an objective of this rule is "to emphasize that counsel

have a professional obligation to develop a mutual cost-effective plan for discovery in the case.

Leave to take additional depositions should be granted when consistent with the principles of

Rule 26(b)(2), and in some cases the ten-per-side limit should be reduced in accordance with

those same principles." Fed. R. Civ. P. 30, Advisory Committee Notes, 1993 Amendments; *see*

*also Siegel v. Truett-McConnell College, Inc.,* 13 F. Supp. 2d 1335, 1338 (N.D. Ga. 1994) (noting

that the plaintiff's requested depositions were "burdensome because the testimony is not needed

to resolve the issues at stake in the pending litigation").

Here, all of the subject depositions at issue, to the extent that they are not cumulative of

other depositions, relate exclusively to patent damages. As LMA emphasized in its motion for an

immediate appeal under Fed. R. Civ. P. 54(b), however, "LMA's remaining infringement claim

against the AuraFlex represents only a minor portion of the patent damages." [Dkt. 251, LMA's

MPA in Support of Motion for Judgment Under 54(b), at p.4.] Indeed, in support of its

Rule 54(b) argument, LMA cited to Ambu's financial expert's calculation that the damages

associated with the remaining AuraFlex are valued at only $1,723. [Dkt. 287, LMA's Reply

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' MPA IN SUPPORT OF MOTION
FOR RECONSIDERATION

-5-

CASE NO. 3:07-CV-01988 DMS (NLS)

1    Memorandum in Support of Motion for Judgment Under 54(b), at p. 2.]  Thus, as LMA itself

2    noted in a different motion, the small amount at issue on LMA's remaining patent claim does not

3    justify its continued prosecution of that claim at all, much less the burden of providing foreign

4    witnesses for deposition for that patent claim.  The requested depositions at issue here would

5    require four of Ambu's most senior personnel to each spend two days (one for preparation and

6    one for the deposition) away from their normal duties and responsibilities.  Further, when

7    compared to the small amount in controversy, the estimated expense to Ambu of preparing for

8    and defending those depositions – approximately $80,000 – far outweighs any benefit to LMA.

9    [Woo Decl. ¶ 5.]   It is also disingenuous of LMA to emphasize the insignificance of its

10   remaining patent infringement claim to justify its request to take an immediate appeal, on the one

11   hand, while arguing on the other that the benefit of the additional four depositions outweighs the

12   burden to Ambu.

13          The disproportionate expense of the depositions compared to the small amount in

14   controversy is compounded by the small possible substantive benefit that may result from the

15   depositions.  As to Messrs. Nielsen and Ronn, the acquisition discussions occurred *after* this

16   action was filed, so they are irrelevant to notice of the patent or willfulness.[2]  *In re Seagate*

17   *Technology, LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) ("a willfulness claim asserted in the

18   original complaint must necessarily be grounded exclusively in the accused infringer's *pre-filing*

19   conduct") (emphasis added)).

20          Also, according to LMA's own statements, the Ambu witnesses did not respond to LMA's

21   accusations, and therefore there are no statements made by them to verify or explore.  [*See* Dkt.

22   222, Declaration of Joshua Stowell, at Ex. 2.]  At most, LMA could ask only why they didn't

23   respond.  But even if there were substantive reasons for the Ambu executives' silence (beyond,

24   e.g., not understanding what was said by LMA), the witnesses' state of mind for purposes of

25   patent willfulness is irrelevant.  *Seagate*, 497 F.3d at 1371 ("The state of mind of the accused

26   infringer is not relevant to this objective inquiry [regarding willfulness].  If this threshold

27

28   [2] Ambu does not contest notice in any event.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer."). By LMA's own description of what occurred at their post-filing meeting with Ambu, LMA could not possibly demonstrate through the subject Ambu witnesses anything relevant to willfulness under the *Seagate* standard. Ambu respectfully submits that whatever testimony that could even remotely be discoverable let alone admissible regarding willfulness, LMA's probing does not justify the great expense and burden to Ambu in providing these foreign domiciled witnesses for deposition. And even if the Court were to believe that LMA somehow needs an answer to the question of "why didn't you respond," Ambu respectfully suggests that it would be more efficient and fair to Ambu that such information be provided by answers to written questions, if at all. *See Mulvey v. Chrysler Corporation*, 106 F.R.D. 364, 366 (D.R.I. 1985) (ordering that the deposition of Chrysler's chairman would not proceed until written interrogatories had been propounded to him and then only "if the answers to the interrogatories so warrant."); *see also Berning v. UAW Local 2209*, 242 F.R.D. 510, 514 (N.D. Ind. 2007) (granting UAW's request for a protective order precluding deposition of its President where the court had reason to believe that the actual amount in controversy was less than the plaintiff's claims for relief and where the plaintiff had not attempted to obtain the desired information through "less burdensome means, such as interrogatories").

With respect to Mr. Arvai, as noted above, his knowledge is at most relevant to LMA's patent damages claim. Given the relatively small amount in controversy, however, his testimony is unlikely to affect the damages claims by more than $150,000, given that the amount of accused AuraFlex devices sold in the U.S. was less than that. To the extent LMA requires further information on how Ambu prices its goods, if at all, such can be obtained more cost-effectively through written questions. Information concerning the analysts' valuations of the suit is also largely mooted and irrelevant, as that valuation was based on all of the accused products, and LMA now concedes that almost all of its claimed damages are gone in light of the summary judgment of non-infringement. LMA thus must reasonably concede also that any potential liability is minuscule in comparison to those valuations. As to the invoice pricing issue, it also

1  could not significantly impact the amount in controversy given the small volume of sales of the

2  remaining accused product.

3          Mr. Ankjaer's testimony similarly could not significantly impact the amount of LMA's

4  patent damages, as the number of AuraFlex units at issue with respect to the manufacturing

5  irregularity is very small.  [Woo Decl. at Ex. G.]

6          Given that the expense of conducting these depositions is great, and very likely will

7  exceed any damages obtained by LMA assuming *arguendo* liability, and because those

8  depositions will not materially impact the outcome of this case, Ambu respectfully submits that

9  the burden and expense of those depositions far outweighs their benefit and should not be

10  ordered.

11  **IV.    CONCLUSION**

12          For the foregoing reasons, Ambu respectfully requests that the Court reconsider its

13  Depositions Order and vacate that order to the extent it relates to the depositions of Messrs.

14  Nielsen, Ronn, Arvai and Ankjaer.

15  Dated: August 17, 2009                      FENWICK & WEST LLP

16

17                                              By:  _____*/s/ Darryl M. Woo*_____

18                                                        Darryl M. Woo

19                                              Attorneys for Defendants and Counterclaimants,
                                                AMBU A/S, AMBU INC., AND AMBU LTD.

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

**CERTIFICATE OF SERVICE**

2          The undersigned hereby certifies that all counsel of record who are deemed to have

3    consented to electronic service are being served with a copy of this document via the Court's

4    CM/ECF system per Local Rule 5.2 on August 17, 2009.

5                                        By:        */s/ Darryl M. Woo*

6                                                   Darryl M. Woo
                                                   Email:  dwoo@fenwick.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO