John B. Sganga (State Bar No. 116,211)
Frederick S. Berretta (State Bar No. 144,757)
Joshua J. Stowell (State Bar No. 246,916)
KNOBBE, MARTENS, OLSON & BEAR, LLP
550 West C Street
Suite 1200
San Diego, CA 92101
(619) 235-8550
(619) 235-0176 (FAX)

Vicki S. Veenker (State Bar No. 158,669)
Adam P. Noah (State Bar No. 198,669)
SHEARMAN & STERLING LLP
1080 Marsh Road
Menlo Park, CA 94025
(650) 838-3600
(650) 838-3699 (FAX)

Attorneys for Plaintiffs and Counter-Defendants
THE LARYNGEAL MASK COMPANY LTD.
and LMA NORTH AMERICA, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., <br><br> Plaintiffs, <br> v. <br><br> AMBU A/S, AMBU INC., and AMBU LTD., <br><br> Defendants. <br><br><br> AMBU A/S, AMBU INC., and AMBU LTD., <br><br> Counterclaimants, <br> v. <br><br> THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., <br><br> Counter-Defendants. | Civil Action No. 07 CV 1988 DMS (NLS) <br><br> ***EX PARTE* MOTION (i) FOR LEAVE TO FILE MOTION FOR SANCTIONS FOR THE SPOLIATION OF EVIDENCE; AND (ii) TO EXPEDITE THE BRIEFING SCHEDULE AND HEARING DATE FOR LMA'S MOTION FOR SANCTIONS UNDER RULE 37(d)(1) FOR FAILURE OF AMBU'S DIRECTOR AND OFFICERS TO ATTEND THEIR DEPOSITIONS** <br><br> **Honorable Nita L. Stormes** |

Plaintiffs/counter-defendants The Laryngeal Mask Company Ltd. and LMA North America, Inc. (collectively "LMA") respectfully move for an order (i) granting leave for LMA to file a Motion to Exclude the Testimony of Ambu's Expert Witnesses as a Sanction for the Spoliation of Information Considered in Forming Their Opinions (the "Expert Spoliation Motion"); and (ii) expediting the briefing schedule and hearing date for LMA's Motion for Sanctions under Rule 37(d)(1) for the Failure of Ambu's Director and Officers to Attend Their Depositions (the "Rule 37(d)(1) Sanctions Motion"). LMA states the following in support of this *ex parte* motion:

A. **Expert Spoliation Motion**

1. LMA is seeking leave to file its Expert Spoliation Motion because defendants/counterclaimants – Ambu A/S, Ambu, Inc., and Ambu Ltd. (collectively "Ambu") – have indicated that they cannot participate in the Court-mandated meet-and-confer process prior to August 31, 2009, the date on which LMA must arguably file the Expert Spoliation Motion.

2. As is detailed in LMA's Expert Spoliation Motion, a final draft of which is attached as Exhibit 1 to the Declaration of Stephen J. Marzen ("Marzen Decl."), Rule 26(a)(2)(B) requires the preservation and disclosure of draft expert reports that are exchanged between the expert and counsel for the party proffering the expert's testimony.

3. LMA deposed Ambu's five expert witnesses between July 30, 2009 and August 14, 2009. During the depositions, LMA learned that Ambu's attorneys at Fenwick & West LLP ("Fenwick") had repeatedly reviewed, commented on, and edited drafts of the experts' reports. Indeed, LMA discovered that Fenwick had itself *authored* the initial drafts/outlines of at least two of the expert reports. *See* Marzen Decl., Ex. 1.

4. Ambu did not produce any of the draft expert reports on which Fenwick worked. Rather, Fenwick actively sought to conceal its influence on (and authorship of) the draft reports. For example, Fenwick instructed three of the experts that they should draft their reports *directly on Fenwick's own computer system* so that Fenwick attorneys would have unlimited access to drafts and be able to work "in parallel" with the experts without creating emails or hardcopies reflecting Fenwick contributions. *See* Marzen Decl., Ex. 1.

-1-

Motion Challenging Designations
Case No. 07cv1988

5. Having learned of Ambu's systematic violation of Rule 26, counsel for LMA telephoned Fenwick on August 18, 2009 and requested a meet-and-confer on August 21, 2009, when the parties were already scheduled to appear before the District Court. Marzen Decl., ¶ 13. Counsel for Ambu declined to participate in a meet-and-confer on August 21, 2009 and did not propose any alternative date. *Id.*

6. On August 21, 2009, counsel for LMA wrote to counsel for Ambu and requested a meet-and-confer be scheduled for early during the week of August 24th, 2009. *See* Marzen Decl., Ex. 2. Counsel for Ambu did not respond.

7. On August 24, 2009, counsel for LMA again wrote to counsel for Ambu and requested that a meet-and-confer be held on August 25, 2009. Marzen Decl., Ex. 3. Counsel for Ambu responded on August 25, 2009. Marzen Decl., Ex. 11. In its letter, Ambu erroneously asserted that it had been given only "24 hours' notice" to respond to the expert spoliation issues. *Id.* Ambu then suggested that it could not participate in a meet-and-confer until sometime during the week of August 31, 2009 - nearly two weeks after LMA first requested a conference.

8. In order to be timely under the Scheduling Order governing this case, LMA must arguably file its Expert Spoliation Motion on or before August 31, 2009 (30 days after learning of Ambu's destruction of draft reports during the first of the depositions of Ambu's expert witnesses). *See* D.I. 58 at 8-9 ("disputes concerning discovery" are subject to a 30-day bar); *accord* D.I. 248 at 2.

9. Because Ambu has informed LMA that it cannot meet before the August 31, 2009 deadline, LMA seeks leave of the court to immediately file the Expert Spoliation Motion, a draft of which is attached as Exhibit 1 to the Marzen Declaration.

**B. Rule 37(d)(1) Sanctions Motion**

10. LMA is also seeking an Order that would expedite the briefing schedule for LMA's Rule 37(d)(1) Sanctions Motion, which will be filed shortly, and set that motion for hearing on September 15, 2009, the same time as Ambu's Motion for Reconsideration of Order Granting Plaintiffs' Motion for Leave to Take Five Depositions Beyond the Presumptive Limit of F.R.C.P. 30(a)(2)(A)(i) ("Reconsideration Motion"). As is noted below, the Rule 37(d)(1)

Sanctions Motion and the Reconsideration Motion are related and would be most efficiently briefed and argued together.

11. Since at least May 21, 2009, LMA has been seeking the depositions of N.E. Nielsen, Anders Arvai, Lars Rønn, and Henrik Ankjær. Mr. Nielsen is a director of Ambu. Messrs. Arvai, Rønn, and Ankjær are each officers of Ambu. Each of these witnesses has information that is vital to LMA's defense of Ambu's false advertising counterclaims and to the patent issues that remain in this case.

12. On June 2, 2009, after Ambu refused to produce the requested witnesses for depositions, LMA filed a Motion for Leave to Take Five Depositions Beyond the Presumptive Limit of Federal Rule of Civil Procedure 30(a)(2)(A)(i) ("Deposition Motion"). D.I. 203. Ambu opposed the motion on June 18, 2009. D.I. 217.

13. On July 17, 2009, the Court issued an Order (the "Deposition Order") granting the Deposition Motion and compelling Ambu to produce Messrs. Nielsen, Arvai, Rønn, and Ankjær for depositions. D.I. 249.

14. On August 3, 2009, after the deadline for objecting to the Deposition Order had already passed, Ambu filed a motion with the District Court seeking to extend the deadline for filing objections. D.I. 269. As grounds for the extension, Ambu noted that it intended to file a motion for reconsideration of the Deposition Order. *Id.* On August 6, 2009, Judge Sabraw denied Ambu's motion to extend the time for objecting to the Deposition Order. D.I. 271.

15. On August 1, 2009, Ambu "confirmed the availability" of Messrs. Nielsen, Arvai, Rønn, and Ankjær in Copenhagen, Denmark for depositions during the week of August 31, 2009. *See* Marzen Decl. Ex. 4. On August 5, 2005, LMA served Ambu with deposition notices for the witnesses for the week of August 31st in Copenhagen. On August 20, 2009, LMA served Ambu with amended deposition notices, fixing the precise days within the week of August 31, 2009 for the depositions and providing the precise locations for the depositions within Copenhagen. *See* Marzen Decl., Exs. 5-8.

16. On August 17, 2009, Ambu filed the Motion for Reconsideration of the Deposition Order, purportedly based on "changed circumstances." *See* D.I. 311. The

circumstance that Ambu claimed was "changed," thereby justifying reconsideration, was that the District Court had issued an Order dismissing certain of LMA's patent claims. (*See id.*) The District Court's Order, however, was issued on June 25, 2009, three weeks ***before*** the Court compelled the depositions on July 17, 2009. *Compare* D.I. 224 *with* D.I. 249.

17. On August 18, 2009, Ambu informed LMA during a telephone call that Messrs. Nielsen, Arvai, Rønn, and Ankjær would not attend their noticed depositions because Ambu had filed the Motion for Reconsideration. Marzen Decl., ¶ 14.

18. On August 21, 2009, LMA informed Ambu that it was unwilling to further delay the depositions that it had been seeking for nearly ***four months*** and that the Court had itself compelled ***more than a month earlier***. Marzen Decl. Ex. 9 at 1.

19. LMA also notified Ambu that if Ambu's directors and officers were to fail to attend their properly noticed depositions, LMA would seek sanctions. *Id.* at 2-4. Indeed, LMA specifically noted that under Rule 37(d)(1), a court may impose sanctions when "a party or a party's officer, director, or managing agent ... fails, after being served with proper notice, to appear for that person's deposition." *Id.*

20. Later on August 21, 2009 Ambu verified that Messrs. Nielsen, Arvai, Rønn, and Ankjær would not attend their noticed depositions. *See* Marzen Decl. Ex. 10. Indeed, Ambu stated that it intended to postpone the depositions indefinitely. Ambu also made clear that its Motion for Reconsideration is simply an attempt to circumvent its previous failure to timely appeal the Court's Order compelling the depositions. *Id.* at 2-3 ("To be clear, in the event that the Court denies Ambu's motion for reconsideration ***and the district judge upholds that ruling***, or if Ambu elects not to object, Ambu will make the witnesses available for deposition.").)

///
///
///
///
///
///

21. Because LMA's Rule 37(d)(1) Sanctions Motion is related to the Deposition Order, and because Ambu has cited its Motion for Reconsideration as a justification for the failure of its officers and directors to appear at their depositions, it would be most efficient to brief and argue the Rule 37(d)(1) Sanctions Motion at the same time as the Motion for Reconsideration. As a result, LMA requests the Court issue an order expediting the briefing schedule for the Rule 37(d)(1) Sanctions Motion as follows:

| Brief | Filing Date |
|---|---|
| LMA's Opening Brief | September 1, 2009 |
| Ambu's Opposition Brief | September 8, 2009 |
| LMA's Reply | September 10, 2009 |

22. Similarly, LMA requests that the hearing date for the Rule 37(d)(1) Sanctions Motion be set for September 15, 2009 at 2:00 p.m. – the same date as the hearing for the Motion for Reconsideration.

23. Ambu has informed LMA that it opposes the relief sought in this *ex parte* motion.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 26, 2009

By: /s/ John B. Sganga
John B. Sganga
jsganga@kmob.com
Frederick S. Berretta
fred.berretta@kmob.com
Joshua J. Stowell
joshua.stowell@kmob.com

Attorneys for Plaintiffs
THE LARYNGEAL MASK COMPANY LTD.
and LMA NORTH AMERICA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2009, I caused the foregoing **EX PARTE MOTION (i) FOR LEAVE TO FILE MOTION FOR SANCTIONS FOR THE SPOLIATION OF EVIDENCE; AND (ii) TO EXPEDITE THE BRIEFING SCHEDULE AND HEARING DATE FOR LMA'S MOTION FOR SANCTIONS UNDER RULE 37(d)(1) FOR FAILURE OF AMBU'S DIRECTOR AND OFFICERS TO ATTEND THEIR DEPOSITIONS** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the applicable registered filing users.

Darryl M. Woo
dwoo@fenwick.com
Patrick E. Premo
ppremo@fenwick.com
Bryan Kohm
bkohm@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco CA 94104
T: 415-875-2300
F: 415-281-1350

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Dated: August 26, 2009


Luz Wright

7719188
082609

-1-

Case No. 07cv1988