1  John B. Sganga (State Bar No. 116,211)
   Frederick S. Berretta (State Bar No. 144,757)
2  Joshua J. Stowell (State Bar No. 246,916)
   KNOBBE, MARTENS, OLSON & BEAR, LLP
3  550 West C Street
   Suite 1200
4  San Diego, CA 92101
   (619) 235-8550
5  (619) 235-0176 (FAX)

6  Vicki S. Veenker (State Bar No. 158,669)
   Adam P. Noah (State Bar No. 198,669)
7  SHEARMAN & STERLING LLP
   1080 Marsh Road
8  Menlo Park, CA 94025
   (650) 838-3600
9  (650) 838-3699 (FAX)

10 Attorneys for Plaintiffs and Counter-Defendants
   THE LARYNGEAL MASK COMPANY LTD.
11 and LMA NORTH AMERICA, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., <br><br> Plaintiffs, <br> v. <br> AMBU A/S, AMBU INC., and AMBU LTD., <br><br> Defendants. | Civil Action No. 07 CV 1988 DMS (NLS) <br><br> **PLAINTIFFS' OBJECTION TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' THREE PENDING SUMMARY JUDGMENT MOTIONS** <br><br> Date: September 18, 2009 <br> Time: 1:30 p.m. <br> Courtroom 10, 2nd Floor <br><br> **Honorable Dana M. Sabraw** |
| AMBU A/S, AMBU INC., and AMBU LTD., <br><br> Counterclaimants, <br> v. <br> THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., <br><br> Counter-Defendants. | |

# TABLE OF CONTENTS

Page Nos.

I. STATEMENT OF PERTINENT FACTS ..................................................................1

II. ARGUMENT........................................................................................................3

    A. Ambu's Declarations And Evidence In Support Of Its Three Pending Motions For Summary Judgment Were Untimely ..................................................................................................3

    B. The Time For Ambu To File Its Declarations In Support Of Its Motions For Summary Judgment Should Not Be Extended ................................................................................................4

    C. Ambu's Untimely Filings Should Be Stricken As Untimely..............5

III. CONCLUSION....................................................................................................6

-i-

LMA's Obj. to Evid. Offered by Ambu
Case No. 07cv1988

Plaintiffs The Laryngeal Mask Company, Ltd. ("LMC") and LMA North America, Inc. ("LMA NA," collectively "Plaintiffs" or "LMA") hereby object to the evidence submitted by Defendants Ambu A/S, Ambu Inc., and Ambu Ltd. (collectively "Defendants" or "Ambu") in support of Defendants' three pending motions for summary judgment because none of it was timely filed and served. Throughout this litigation, Ambu has repeatedly missed deadlines ordered by this Court. Most recently, Ambu filed its declarations in support of its three pending motions for summary judgment after a longstanding deadline ordered by this Court had passed and Ambu has not subsequently moved for an extension of time. Accordingly, Ambu's evidence should not be considered and its motions for summary judgment should all be denied based on Ambu's chronic tardiness and repeated disregard for this Court's orders.

## I. STATEMENT OF PERTINENT FACTS

Ambu has repeatedly missed key filing deadlines in this case. The Scheduling Order includes an order that any party shall "supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party" and that "[a]ny such supplemental reports are due on or before ***June 19, 2009***." Despite this, on June 26, 2009, more than a week after the deadline for filing the report had passed, Ambu supplemented Dr. Lampotang's original opening report without requesting leave to do so. Magistrate Judge Stormes also set July 13, 2009 as the deadline for filing "[a]ll fact discovery motions." [Doc. # 179]. Ambu also missed this deadline when it filed its Motion to Compel Discovery after the deadline. In that instance LMA agreed not to oppose Ambu's request for an extension submitted to the Court. [Doc. # 245]. The Scheduling Order also required that all summary judgment motions "shall be **FILED** on or before ***August 14, 2009***." Ambu again missed this longstanding deadline, which is the basis of this objection.

Ironically, shown below is an email sent from Ambu's counsel around 7 p.m. on August 14, 2009, requesting that LMA serve its motions for summary judgment to Ambu that day (as required by the Scheduling Order) instead of the following day. The reason for Ambu sending this email is uncertain, as there was no reason to believe that LMA would not comply with its

service obligations. In any event, LMA did timely file and serve its summary judgment motions and supporting declarations and evidence, but Ambu did not.

---

**From:** Dennis Faigal [mailto:dfaigal@fenwick.com]
**Sent:** Friday, August 14, 2009 6:52 PM
**To:** John.Sganga; Fred.Berretta; adam.noah@shearman.com; Joshua.Stowell
**Cc:** Luz.Wright; Patrick Premo
**Subject:** LMA v. Ambu: Confidential Documents Filed under Seal

Counsel,
Could you please ensure that the un-redacted versions of LMA's motions for summary judgment and supporting documents thereto are served to us tonight, if not already done so, rather than tomorrow?
Thank you,
Dennis

FENWICK & WEST LLP

DENNIS FAIGAL
Fenwick & West LLP
Associate, Litigation Group
(650) 335-7834
(650) 938-5200
dfaigal@fenwick.com

---

Hours later, just twenty minutes before the longstanding deadline ordered by this Court, Ambu first began filing its three motions for summary judgment. Between 11:40 p.m. and 11:57 p.m., Ambu filed three notices of motion for summary judgment and supporting memoranda of points and authorities, but failed to file or serve any of its supporting declarations or evidence before the August 14 deadline. The following day, Ambu proceeded to file declarations in support of its motions. Between 12:16 a.m. and 12:54 a.m., Ambu filed three declarations. [Doc. #'s 298, 299, and 300]. In addition to being filed late, one of these declarations was filed unsigned so essentially was not filed at all. [Doc. # 299].

More than one hour later, between 2:08 a.m. and 3:15 a.m., Ambu filed additional documents (three motions for leave to file under seal) supporting its summary judgment motions. [Doc. #'s 301, 302, and 303]. On August 17, 2009, three days after the deadline for filing, without seeking leave from the Court, Ambu finally filed an amended declaration in support of its summary judgment motions that included the signature that was previously omitted. [Doc. # 309]. Ten days after the deadline set-forth by the Court, on August 24, 2009,

-2-

LMA's Obj. to Evid. Offered by Ambu
Case No. 07cv1988

Ambu submitted Tables of Contents and Tables of Authorities that were not submitted with two of its Memoranda of Points and Authorities as required by the Court's Local Rules. The Court apparently had to request that these missing tables be submitted.

In short, all of the declarations and evidence in support of Ambu's motions for summary judgment, all of the associated motions for leave to file under seal, and two sets of tables of authorities and tables of contents were filed with this Court after the August 14 deadline. This was at least the third instance where Ambu failed to meet a deadline set forth by this Court.

## II. ARGUMENT

### A. Ambu's Declarations And Evidence In Support Of Its Three Pending Motions For Summary Judgment Were Untimely

Federal Rule of Civil Procedure 6(a) establishes how deadlines for filings are computed. *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 930 (9th. Cir. 1994). Specifically, with regard to the last day in a time period specified in a court order, the last day should be included in computing the time period "unless it is a Saturday, Sunday, legal holiday, or- if the act is to be done is filing a paper in court- a day on which weather conditions make the clerk's office inaccessible. The deadline for Ambu to file its motions for summary judgment was on or before August 14, 2009. Scheduling Order of June 12, 2008 [Doc. #58]. Accordingly, any motions filed after August 14, 2009 were untimely. *Kyle*, 28 F.3d at 930; *Bellanger v. Health Plan of Nevada, Inc.*, 814 F.Supp. 918, 920 (D. Nev. 1993).

Local Rule 7.1 of Practice for the United States District Court for the Southern District of California specifies that "[i]n addition to the affidavits required or permitted by Fed. R. Civ. P. 6(d) and 56, copies of all documentary evidence which the movant intends to submit in support of the motion, or other request for ruling by the court, shall be served *and filed with the notice of motion.*" CivLR 7.1(f)(2)(a) (emphasis added). Thus, Local Rule 7.1 required Ambu to file its declarations in support of its summary judgment motions with the notices of motion for summary judgment. Instead, Ambu filed all of its declarations and evidence in support of its summary judgment motions, among other required documents, after the deadline had passed.

///

## B. The Time For Ambu To File Its Declarations In Support Of Its Motions For Summary Judgment Should Not Be Extended

Under Federal Rule of Civil Procedure 6(b), where the specified period for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act if the tardy actor moves to extend the period for response and establishes that it failed to act because of excusable neglect. *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 391 (1993). Specifically, the Federal Rules of Civil Procedure state:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). However, Federal Rule 6(b) makes clear that "although extensions before expiration of the time period may be 'with or without motion or notice,' any post deadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'" *Lujan v. Nat'l. Wildlife Fed'n*, 497 U.S. 871, 896 (1990). Furthermore, while excusable neglect is an equitable standard, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Pioneer Inv. Serv. Co.*, 507 U.S. at 392.

Here, this Court did not extend the deadline for filing summary judgment motions before the original deadline expired on August 14, 2009. Additionally, Ambu has not subsequently moved to extend the period for filing its summary judgment motions and supporting declarations beyond the deadline ordered by this Court. Lastly, Ambu has not established that its untimely filings were the result of excusable neglect. In fact, Ambu has failed to offer any reasonable excuse or explanation for missing the numerous deadlines it has throughout this litigation, including this one. Moreover, in its email set forth above from counsel Ambu insisted that LMA timely file and serve all its motion papers (which it did). This deadline had been on the case docket for over a year. Under these circumstances, after repeated tardy filings

-4-

and no attempt to explain or even seek leave of Court to file late, the Court should decline to extend the filing deadline for Ambu.

C.  **Ambu's Untimely Filings Should Be Stricken As Untimely**

In *Mendez v. Banco Popular De Puerto Rico*, a First Circuit panel explained:

> Rules are rules-and the parties must play by them. In the final analysis, the judicial system depends heavily on the judge's credibility. To ensure such credibility, a district court must often be firm in managing crowded dockets and demanding adherence to announced deadlines. If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of noncompliance.

*Mendez v. Banco Popular De Puerto* Rico, 900 F.2d 4, 7 (1st Cir. 1990). Similarly, in cases applying Ninth Circuit law, district courts have stricken untimely filings in order to promote judicial efficacy and efficiency. *Marshall v. Gates*, 812 F.Supp. 1050, 1056 (C.D. Cal. 1993); *Bellanger*, 814 F. Supp. at 920 (granting defendant's motion to strike plaintiff's reply in support of plaintiff's motion for summary judgment because reply was filed the day after the deadline for reply). In at least one instance, the Tenth Circuit has also affirmed an order striking a filing as untimely even though it was filed just three days after a court ordered deadline. *Curran v. AMI Fireplace Co., Inc.* 163 Fed.Appx. 714, 718 (10th Cir. 2006).

The same result should apply here. The Court's due date was reasonable and longstanding on the docket. Even ignoring the tables required by the Local Rules, Ambu did not complete its filing until August 17th when it filed a signed declaration in support of its motions. [Doc. # 309]. Ambu may argue that LMA has not been prejudiced by Ambu's chronic tardiness, but that is not correct. Ambu has had the benefit of seeing LMA's filings before Ambu submits its papers, has taken more time than permitted to prepare its papers, and has caused LMA to waste valuable time in assembling and opposing Ambu's motions. For example, LMA was forced to compare the unsigned declaration of Dr. Lampotang (untimely filed on August 15th) [Doc. # 299] with the even more untimely signed version not filed and served until August 17th [Doc. # 309] to ensure that it had not been substantively modified. This further delayed work on the opposition briefing and wasted LMA's litigation resources.

///

## III. CONCLUSION

Ambu was fully aware of the impending summary judgment deadline and had been for at least thirteen months since the deadline was first ordered by this Court. Furthermore, Ambu has not moved for an expansion of the missed deadline and has offered no reason or excuse whatsoever for its late filings. Accordingly, based on the foregoing reasons, the Court should sustain LMA's objection to all the evidence submitted in support of Ambu's three pending summary judgment motions, and based thereon deny Ambu's three motions.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 28, 2009

By: s/Frederick S. Berretta
John B. Sganga
jsganga@kmob.com
Frederick S. Berretta
fred.berretta@kmob.com
Joshua J. Stowell
joshua.stowell@kmob.com

Attorneys for Plaintiffs
THE LARYNGEAL MASK COMPANY LTD.
and LMA NORTH AMERICA, INC.

-6-

LMA's Obj. to Evid. Offered by Ambu
Case No. 07cv1988

# CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2009, I caused the foregoing **PLAINTIFFS' OBJECTION TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' THREE PENDING SUMMARY JUDGMENT MOTIONS** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the applicable registered filing users.

> Darryl M. Woo
> dwoo@fenwick.com
> Patrick E. Premo
> ppremo@fenwick.com
> Bryan Kohm
> bkohm@fenwick.com
> FENWICK & WEST LLP
> 555 California Street, 12th Floor
> San Francisco CA 94104
> T: 415-875-2300
> F: 415-281-1350

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Dated: August 28, 2009

_____
Luz Wright

7724832