UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LARYNGEAL MASK COMPANY LTD. and LMA NORTH AMERICA, INC., <br><br>Plaintiffs, <br>v. <br><br>AMBU A/S, AMBU INC., AMBU LTD., and AMBU SDN. BHD, <br><br>Defendants. | Civil No.07cv1988-DMS (NLS) <br><br>ORDER DENYING WITHOUT PREJUDICE MOTION TO EXCLUDE EXPERT TESTIMONY OF NIKOLAUS GRAVENSTEIN, SAMSUN LAMPOTANG, MICHAEL MAZIS, RYAN SULLIVAN AND J. MICHAEL THESZ <br><br>[Docket No 365 ] |

On October 15, 2007, Plaintiffs The Laryngeal Mask Company Ltd. and LMA North America, Inc. (collectively, "LMA") commenced this patent infringement suit against Defendants Ambu A/S, Ambu Inc. and Ambu Ltd. (collectively, "Ambu"). [Doc. No. 1]. On August 25, 2008, Ambu filed an Amended Answer and Counterclaims, asserting counterclaims based on the allegation that LMA used a brochure that falsely asserted that Ambu's mask can cause nerve injury. [Docket No. 72.]

On September 1, 2009, LMA filed a motion to exclude the testimony of the following Ambu expert witnesses: Nikolaus Gravenstein, Samsun Lampotang, Michael Mazis, Ryan Sullivan and J. Michael Thesz. The motion is based on the alleged spoliation of all draft expert reports. Ambu opposed the motion, arguing: 1) that no draft reports were destroyed, the working documents were simply overwritten as changes were made; 2) draft reports are not required to be produced under Rule 26; 3) draft reports are covered by the work product immunity; 4) LMA used the same process for the production of expert reports; and 5) LMA has not been prejudiced.

1  On September 25, 2009, the presiding judge granted LMA's renewed Motion for Entry of
2  Judgment and to Stay the Counterclaims pending appeal. [Docket No. 476.]  On October 6, 2009, the
3  presiding judge entered Judgment on the patent claims and Ordered that the proceeding be stayed as to
4  the counterclaims. [Docket nos. 484, 485.]  After the resolution of the appeal, the parties are to contact
5  the court, at which time the Court will consider lifting the stay and setting a new trial date.  Because the
6  law[1] and issues involved in this motion may be substantially different if and when the new trial date is
7  set, and in the interests of judicial economy, It Is Hereby Ordered that the Motion to Exclude Expert
8  Testimony is DENIED WITHOUT PREJUDICE.
9  IT IS SO ORDERED.

11  DATED:  October 29, 2009

13  Hon. Nita L. Stormes
   U.S. Magistrate Judge
14  United States District Court

---

[1]An Amendment to Rule 26 of the Federal Rules of Civil is pending on the topic of whether draft expert reports are covered by the work product immunity.  *See* http://www.uscourts.gov/rules/Reports/Combined_ST_Report_Sept_2009.pdf.  The split in authority on this issue, and the pending amendment, argue strongly against exclusionary sanctions for any failure to maintain draft expert reports.